**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,** | |
| Plaintiffs, | Civil Action No. 10-cv-3770 |
| v. | Judge Milton I. Shadur |
| **CATERPILLAR INC.,** | |
| Defendant. | |
| **CATERPILLAR INC.,** | |
| Counterclaim-Plaintiff, | |
| v. | |
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,** | |
| Counterclaim-Defendants. | |

**CATERPILLAR'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS**

Plaintiffs argue that the second counterclaim advanced by Caterpillar Inc. ("Caterpillar") is redundant of Plaintiffs' own claims and, therefore must be dismissed under Rule 12(b)(6) for failure to state a claim. Because, as shown below, Caterpillar's second counterclaim properly states a cause of action under applicable law, Plaintiffs' motion to dismiss should be denied. Moreover, Plaintiffs have failed to demonstrate any valid reason why the Court should strike Caterpillar's counterclaim as redundant. Indeed, in the past, this Court has refused to strike a compulsory declaratory judgment counterclaim like Caterpillar's counterclaim here. As shown in more detail herein, Plaintiffs' motion should be denied.

I. **THERE IS NO BASIS TO DISMISS UNDER RULE 12(b)(6) BECAUSE CATERPILLAR PROPERLY STATED A CLAIM**

In order to survive a Rule 12(b)(6) motion to dismiss, the counterclaim need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Caterpillar set forth the factual allegations supporting its counterclaims, and Plaintiffs do not contend otherwise. (*See* Answer to the Complaint, Affirmative Defenses, and Counterclaims, ¶¶ 1-10 and 60-63 at pages 36-38 and 43.) Those facts must be taken as true for purposes of this motion. *See Dixon v. Page,* 291 F.3d 485, 486 (7th Cir. 2002) (holding that the Court accepts as true all well-pleaded factual allegations in the counterclaim and draws all reasonable inferences from those facts in the counter-plaintiff's favor).[1]

In conclusory fashion, Plaintiffs contend that Caterpillar is "not entitled to a separate 'declaration of the parties' rights'" under the Declaratory Judgment Act, 28 U.S.C. § 2201, but fail to identify any way in which Caterpillar's pleading is deficient under that statute or Rule 12(b)(6). Notably, the Declaratory Judgment Act authorizes claims to resolve a live case or controversy and declare the rights of adverse parties when doing so will "clarify the legal issues . . . and terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." *United States ex rel. Dereczynski v Longo*, 368 F Supp 682, 686 (N.D. Ill. 1973) (citations omitted), *aff'd* 506 F2d 1403 (7th Cir. 1974).

Caterpillar seeks a declaratory judgment in order to dispel the cloud over its rights and reputation created by Plaintiffs' allegations in this lawsuit and elsewhere that Caterpillar breached the confidentiality provision of the Supply Agreement, misappropriated trade secrets, fraudulently induced Miller to make investments, and was unjustly enriched by the foregoing. Caterpillar wishes to resolve these disputes regardless of the ultimate course of Plaintiffs' own claims, which could be dismissed or otherwise not pursued by Plaintiffs. *See Millenium Prods. v. Gravity Boarding Co.*, 127 F. Supp. 2d 974, 979 (N.D. Ill. 2000) ("[T]he very purpose of the

---

[1] Plaintiffs' supporting memorandum includes a three-page "factual background" summarizing the facts *Plaintiffs* alleged in support of their own claims, not what Caterpillar pleaded. The bulk of the facts pleaded by Caterpillar are absent from Plaintiffs' claims and from their motion.

Declaratory Judgment Act is 'to enable those threatened to remove such a cloud on their commercial activity, instead of being obliged to await the convenience of the threatening party.'").

Thus, Caterpillar's claim is both proper under the statute and necessary to protect its interests. As such, there is no basis under Rule 12(b)(6) to dismiss Caterpillar's counterclaim.

## II. STRIKING CATERPILLAR'S COUNTERCLAIM IS CONTRARY TO THE PURPOSES OF RULE 12(f) AND PRECEDENT IN THIS COURT

Plaintiffs have miscast their motion as arising under Rule 12(b)(6). Redundancy is only a basis to move to strike under Rule 12(f), not to dismiss under Rule 12(b)(6). *See Sentry Ins. v. Novelty Inc.*, 2009 U.S. Dist. LEXIS 117650, at *8 (W.D. Wisc.) ("Although plaintiff relies on *Rule 12(b)(6)* . . . arguing that defendant's counterclaims are redundant is not the same as arguing that defendant has failed to state a claim. Plaintiff's arguments seem to draw from *Rule 12(f).*").

Motions to strike are strongly disfavored because they "waste time by requiring judges to engage in busywork and judicial editing without addressing the merits of a party's claim." *Id.* at *7, citing Custom Vehicles, Inc. v. Forest River, Inc.,* 464 F.3d 725, 727 (7th Cir. 2006); *Hardin v. American Electric Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) ("Motions to strike are generally disfavored because they are seen as tools to delay litigation."). That is certainly true here.

Even if the Court should elect to treat Plaintiffs' miscast motion to dismiss as a motion to strike under Rule 12(f), the motion should be denied.

### A. Striking Caterpillar's counterclaim does not serve the purposes of Rule 12(f)

Rule 12(f) motions to strike allegedly redundant matter should not be granted unless doing so serves judicial economy. *See, e.g.*, *Custom Vehicles,* 464 F.3d at 727 (denying motion to strike that "does nothing but squander time"). Plaintiffs do not and cannot argue that their motion to strike will streamline this case. To the contrary, Plaintiffs contend that Caterpillar's declaratory judgment counterclaim implicates the very factual and legal questions that are already at issue in this case.

3

Rule 12(f) motions to strike also require a showing of prejudice to the non-moving party. *Hardin*, 188 F.R.D. at 511 ("[M]ere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant."). Plaintiffs do not and cannot argue that Caterpillar's counterclaim prejudices them. "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.,* 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998). There is nothing that is confusing or particularly complex about Caterpillar's declaratory judgment claim.

**B.   This Court has refused to strike compulsory counterclaims under Rule 12(f)**

Declaratory judgment counterclaims are common in intellectual property litigation as a means to insure full adjudication of the rights in dispute. *See, e.g.*, *Stickrath v. Globalstar, Inc.*, 2008 U.S. Dist. LEXIS 95127, 11-12 (N.D. Cal. May 13, 2008) (explaining that declaratory judgment counterclaims are common and appropriate in intellectual property cases, while striking other claims); *Russell Corp. v. Sara Lee Corp.*, 129 F. Supp. 2d 1165, 1168 (N.D. Ill. 2001) (upholding claim for declaratory judgment that company did not misappropriate trade secrets). In such situations, declaratory judgment claims have been treated as compulsory counterclaims. *Commerce Bancorp, Inc. v. BankAtlantic*, 2004 U.S. Dist. LEXIS 8141 (D.N.J. Jan. 12, 2004) (denying motion to strike declaratory judgment counterclaim due to prejudice to defendant because counterclaim was compulsory).

This Court has held that it is inappropriate to dismiss a compulsory declaratory judgment counterclaim. *Employer Ins. of Wasau v. Pacer Int'l*, 2005 U.S. Dist. LEXIS 1337, *7- 8 (N.D. Ill.) (declining to dismiss redundant declaratory judgment counterclaim because it was a compulsory counterclaim). As discussed *supra* at pp. 2-3, Caterpillar properly pleaded a declaratory judgment counterclaim for the purpose of removing the cloud on Caterpillar's rights and reputation caused primarily by Plaintiffs' lawsuit. As such, it is a compulsory counterclaim

4

under Rule 13(a). Consistent with the precedent in this Court, Caterpillar's counterclaim should proceed, both to preserve Caterpillar's right to a declaration and to ensure a complete resolution of the issues.

### C. Other authorities are against striking declaratory judgment counterclaims at this early stage

One troubling scenario that would potentially prejudice Caterpillar would be if, as the case moves forward, Plaintiffs seek to modify or withdraw their claims, the contours of which are unclear even now. Without its declaratory judgment counterclaim in place in this case, Plaintiffs might then argue that Caterpillar cannot obtain a declaration of its rights elsewhere because that claim was compulsory in this matter. As confirmed by the leading commentators on the civil procedure rules: "[T]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1406, at 36 (2d ed. 1990). Because there is no guarantee that Caterpillar's counterclaim for declaratory relief will be rendered moot by the adjudication of the main action, Plaintiffs' motion should be denied. *See also Sentry Ins. v. Novelty Inc.*, 2009 U.S. Dist. LEXIS 117650, at *8 (W.D. Wisc.) ("Defendant's counterclaim for a declaration . . . appears to be the inverse of plaintiff's claims. However, it would be premature to dismiss a viable and plausible claim at such an early stage with so few facts on the record.").

### III. THE CASES RELIED UPON BY PLAINTIFFS ARE DISTINGUISHABLE

Plaintiffs relied upon a small set of inapposite cases in their motion. None of those cases deal with the situation here – a declaratory judgment counterclaim that Plaintiffs allege is simply the negative of their own claims.

Neither of the two Seventh Circuit cases cited by Plaintiffs addresses this issue. *DeBartolo v. Healthsouth Corp.* stands for the rule that a declaratory judgment claim cannot serve as an independent basis for federal jurisdiction. 569 F.3d 736, 741 (7th Cir. 2009).

5

Caterpillar is not seeking to use its declaratory judgment counterclaim to manufacture federal jurisdiction. Plaintiffs elected to file in this Court. Also inapposite is *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, which involved an interlocutory appeal denying a request to intervene, but which did not address striking redundant counterclaims at this early stage. 776 F.2d 1375, 1379 (7th Cir. 1985).

*U.S. v. Saporito*, 684 F. Supp. 2d 1043, 1063-64 (N.D. Ill. 2010), and *Rayman v. Peoples Savings Corporation*, 735 F. Supp. 842, 852-853 (N.D. Ill. 1990), address the situation in which the counterclaim-plaintiff asserted a declaratory judgment counterclaim that was redundant of *its own affirmative defense*. In those cases, the counterclaim was superfluous because the court would be called upon to decide the issue in the context of a defense pleaded by the same party. Here, by contrast, Plaintiffs assert that Caterpillar's claim is redundant *of Plaintiffs' claims*.

Finally, *Green Bay Packaging, Inc. v. Hoganson & Associates., Inc.* – which, in 1990, this Court acknowledged as good law despite criticism of the *Green Bay* decision in other jurisdictions – did not involve either a motion to dismiss or a declaratory judgment counterclaim. Furthermore, that decision was premised on the court having determined that the breach of contract counterclaim would necessarily "be determined by the litigation of the instant complaint," because it merely asserted an opposite interpretation of a single agreement, a question of law. 362 F. Supp. 78, 80 (N.D. Ill. 1973). This is factually and legally distinguishable from the situation here, in which Caterpillar seeks an adjudication and declaration that it is innocent of any alleged malfeasance. Moreover, Plaintiffs' proposed reading of the *Green Bay* case is contrary to the recent precedential rulings in the *Sentry Insurance* and *Employer Insurance of Wasau* cases, discussed *infra* at pp. 4-5, which are more closely analogous to the instant case.

**CONCLUSION**

For the foregoing reasons, Miller's Motion to Dismiss Caterpillar's Second Counterclaim should be denied.

Date:  October 27, 2010

Respectfully submitted,

  /s/ Mark Klapow
Robert G. Abrams (admitted *pro hac vice*)
Gregory L. Baker (NDIL 288357)
Mark A. Klapow (NDIL 474646)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2402
(202) 783-0800 phone
(202) 383-6610 facsimile
AbramsR@howrey.com
BakerG@Howrey.com
KlapowM@Howrey.com

Michael Padden
HOWREY LLP
3212 North Clark Street
Suite 3400
Chicago, Il 60654-4717
(312) 595-1239 phone
(312) 595-2250 facsimile
PaddenM@howrey.com

*Attorneys for Defendant and Counterclaim-Plaintiff Caterpillar Inc.*

**CERTIFICATE OF SERVICE**

I, John Stapleton, hereby certify that on October 27, 2010 I electronically filed the foregoing CATERPILLAR'S OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS to be served upon the following, with the Clerk of the Court using the CM/ECF system will send notification of such filing to the following:

          R. Mark Halligan
          Deanna R. Swits
          Jodi Rosen Wine
          Jason S. Kray
          NIXON PEABODY LLP
          300 South Riverside Plaza,
          16th Floor
          Chicago, IL 60606


          Robert A Weikert
          NIXON PEABODY LLP
          One Embarcadero Center,
          18th Floor
          San Francisco, CA 94111


          */s/* John Stapleton
               John Stapleton