**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CATERPILLAR INC.,**<br><br>Defendant. | Civil Action No. 10-cv-3770<br><br>Honorable Milton I. Shadur |
| **CATERPILLAR INC.,**<br><br>Counterclaim – Plaintiff,<br><br>v.<br><br>**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>Counterclaim – Defendants. | |

**<u>MILLER UK LTD. AND MILLER INTERNATIONAL LTD.'S
ANSWER TO CATERPILLAR INC.'S AMENDED COUNTERCLAIM</u>**

For its Answer to Defendant/Counterclaim-Plaintiff Caterpillar Inc.'s ("Caterpillar") Counterclaim, Plaintiffs/Counterclaim-Defendants Miller UK Ltd. and Miller International Ltd. (collectively "Miller"), by and through their attorneys, state as follows:

13249599.2

1. On February 23, 1998, Miller Welding Engineers Ltd., the predecessor to Miller UK Ltd., signed an agreement with Caterpillar (the "Agreement") governing its use and handling of Caterpillar's confidential and proprietary information, establishing Caterpillar's unrestricted rights to use certain Miller improvements, modifications, and derivatives of Caterpillar confidential information, and prohibiting Miller from disclosing to Caterpillar any Miller confidential or proprietary information (unless otherwise first agreed in writing).

**ANSWER:** Miller admits that Miller Welding Engineers Ltd. was the prior name of Miller UK Ltd. Miller further admits that on or about February 23, 1998 Gary Miller signed the document referred to in this paragraph. Miller denies that this document is of any legal force or effect.

2. Therein, Miller agreed as follows:

   1. We will not disclose CATERPILLAR CONFIDENTIAL INFORMATION to any third party and will use CATERPILLAR CONFIDENTIAL INFORMATION only to conduct business with CATERPILLAR.

   2. If we improve, modify, or make derivatives of CATERPILLAR CONFIDENTIAL INFORMATION, CATERPILLAR may use such improvements, modifications, and derivatives without restriction by us.

   3. We will not disclose to CATERPILLAR any confidential or proprietary information unless our two companies otherwise first agree in writing.

**ANSWER:** Miller admits that the document described in Paragraph 1 of the Counterclaim contains the language quoted in this Paragraph 2. Miller denies that this document is of any legal force or effect.

**Paragraphs 3-9.**

The allegations in Paragraphs 3-9 were incorporated by reference only into Count II of Caterpillar's Counterclaim and/or Caterpillar's Affirmative Defenses. An Answer to these paragraphs is not required because Count II of the Counterclaim has been dismissed pursuant to Court Order of October 28, 2010 (Dkt. 34), and Fed. R. Civ. P. 7(a) does not allow an Answer to Affirmative Defenses.

10. On June 17, 2010, Miller filed suit in this Court alleging that Caterpillar (1) breached the Supply Agreement, (2) misappropriated Miller's trade secrets, (3) fraudulently induced Miller to make investments, and (4) was unjustly enriched.

**ANSWER:** Miller admits the allegations found in Paragraph 10.

## CATERPILLAR'S AFFIRMATIVE DEFENSES

No Answer to the allegations of Paragraphs 11-45 is required under Fed. R. Civ. P. 7(a).

## ANSWER TO COUNTERCLAIM

### Parties

46. Counterclaim-Plaintiff Caterpillar Inc. ("Caterpillar") is a Delaware corporation having its principal place of business at 100 N.E. Adams Street, Peoria, Illinois 61629.

**ANSWER:** On information and belief, Miller admits the allegations found in Paragraph 46.

47. Counterclaim-Defendant Miller UK Ltd. is a British corporation with a principal place of business at Bassington Lane, Bassington Industrial Estate, Cramlington, Northumberland, NE23 8AD, England, and is the successor to Miller Welding Engineers Ltd.

**ANSWER:** Miller admits the allegations found in Paragraph 47.

48. Counterclaim-Defendant Miller International Ltd. is a privately-held corporation organized and existing under the laws of Gibraltar, having its principal place of business at 57/63 Line Wall Road, PO Box 199, Gibraltar.

**ANSWER:** Miller admits the allegations found in Paragraph 48.

49. Counterclaim-Defendants Miller UK Ltd. and Miller International Ltd. are collectively referred to hereinafter as "Miller."

**ANSWER:** Miller admits that Caterpillar states that Counterclaim-Defendants Miller UK Ltd. and Miller International Ltd. are collectively referred to hereinafter as "Miller."

### Jurisdiction and Venue

50. Caterpillar's Counterclaim arises under common law.

**ANSWER:** Miller admits that Caterpillar's Counterclaim arises under common law. Miller denies that it is liable to Caterpillar under its Counterclaim.

51. This is an action seeking monetary damages in excess of $75,000.00, exclusive of interest and costs, and this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

**ANSWER:** Miller admits the allegations found in Paragraph 51.

52. Personal jurisdiction exists because Counterclaim-Defendants do business in this State and have submitted to the jurisdiction of this Court by the filing of their Complaint.

**ANSWER:** Miller admits the allegations found in Paragraph 52.

53. Venue is proper pursuant to 28 U.S.C. §§ 1391(a) and (c).

**ANSWER:** Miller admits the allegations found in Paragraph 53.

### Counterclaim I – Breach of the Agreement

54. Caterpillar incorporates by reference the allegations it made in Paragraphs 1, 2, 10 above.

**ANSWER:** Miller repeats and incorporates by reference its responses to the allegations of Paragraphs 1, 2 and 10 above as if fully set forth herein.

55. The Agreement is a valid and enforceable contract.

**ANSWER:** Miller denies the allegations found in Paragraph 55.

56. Caterpillar fully performed the Agreement.

**ANSWER:** Miller denies that this purported "Agreement" required any performance by Caterpillar, and on that basis denies the allegations of Paragraph 56.

57. By its Complaint, among other things, Miller asserts that it disclosed confidential and proprietary information to Caterpillar, but lacked written permission to do so.

**ANSWER:** Miller admits that it asserts that Miller disclosed confidential and proprietary information to Caterpillar. Miller denies that Miller lacked written permission to do so.

58. By its Complaint, among other things, Miller asserts that Caterpillar has thereby caused Miller damage in unspecified amounts.

**ANSWER:** Miller admits that it asserts in its Complaint that Caterpillar caused Miller damage. Miller denies the remaining allegations found in Paragraph 58.

- 3 -

59. If Miller's allegations are proven to be true, then Miller has breached the Agreement and its breach has injured Caterpillar in an amount to be determined at trial.

**ANSWER:** Miller admits that the allegations in its Complaint are true. Miller denies the remaining allegations found in Paragraph 59.

## MILLER'S AFFIRMATIVE DEFENSES

Miller alleges and asserts the following defenses in response to the allegations of the Counterclaim, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Miller reserves the right to assert any other affirmative defenses as this action proceeds and as it determines the particulars of Caterpillar's claims that are not apparent on the face of the Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

1. Defendant / Counter-Plaintiff's Counterclaim is barred, in whole or in part, by the governing statute of limitations. Caterpillar has been aware of, encouraged and solicited the transfer of confidential information from Miller for more than ten years and has voluntarily accepted such information from Miller pursuant to an agreement to maintain it in confidence and limit its use. To the extent Caterpillar maintains that the transmission of such information to Caterpillar breached a purported February 23, 1998 Agreement, such claim is time barred.

## SECOND AFFIRMATIVE DEFENSE

2. Defendant / Counter-Plaintiff's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands. Caterpillar has been aware of, encouraged and solicited the transfer of confidential information from Miller for many years and has voluntarily accepted such information from Miller pursuant to an agreement to maintain it in confidence and limit its use. In light of such

conduct by Caterpillar, it would be inequitable to allow Caterpillar to claim that transmission of that information breached a contractual duty owed by Miller to Caterpillar.

## THIRD AFFIRMATIVE DEFENSE

3. Defendant / Counter-Plaintiff's Counterclaim is barred, in whole or in part, by the doctrine of waiver. Caterpillar has been aware of, encouraged and solicited the transfer of confidential information from Miller for many years and has voluntarily accepted such information from Miller pursuant to an agreement to maintain it in confidence and limit its use. At no time prior to the filing of Caterpillar's Answer to the Complaint, Affirmative Defenses and Counterclaims on August 12, 2010 did any representative of Caterpillar tell Miller that this transfer of confidential information to Caterpillar constituted a breach of a purported February 23, 1998 Agreement. By such conduct by Caterpillar waived and relinquished the right to object to the transmission of confidential information from Miller to Caterpillar.

## FOURTH AFFIRMATIVE DEFENSE

4. Defendant / Counter-Plaintiff's Counterclaim is barred, in whole or in part, by the doctrine of estoppel. Caterpillar has been aware of, encouraged and solicited the transfer of confidential information from Miller for many years and has voluntarily accepted such information from Miller pursuant to an agreement to maintain it in confidence and limit its use. In reasonable reliance on such conduct by Caterpillar, Miller changed its position to its detriment by sending confidential information to Caterpillar. It would be inequitable to allow Caterpillar to claim that transmission of that information breached a contractual duty owed by Miller to Caterpillar.

**FIFTH AFFIRMATIVE DEFENSE**

5. Defendant / Counter-Plaintiff's Counterclaim is barred, in whole or in part, by the doctrine of laches. Caterpillar has been aware of, encouraged and solicited the transfer of confidential information from Miller for many years and has voluntarily accepted such information from Miller pursuant to an agreement to maintain it in confidence and limit its use. In reliance on such conduct by Caterpillar, Miller sent confidential information to Caterpillar. Caterpillar neglected to assert for an unreasonable length of time that this transfer of confidential information breached any contractual duty owed by Miller to Caterpillar. Miller was prejudiced and misled by Caterpillar's silence and thus it would be inequitable to allow Caterpillar to now claim that transmission of that information breached a contractual duty owed by Miller to Caterpillar.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendant / Counter-Plaintiff's Counterclaim is barred, in whole or in part, by lack of consideration for a purported February 23, 1998 Agreement. The purported agreement contains no promise of performance that is of benefit to Miller or detriment to Caterpillar, and thus there is no mutuality of obligation or other consideration to support a contract. Because Caterpillar was not obligated by the purported agreement to disclose confidential information to Miller, any promise made by Caterpillar was illusory and insufficient to constitute consideration.

WHEREFORE, Plaintiffs/Counterclaim-Defendants Miller UK Ltd. and Miller International Ltd., pray for:

1. Entry of judgment denying all relief requested by Caterpillar and dismissing Caterpillar's Counterclaim with prejudice;

2. Entry of judgment for costs and reasonable attorneys' fees incurred by Miller in defending this action; and

3. An award to Miller of such further and additional relief as the court deems just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs/Counterclaim-Defendants Miller UK Ltd. and Miller International Ltd. respectfully demand a trial by jury of all issues triable by a jury in Caterpillar's Counterclaim.

Dated: November 29, 2010                    Respectfully submitted,

**Miller UK Ltd. and Miller International Ltd.**

By:    /s/ R. Mark Halligan

R. Mark Halligan
Jodi Rosen Wine
Deanna R. Swits
Jason S. Kray
NIXON PEABODY LLP
300 South Riverside Plaza, 16th Floor
Chicago, IL 60606

Robert A. Weikert
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111

13249599.2

- 2 -

## CERTIFICATE OF SERVICE

The undersigned certifies that PLAINTIFFS/COUNTERCLAIM DEFENDANTS MILLER UK LTD. AND MILLER INTERNATIONAL LTD.'S ANSWER TO DEFENDANT/ COUNTERCLAIM PLAINTIFF CATERPILLAR INC.'S AMENDED COUNTERCLAIM was filed electronically in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, these documents were served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.9.

>Robert G. Abrams
>AbramsR@howrey.com
>Gregory L. Baker
>BakerG@howrey.com
>Mark A. Klapow
>KlapowM@howrey.com
>HOWREY LLP
>1299 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004-2402
>(202) 783-0800 phone
>(202) 383-6610 facsimile
>
>Michael P. Padden
>PaddenM@howrey.com
>HOWREY LLP
>321 N. Clark Street, Suite 3400
>Chicago, IL 60654
>(312) 595-1149 phone
>(312) 595-2250 facsimile
>
>*Attorneys for Defendant/Counter-Plaintiff Caterpillar Inc.*

>/s/ R. Mark Halligan
>
>*An Attorney for Plaintiffs/Counter-Defendants Miller UK Ltd. and Miller International Ltd.*

13249599.2