**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>       **Plaintiffs,**<br><br>**v.**<br><br>**CATERPILLAR INC.,**<br><br>       **Defendant.** | **Civil Action No. 10-cv-3770**<br><br>**Judge Milton I. Shadur** |
| **CATERPILLAR INC.,**<br><br>       **Counterclaim – Plaintiff,**<br><br>**v.**<br><br>**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>       **Counterclaim – Defendants.** | |

## [PROPOSED] PROTECTIVE ORDER

Plaintiffs and Counterclaim-Defendants, Miller UK Ltd. and Miller International Ltd. (collectively, "Miller"), and Defendant and Counterclaim-Plaintiff Caterpillar Inc. ("Caterpillar") expect discovery in this case to require the production of information, material, and documents containing trade secrets and other confidential research, development, and commercially sensitive information of the parties and non-parties (the "Subject Information"). But, each party wishes to ensure that such Subject Information shall not be used for any purpose other than this proceeding, and shall not be made public or otherwise disseminated beyond the extent necessary for purposes of this action. Furthermore, pursuant to the Illinois Trade Secrets Act, a "court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings…" 765 ILCS 1065/6 (2010).

13144742

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*, and the stipulation of the parties, the parties jointly request that this Agreed Protective Order be entered by the Court.

The Court, having considered the parties' stipulation and the accompanying Agreed Motion, finds that there is good cause why the request should be granted, and, therefore, orders as follows:

## **Scope & Definitions**

1.      This Protective Order shall govern the Subject Information disclosed during the course of and in connection with this action, including, without limitation:  all deposition testimony; transcripts of such testimony; documents, physical objects, recordings and other things produced; and all discovery responses, whether produced informally or in response to interrogatories, requests for admission, requests for production of documents, or any other method of discovery.  This Protective Order also shall govern the Subject Information produced in this action pursuant to mandatory disclosure provisions and supplementary disclosure requirements of any Federal Rule of Civil Procedure or Local Rule of this Court.

2.      Except by the prior written consent of Miller and Caterpillar, or order of this Court, any Subject Information produced by any party in this action shall be used solely for the purposes of this litigation and shall not be used or distributed for any other purpose.  Except by the prior written consent of a third party that has produced Subject Information in this case, or order of this Court, all Subject Information produced by said third party in this action shall be used solely for the purposes of this litigation and shall not be used or distributed for any other purpose.

3.     Notwithstanding any other provisions in the Protective Order, this Protective Order does not affect the ability of a party or third party to use its own documents for any purpose, nor does it affect the ability of a party to use information that the party has obtained from the public domain or from sources outside of this action regardless of whether such information is also contained in materials designated pursuant to this Protective Order.

4.     For purposes of this Protective Order, the term "Counsel" shall mean (1) attorneys who work at the law firms that have been identified to the Court as counsel of record for this case, (2) attorneys working in that capacity and employed directly by the parties, and (3) Miller's UK counsel, Phillip Jordan.

5.     For purposes of this Protective Order, the term "document" is intended to be comprehensive and covers all materials referred to in Rule 34 of the Federal Rules of Civil Procedure.

6.     CONFIDENTIAL means any information (including documents, responses to interrogatories, requests for admission, or requests for production, testimony, or portions of any of the foregoing) designated by a party or third party in good faith because it contains proprietary information, commercially sensitive information, or constitutes a trade secret or other confidential information as those terms are defined within Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, and consistent with the law of this Circuit, including *Citizens First Nat'l Bank v. Cincinnati Ins. Co.,*, 178 F.3d 943 (1999).

7.     HIGHLY CONFIDENTIAL means highly sensitive information (including documents, responses to interrogatories, requests for admissions, or requests for production, testimony, or portions of any of the foregoing) designated by a party or third party because it

contains strategic information for any period of time after 2010, constitutes Board of Directors minutes, or reflects product research and development efforts for products not yet launched or launched for less than one year before the date of this Order.

## Designation of CONFIDENTIAL Information

8.      Any document or thing containing CONFIDENTIAL information that a party, or third party, wishes to be made subject to this Protective Order shall be marked "CONFIDENTIAL – CASE NO.  10-CV-3770 (N.D. Ill.)" on the first page of the document and each page thereafter that actually contains the CONFIDENTIAL information. Any copy made of such document or thing, or document or thing created (e.g., any abstract, summary, memorandum or exhibit), containing information designated pursuant to this Order shall bear on its face and on those pages actually containing the CONFIDENTIAL information the legend "CONFIDENTIAL – CASE NO.  10-CV-3770 (N.D. Ill.)."  If circumstances exist that necessitate marking a document on the spot, the legend "CONFIDENTIAL" only will suffice and documents so marked will be fully subject to this Protective Order.  The parties agree that they will replace any such documents with copies bearing the full legend within 30 days.

9.      For electronically stored information ("ESI"), if it is not feasible for a party or third party to mark each file or image as specified in Paragraph 8 at the time of production, then that party or third party shall designate the CONFIDENTIAL information in a cover letter accompanying the production of such ESI. Where feasible, the designating party or third party shall mark the disk, tape, or other electronic media on which said ESI is produced with legend "CONFIDENTIAL– CASE NO.  10-CV-3770 (N.D. Ill.)." Whenever such ESI is printed out or copied, every print out or copy shall be marked with the legend "CONFIDENTIAL– CASE NO. 10-CV-3770 (N.D. Ill.)."

10. Whenever a deposition involves a disclosure of CONFIDENTIAL information, the following procedure shall be implemented:

(a) At the request of the party or third party whose CONFIDENTIAL information is disclosed or is about to be disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL information. The original and all copies of said marked portions of the transcript or proceeding and/or testimony shall be separately bound by the reporter and labeled as "CONFIDENTIAL – CASE NO. 10-CV-3770 (N.D. Ill.)." The designating party or third party shall have the right to exclude any person from any portion of a deposition likely to elicit testimony or include questions that contain CONFIDENTIAL information except those persons qualified to receive CONFIDENTIAL information.

(b) A request that testimony be designated as CONFIDENTIAL information shall be made on the record whenever possible, but any party or third party may designate portions of the transcript of depositions as containing CONFIDENTIAL information after transcription, provided that written notice of such designation is given within thirty (30) calendar days after receipt of the final transcript. The parties shall not disseminate a deposition or other transcript or the contents thereof beyond the persons designated for a period of thirty (30) calendar days after receipt in order to give adequate time for such notice.

11. If any party seeks to include CONFIDENTIAL information with or disclose the content thereof in any pleading, motion, deposition transcript or other paper filed with the Court, that party must file a motion seeking leave of court to file such documents and related materials under seal. Any subsequent under seal filing shall be made in accordance with the procedures of the U.S. District Court for the Northern District of Illinois.

13144742

12.     If, at the time of trial or other proceeding in open court, a party intends to introduce into evidence any Subject Information, counsel for that party shall give timely notice of that general intention to the Court and to opposing counsel so that the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such Subject Information during trial or other proceeding in open court

13.     CONFIDENTIAL information shall be maintained in confidence according to the terms of this Order and may be disclosed by the receiving party only as provided in this Protective Order.

14.     CONFIDENTIAL information may be disclosed to:

(a)     Counsel as defined herein;

(b)     employees of the law firms of Counsel, such as paralegals, secretaries, and support staff, as well as other contractors working under the direct supervision and control of counsel of record;

(c)     the Court, Court personnel, and Court reporters;

(d)     personnel necessary for taking down and recording deposition testimony;

(e)     testifying or non-testifying experts and their employees who are retained for the purpose of assisting in the prosecution or defense of this action (but excluding any employees of the parties), provided, however, that before CONFIDENTIAL information is disclosed to any such person, the receiving party must provide a copy of the testifying or non-testifying expert's Curriculum Vitae and executed acknowledgment in the form set forth in Exhibit A, and the disclosing party shall then have ten (10) calendar days to object in good faith to disclosure of CONFIDENTIAL information to the expert.  If an objection is not made within

13144742

that time period, the disclosing party is deemed to have approved all disclosures of CONFIDENTIAL information. If an objection is made, the parties shall attempt in good faith to resolve the objection, and if the objection cannot be resolved the objecting party must file a motion with the Court and certify to the Court that the parties attempted to resolve the objection. No CONFIDENTIAL information of the disclosing party may be provided to the expert until the objection is resolved by agreement or court order;

(f)     persons retained to provide purely administrative assistance to Counsel for any party for the purpose of prosecuting or defending this action, including ESI vendors, support services, and copying services;

(g)     party employees required in good faith to assist Counsel in the conduct of this litigation, provided, however, that before CONFIDENTIAL information is disclosed to any such person, that person shall sign an acknowledgment in writing in the form set forth in Exhibit A;

(h)     persons who prepared or assisted in the preparation of such CONFIDENTIAL information, persons to whom such CONFIDENTIAL information was addressed or circulated, or persons who had access to such materials in the ordinary course of their business; and

(i)     deposition witnesses or trial witnesses at the time that deposition or trial testimony is given, or in preparation for same, when a witness is established as knowledgeable of the CONFIDENTIAL information.

15.     Nothing shall prevent disclosure beyond the terms of this Protective Order if the party or third party designating the information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

16.     In the event that any person in receipt of CONFIDENTIAL information shall receive a written request, subpoena, or Court Order seeking disclosure of such CONFIDENTIAL information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party or third party of same and shall provide counsel for the designating party or third party with a copy of the same.

17.     The designation "CONFIDENTIAL – CASE NO. 10-CV-3770 (N.D. ILL.)" has no evidentiary value and will not be presented to a jury.  Unless otherwise ordered by the Court, the parties shall provide each other and any third party that has produced CONFIDENTIAL information in this matter with notice of any documents and things designated as "CONFIDENTIAL – CASE NO. 10-CV-3770 (N.D. ILL.)" that it intends to use at trial at such time as the list of exhibits is to be exchanged among the parties, but in no event later than thirty (30) days in advance of trial, so that the producing party may apply to the Court to take such steps as the Court shall deem reasonably necessary to preserve the confidentiality of such Protected Material during trial or other proceeding in open court.

## Designation of HIGHLY CONFIDENTIAL Information

18.     Any document or thing containing HIGHLY CONFIDENTIAL information which a party or third party, wishes to be made subject to this Protective Order shall be marked "HIGHLY CONFIDENTIAL – CASE NO.  10-CV-3770 (N.D. Ill.)" on the first page of the document and each page thereafter that actually contains the HIGHLY CONFIDENTIAL

information. Any copy made of such document or thing, or document or thing created (e.g., any abstract, summary, memorandum or exhibit), containing information designated pursuant to this Order shall bear on its face and on those pages actually containing the HIGHLY CONFIDENTIAL information the legend "HIGHLY CONFIDENTIAL – CASE NO. 10-CV-3770 (N.D. Ill.)." If circumstances exist that necessitate marking a document on the spot, the legend "HIGHLY CONFIDENTIAL" only will suffice and documents so marked will be fully subject to this Protective Order. The parties agree that they will replace any such documents with copies bearing the full legend within 30 days.

19.     For ESI, if it is not feasible for a party or third party to mark each file or image as specified in Paragraph 18 at the time of production, then that party or third party shall designate the HIGHLY CONFIDENTIAL information in a cover letter accompanying the production of such ESI. Where feasible, the designating party or third party shall mark the disk, tape, or other electronic media on which said ESI is produced with legend "HIGHLY CONFIDENTIAL – CASE NO. 10-CV-3770 (N.D. Ill.)." Whenever such ESI is printed out or copied, every print out or copy shall be marked with the legend "HIGHLY CONFIDENTIAL– CASE NO. 10-CV-3770 (N.D. Ill.)."

20.     Whenever a deposition involves a disclosure of HIGHLY CONFIDENTIAL information, the following procedure shall be implemented:

(a)     At the request of the party or third party whose HIGHLY CONFIDENTIAL information is disclosed or is about to be disclosed, the reporter shall mark those pages of the transcript containing HIGHLY CONFIDENTIAL information. The original and all copies of said marked portions of the transcript or proceeding and/or testimony shall be separately bound by the reporter and labeled as "HIGHLY CONFIDENTIAL – CASE NO. 10-

CV-3770 (N.D. Ill.)." The designating party or third party shall have the right to exclude any person from any portion of a deposition or hearing likely to elicit testimony or include questions that contain HIGHLY CONFIDENTIAL information except those persons qualified to receive HIGHLY CONFIDENTIAL information.

(b)     A request that testimony be designated as HIGHLY CONFIDENTIAL information shall be made on the record whenever possible, but any party or third party may designate portions of the transcript of depositions as containing HIGHLY CONFIDENTIAL information after transcription, provided that written notice of such designation is given within thirty (30) calendar days after receipt of the final transcript. The parties shall not disseminate a deposition or other transcript or the contents thereof beyond the persons designated for a period of thirty (30) calendar days after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the Court and used in connection with these proceedings at any time.

21.     If any party seeks to include HIGHLY CONFIDENTIAL information with or disclose the content thereof in any pleading, motion, deposition transcript or other paper filed with the Court, that party must file a motion seeking leave of court to file such documents and related materials under seal.  Any subsequent under seal filing shall be made in accordance with the procedures of the U.S. District Court for the Northern District of Illinois.

22.     If, at the time of trial or other proceeding in open court, a party intends to introduce into evidence any Subject Information, counsel for that party shall give timely notice of that general intention to the Court and to opposing counsel so that the Court may take such

13144742

steps as it shall deem reasonably necessary to preserve the confidentiality of such Subject Information during trial or other proceeding in open court

23.     HIGHLY CONFIDENTIAL information shall be maintained in confidence according to the terms of this Order and may be disclosed by the receiving party only as provided in this Protective Order.

24.     HIGHLY CONFIDENTIAL information may be disclosed to:

(a)     Counsel as defined herein,

(b)     employees of the law firms of Counsel, such as paralegals, secretaries, and support staff, as well as contractors working under the direct supervision and control of counsel of record,

(c)     the Court, Court personnel, and Court reporters;

(d)     personnel necessary for taking down and recording deposition testimony,

(e)     testifying or non-testifying experts and their employees who are retained for the purpose of assisting in the prosecution or defense of this action (but excluding any employees of the parties), provided, however, that before HIGHLY CONFIDENTIAL information is disclosed to any such person, the receiving party must provide a copy of the testifying or non-testifying expert's Curriculum Vitae and executed acknowledgment in the form set forth in Exhibit A, and the disclosing party shall then have ten (10) calendar days to object in good faith to disclosure of HIGHLY CONFIDENTIAL information to the expert.  If an objection is not made within that time period, the disclosing party is deemed to have approved all disclosures of HIGHLY CONFIDENTIAL information.    If an objection is made, the parties shall attempt in good faith to resolve the objection, and if the objection cannot be resolved the

objecting party must file a motion with the Court and certify to the Court that the parties attempted to resolve the objection. No HIGHLY CONFIDENTIAL information of the disclosing party may be provided to the expert until the objection is resolved by agreement or court order;

(f)      persons retained to provide purely administrative assistance to Counsel for any party for the purpose of prosecuting or defending this action, including ESI vendors, support services, and copying services;

(g)      three (3) designated party employees per side who are required in good faith to assist counsel in the conduct of this litigation, provided, however, that before HIGHLY CONFIDENTIAL information is disclosed to any such person, that person shall sign an acknowledgment in writing in the form set forth in Exhibit A (one or both designated employees can be replaced in the event that he/she leaves the company, or is assigned different responsibilities and is no longer assisting Counsel);

(h)      persons who prepared or assisted in the preparation of such HIGHLY CONFIDENTIAL information, persons to whom such HIGHLY CONFIDENTIAL information was addressed or circulated, or persons who had access to such materials in the ordinary course of their business; and

(i)      deposition witnesses or trial witnesses at the time that deposition or trial testimony is given or in preparation for same, when a witness is established as knowledgeable of the  HIGHLY CONFIDENTIAL information.

13144742

25.     Nothing shall prevent disclosure beyond the terms of this Protective Order if the party or third party designating the information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

26.     In the event that any person in receipt of HIGHLY CONFIDENTIAL information shall receive a written request, subpoena, or Court Order seeking disclosure of such HIGHLY CONFIDENTIAL information, such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party or third party of same and shall provide counsel for the designating party or third party with a copy of the same.

27.     The designation "HIGHLY CONFIDENTIAL – CASE NO. 10-CV-3770 (N.D. ILL.)" has no evidentiary value and will not be presented to a jury.  Unless otherwise ordered by the Court, the parties shall provide each other and any third party that has produced HIGHLY CONFIDENTIAL information in this matter with notice of any documents and things designated as "HIGHLY CONFIDENTIAL – CASE NO. 10-CV-3770 (N.D. ILL.)" that it intends to use at trial at such time as the list of exhibits is to be exchanged among the parties, but in no event later than thirty (30) days in advance of trial, so that the producing party may apply to the Court to take such steps as the Court shall deem reasonably necessary to preserve the confidentiality of such Protected Material during trial or other proceeding in open court.

**Inadvertent Production**

28.     In the event that a party inadvertently discloses information subject to a claim of attorney-client privilege, work product protection, or any other privilege, within ten (10) business days after the producing party actually discovers that such production was made, the producing party may make a written request that the other parties return said inadvertently

13144742

disclosed material along with any copies made thereof. The parties who received said inadvertently produced material will return same (and any copies) to the disclosing party immediately upon receipt of the written request, and provide a written certification of Counsel that all such information has been returned. By returning said inadvertently disclosed material, the receiving party is not conceding that the material is privileged or protected and is not waiving its right to later challenge the claim of privilege or protection, provided that it may not challenge the privilege claim by arguing that the inadvertent production waived the privilege or protection. The disclosing party retains the burden of establishing privileged or protected nature of any inadvertently produced information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the inadvertently disclosed information. Pursuant to Federal Rule of Evidence 502, the inadvertent disclosure of material in connection with this litigation shall not effect a waiver of the attorney-client privilege, work product protection, or any other privilege in this litigation, or in other legal proceedings.

### Redesignations, Counter-Designations & Objections to Designations

29.     Any party may challenge any designation of confidentiality, including seeking a counter-designation of the Subject Information, by giving written notice to the designating party or third party. The notice shall specify with particularity, and by Bates number if possible, the document or other matter that is the subject of the challenge and shall include a statement of the basis (legal and factual) for the challenge. Within ten (10) business days of receipt of such notice, counsel for the party or third party that produced the materials must determine whether to withdraw the designation and/or redesignate the materials. If the designation is changed, counsel for the designating party or third party shall give written notice of the change and shall substitute

redesignated copies of the items. If, after good faith efforts to resolve the dispute the parties are unable to reach agreement, the party making the challenge may file a motion with the Court with respect thereto. Until this Court enters an order changing the designation, the materials shall be treated in accordance with their initial designation, unless the challenge is that the Subject Information should be counter-designated HIGHLY CONFIDENTIAL. In that event, the parties shall abide by the counter-designation until the Court resolves the issue.

30.     No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL information or HIGHLY CONFIDENTIAL information and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL information or HIGHLY CONFIDENTIAL information shall rest on the designating party or third party.

**Post-Suit Obligations**

31.     After the case is closed in the District Court, the parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within sixty-three (63) calendar days after the case is closed. Any documents that are not so withdrawn will become part of the public case file.

32.     Within ninety (90) calendar days after completion of the litigation, including without limitation, any appeal or retrial, each party shall return or destroy (at the election of the designating party) all documents designated by the other parties as CONFIDENTIAL information or HIGHLY CONFIDENTIAL information and all copies thereof and shall destroy all documents and things containing information based on CONFIDENTIAL information or

HIGHLY CONFIDENTIAL information, except that Counsel for each party may retain for its own files (and not for further dissemination) copies of documents and things filed with the Court.

33.     After the conclusion of this action, including without limitation, any appeal or retrial, this Order shall continue to be binding upon the parties hereto, and all persons to who designated materials have been disclosed or communicated.  The parties hereto agree to submit without objection to the jurisdiction of the U.S. District Court for the Northern District of Illinois with respect to any dispute (including disputes that occur after the close of this case) regarding this Protective Order, including the use of information marked pursuant to this Protective Order.

## Miscellaneous Provisions

34.     Signed copies of each executed Exhibit A shall be retained by Counsel and produced upon a showing of good cause.

35.     Each of the firms and parties named above, by executing a copy of this Protective Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

36.     The designation of Subject Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL by the disclosing party shall not be deemed an admission by the Receiving Party that such Subject Information has that designation.

37.     Designations of CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made in good faith by the disclosing party and the receiving party may request relief from the Court if there is a dispute concerning this Order, but only after first seeking in good faith to resolve any dispute relating to the designation.

13144742

38.    The Subject Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be used or communicated by any person receiving it, or to whom it is disclosed in any manner, for any purpose whatsoever, other than as expressly set forth herein and as necessary for preparation for trial or settlement of this litigation.

39.    There shall be no reproduction of Subject Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL except as required for preparation for trial or settlement of this case.  Any summaries, notes or extractions of CONFIDENTIAL or HIGHLY CONFIDENTIAL Subject Information shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall be shown or provided to those persons only under the conditions set forth in this Order.

40.    Subject Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be referred to by the parties in notices, motions, briefs, or any other pleadings or papers, and may be referred to in depositions, but only to the extent no Subject Information contained within the four corners of the so designated document or any Subject Information or substance thereof is disclosed.   Subject Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be marked as exhibits in this action, but only to the extent such exhibits are disclosed consistent with Paragraphs 12 and 21 herein.

41.    No document containing Subject Information under this Protective Order may be filed under seal with the Court in reference to a dispositive motion or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave to file or submit into evidence such documents under seal.  Any party who is granted leave to file a

document under seal must file a redacted copy of the document for the public file. A copy of the redacted version must be submitted along with the motion for leave to file.

42. The Parties agree to treat documents containing the following categories of information as Confidential, whether or not the document was marked as confidential by the producing party:

(a) Social Security Number, National Insurance Number (UK), drivers license number, bank account numbers, and any similar personal identification number. Either side may inform the other in the future that a given category of identification number should be considered personal data under this paragraph.

(b) Home phone, home address, names of spouses or children.

(c) Personnel file information including job performance evaluations and compensation

(d) Race or ethnic origin, political opinions, religious affiliation, philosophical beliefs, trade union membership, medical and health information and information related to sex life.

43. In the event a document containing information referred to in paragraphs "a-d" above is produced in the litigation, and a party believes the document containing such information is relevant and wishes to use it in the litigation, the personal data shall be redacted before use. In the event the personal data itself is considered relevant by a party, and the party wishes to use the document, the party shall file any paper containing such information under seal and shall, upon request of the opposing party, seal the portion of any deposition transcript in which such document is used or referred to, in accordance with the procedures described in Paragraph 42 *supra*.

44. To the extent any party determines in the future that an additional category of information constitutes personal data and should be treated in the manner stated above, it may provide notice in writing to the other parties, and such parties will be deemed to have agreed to

the addition of that category of information unless they object in writing within thirty days. If a party objects to the new category of information, the party seeking to add the additional category may make a motion to amend this agreement based on a showing of good cause to treat such category of information as confidential personal data under the laws of the jurisdiction from which the data was originally obtained.

45.     Nothing in this Protective Order shall:

(a)     be deemed to preclude any party or third party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder;

(b)     be taken to imply that CONFIDENTIAL information or HIGHLY CONFIDENTIAL information may not continue to be protected during the trial or appeal of this case;

(c)     affect the rights of parties or third parties to object to discovery;

(d)     relieve a party or third party of its obligation to properly respond or object to discovery requests;

(e)     affect the ability of the parties to alter the time periods set forth in the Order by written agreement; and

(f)     be construed as an admission or decision that any information, or anything related thereto, is or would be admissible into evidence.

**It is SO ORDERED this _____ day of _____, 2010.**

13144742

_____

Judge Milton I. Shadur
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**MILLER UK LTD. AND MILLER
INTERNATIONAL LTD.,**

**Plaintiffs,**

**- v -**

**CATERPILLAR INC.,**

**Defendant.**

**CATERPILLAR INC.,**

**Counterclaim-Plaintiff,**

**- v -**

**MILLER UK LTD. AND MILLER
INTERNATIONAL LTD.,**

**Counterclaim-Defendants.**

**Civil Action No. 10-cv-3770**

**Judge Milton I. Shadur**

Under penalty of perjury, I, _____, declare that:

    1.    My address is _____.

    2.    My present employer and the address of my present employer is set forth below.

_____

13144742

3.      My present occupation or job description is:

_____

4.      I have attached hereto my curriculum vitae and/or resume and it contains a full and accurate description of my educational background and my employment history for the past five years.

5.      I have been requested to assist _____ in the preparation and conduct of this action and have received a copy of the Protective Order.

6.      I have carefully read and understand the provisions of the Protective Order.

7.      I will comply with all of the provisions of the Protective Order.

8.      I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will not copy or use any CONFIDENTIAL or HIGHLY CONFIDENTIAL Discovery Material which is disclosed to me except as may be necessary to assist counsel or to testify as an expert witness in this action.

9.      I will return all CONFIDENTIAL or HIGHLY CONFIDENTIAL information which comes into my possession at the conclusion of the litigation and/or I will provide a sworn certificate of destruction of such information.

10.     1 hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Protective Order.

11.     I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____

By:_____


13144742