**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLER UK LTD. AND MILLER INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CATERPILLAR INC., <br><br> Defendant. | Civil Action No. 10-cv-3770 <br><br> Judge Milton I. Shadur |
| CATERPILLAR INC., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> MILLER UK LTD. AND MILLER INTERNATIONAL LTD., <br><br> Counterclaim-Defendants. | |

DECLARATION OF JAMES TEVEBAUGH

1. My name is James Tevebaugh. I am employed at Caterpillar Inc. ("Caterpillar") as the General Manager of Caterpillar Work Tools. I have responsibility for Caterpillar's Global Work Tools and Services business unit, which encompasses several types of work tools including certain couplers and buckets. I have held that position since November 2008. I have been employed by Caterpillar since 1973.

2. I understand that Plaintiffs have served requests for production of documents and interrogatories on Caterpillar. I am informed that Plaintiffs' First Request for Production of Documents includes requests that encompass design and engineering details about Caterpillar's current and future couplers and buckets and Caterpillar's manufacturing processes with respect

to its couplers and buckets. Plaintiffs also seek Caterpillar's communications with customers, sales, marketing and investment strategies, strategic and business plans, internal financial data, non-public meeting minutes (including Board of Directors meeting minutes), and product development and testing information. I am informed that Plaintiffs' Second Request for Production of Documents includes requests for Caterpillar's non-public sales and revenue information, as well as non-public price and cost information. I am informed that Plaintiffs' First Set of Interrogatories includes requests for information on new Caterpillar coupler and bucket products, the design, conception and development of new products, the identities of Caterpillar's customers, and recent financial data.

3. Caterpillar documents and information of the types described above typically are treated as confidential by Caterpillar. As a matter of business practice, Caterpillar protects the confidentiality of this information.

4. Caterpillar treats this information as confidential for several reasons. Caterpillar has trade secrets related to its manufacturing processes, its couplers and buckets, pricing and cost structure, and its marketing and investment strategies, among other things. Caterpillar's manufacturing processes were developed through years of experimentation and significant investments. Caterpillar has developed its couplers and buckets through expensive, confidential research. Caterpillar's ability to effectively negotiate with suppliers, buyers, distributors and others depends in part on maintaining the secrecy of its pricing and cost structure. The effectiveness of Caterpillar's marketing and investment strategies depend in part on secrecy.

5. Members of the public, including Caterpillar's competitors and potential competitors, would not be able to duplicate the information described above, if at all, without significant investments over an extended period of time. Caterpillar spent $1.4 billion on research and development in 2009. Caterpillar's intangible assets were valued at $465 million in 2009, with goodwill valued at $2.2 billion. Although Caterpillar has not quantified the exact value of the trade secret and other proprietary Caterpillar information which may be produced in this suit, this information is an important component of Caterpillar's business.

6. If Caterpillar's trade secret and confidential information were released to the public, or turned over to Plaintiffs without restrictions on its use, this information would lose a significant portion of its value and would cause financial harm to Caterpillar. Current or potential competitors could use this information to duplicate Caterpillar's products, processes, and plans in order to compete more effectively against Caterpillar. In addition, Caterpillar's partners, suppliers, customers, and other companies could use this information to improve their positions in negotiations with Caterpillar.

7. Certain types of information implicated by Plaintiffs' document requests, would, if shown to Plaintiffs' business personnel, unavoidably give Plaintiffs a competitive advantage over Caterpillar. This information includes future (post-2010) strategic information, product research and development information for products not yet launched or launched for less than one year, and Caterpillar's Board of Directors minutes.

8. Plaintiffs and Caterpillar both produce couplers and buckets. Caterpillar's post-2010 strategic plans and Board of Directors meeting minutes will necessarily include information on how Caterpillar can most effectively compete with Plaintiffs or similar companies, any real or perceived potential weaknesses in Caterpillar's strategies or business model, and other commercially sensitive information. A competitor, such as Plaintiffs, could use this information to divert business away from Caterpillar, harm Caterpillar financially, and damage Caterpillar's goodwill.

9. Research and development information on Caterpillar's very recent or forthcoming products could be used by Plaintiffs to develop competing products, or to develop strategies to most effectively compete with Caterpillar's products. This would seriously harm Caterpillar.

10. In the normal course of business, Caterpillar would not allow decision-makers for a competitor or potential competitor to view the types of documents described in Paragraphs 7-9. It is not realistic to think that Plaintiffs' decision-makers could ignore such information in making competitive decisions.

11. It is my understanding and experience that Keith and Gary Miller are personally involved in developing new products for Plaintiffs. I also understand that Gary and Keith are the primary decision-makers on all aspects of Plaintiffs' business, including Plaintiffs' competitive strategy.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 24th day of January 2011.

                                                              */s/ James Tevebaugh*
                                                              JAMES TEVEBAUGH