## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,** | |
| **Plaintiffs,** | **Civil Action No. 10-cv-3770** |
| **v.** | **Judge Milton I. Shadur** |
| **CATERPILLAR INC.,** | |
| **Defendant.** | |
| **CATERPILLAR INC.,** | |
| **Counterclaim-Plaintiff,** | |
| **v.** | |
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,** | |
| **Counterclaim-Defendants.** | |

### MEMORANDUM IN SUPPORT OF
### MOTION OF CATERPILLAR INC. TO DISMISS
### <u>PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT</u>

Plaintiffs Miller UK Ltd. ("Miller UK") and Miller International Ltd. ("Miller International") filed an Amended and Supplemental Complaint ("A&S Compl."), with the bulk of the new allegations focusing on events allegedly occurring after the filing of the original complaint in this action. (*See* Docket No. 56, at pages 3-4, 25-42.) Therein, Plaintiffs assert that Defendant Caterpillar Inc. ("Caterpillar") prepared and distributed to Caterpillar dealers a "Competitive Bulletin" that made false and misleading statements regarding a coupler product sold in North America by MillerBaird ("MillerBaird"), which is a limited liability company

organized under the laws of Ohio. The claim purportedly arises under Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

Caterpillar moves to dismiss Count V of the Amended and Supplemental Complaint for lack of standing. MillerBaird is not a party to this litigation. Under Seventh Circuit law, neither Miller UK nor Miller International have standing to assert a false advertising claim regarding a coupler product sold by MillerBaird. *See, e.g., L.S. Heath & Son v. AT&T Info. Sys.*, 9 F.3d 561, 575 (7th Cir. 1993). Moreover, Plaintiffs lack standing under Article III of the United States Constitution because the alleged false advertising concerns MillerBaird, a third party, not Plaintiffs. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

## FACTUAL BACKGROUND

The Competitive Bulletin, which bears the date August 2010 and is attached as Exhibit C to the Amended and Supplemental Complaint, concerns three coupler products: the "MillerBaird Pin Grabber Advanced"; the "Geith Claw"; and the "Cat® Center-Lock™ Pin Grabber Coupler." The Competitive Bulletin was allegedly disseminated to dealers of Caterpillar products. (A&S Compl. ¶ 3, at page 25.) The Competitive Bulletin states on its cover that it is for "Dealer Sales Personnel" (*id.*) and states as follows on the final page: "The information contained herein is intended for circulation only to Caterpillar and dealer employees whose duties require knowledge of such reports and is intended exclusively for their information and training."

Plaintiffs repeatedly allege that the "MillerBaird Pin Grabber Advanced" was marketed and sold by an entity named MillerBaird. (A&S Compl. ¶¶ 12, 16, 24, 28, at pages 28-29, 34, and 35-36.) According to Plaintiffs, MillerBaird was "a joint venture effort of which Miller International was a part, but which has now ceased operations . . . ." (A&S Compl. ¶ 12, at pages 28-29.) The Court may take judicial notice that MillerBaird is a limited liability company

organized in Ohio. (*See* Exhibit 1 hereto.) There is no allegation that MillerBaird sold (or tried to sell) the "MillerBaird Pin Grabber Advanced" coupler to Caterpillar dealers.

Plaintiffs further allege that Miller UK manufactured the coupler that was sold by MillerBaird as the "MillerBaird Pin Grabber Advanced." (A&S Compl. ¶¶ 10-12, 16, 34, at pages 28-30, 38-39.) Plaintiffs also suggest that Miller International served as an intermediary between Miller UK and MillerBaird. (A&S Compl. ¶¶ 10, 34, at pages 28, 38-39.)

## ARGUMENT

Given the facts alleged, Plaintiffs have no standing to raise a false advertising claim under the Lanham Act. In this Circuit, a plaintiff lacks standing to assert a Lanham Act false advertising claim unless it asserts a "discernable *competitive* injury." *L.S. Heath & Son*, 9 F.3d at 575 (emphasis added). Here, there are two distinct ways in which Plaintiffs have failed to allege any discernable competitive injury.

*First*, the alleged false advertising concerned the "MillerBaird Pin Grabber Advanced" coupler. Plaintiffs allege that the "MillerBaird Pin Grabber Advanced" coupler was sold by MillerBaird. (Compl. ¶¶ 12, 16, 24, 28.) MillerBaird is an Ohio joint venture. (Compl. ¶ 12; Exhibit 1.) It is, therefore, a separate juridical entity selling products under its own brand name. If any Lanham Act claim for false advertising can be raised with respect to the "MillerBaird Pin Grabber Advanced" coupler, then it only can be raised by MillerBaird, the entity that might actually suffer a "discernable competitive injury." *See Johnny Blastoff, Inc. v. Los Angeles Rams Football Co*., 188 F.3d 427, 438 (7th Cir. 1999) (plaintiff, who had no "reasonable interest in a right to be protected by bringing suit," could not assert a "discernable competitive injury"); *Gimix, Inc. v. JS&A Group, Inc*., 699 F.2d 901, 908 (7th Cir. 1983) ("a plaintiff must at least show that the allegedly false or deceptive statements are of a type that are likely to have a direct

3

impact upon sales of its own product"); *cf. Morton Grove Pharm., Inc. v. Nat'l Pediculosis Assoc., Inc*., 494 F.Supp.2d 934, 938-39 (N.D. Ill. 2007) (Bucklo, J.) (Lanham Act false advertising complaint held to be sufficient where the plaintiff's Lindane products allegedly competed with defendant's LiceMeister product and defendant's statements allegedly caused a 23% decline in sales of plaintiff's products).

Plaintiffs' allegation of false advertising is about a product sold by an Ohio entity (MillerBaird) under the brand name of that entity ("MillerBaird Pin Grabber Advanced"). If an original manufacturer of a product (Miller UK) or an intermediary (Miller International), has standing to bring a Lanham Act claim based on sales by others (MillerBaird) under their own brand names ("MillerBaird Pin Grabber Advanced"), then the scope of the Lanham Act is far broader than the Lanham Act language, as interpreted by the Seventh Circuit, would suggest. Under Plaintiffs' approach, the alleged false advertisement here would create liability to every entity above MillerBaird in the chain of distribution (*e.g.*, Miller UK and Miller International)— a result that is plainly contrary to any reasonable construction of Section 43(a) of the Lanham Act. Or looking at the situation from a different perspective, contract manufacturers could freely bring claims against any persons who directed allegedly false advertisements at products sold by the manufacturers' downstream customers, even when those downstream customers sold such products under their own brand name. The remoteness of the asserted injury, the risk of duplicative damages, and the complexity of apportioning damages are key factors that militate against allowing Miller UK and/or Miller International to advance their false advertising claim.

*Second*, even assuming that Miller UK and/or Miller International could, in essence, piggy-back on MillerBaird to raise a claim for false advertising concerning the "MillerBaird Pin Grabber Advanced" coupler, there is no allegation that the "MillerBaird Pin Grabber Advanced"

coupler ever competed for sales to Caterpillar dealers—the alleged recipients of the Competitive

Bulletin (*i.e.*, the alleged false advertising). (A&S Compl. ¶ 3, at page 25). This is fatal to

Plaintiffs' Lanham Act claim. In *Goodloe v. National Wholesale Co.*, Judge Filip, relying upon

*L.S. Heath & Son*, ruled that plaintiff Goodloe, who sold computers, publications, and

merchandise to consumers, did not have standing to bring a Lanham Act false advertising claim

against either (1) a developer of internet businesses or (2) a computer and electronics wholesaler

that sold goods to dealerships because there was no discernable *competitive* injury. No. 03 C

7176, 2004 U.S. Dist. LEXIS 13630, at *34-35 (N.D. Ill. Jul. 16, 2004). Numerous other

decisions in this judicial district reflect a similar approach. *See Emerging Material Techs., Inc.*

*v. Rubicon Tech., Inc.*, No. 09 C 3903, 2009 U.S. Dist. LEXIS 117241, at *8-9 (N.D. Ill. Dec. 14,

2009) (Kennelly, J.) (asserting a "discernable competitive injury" requires the plaintiff and

defendant to "be direct competitors," in other words, the plaintiff must show that it "competes at

the same level of business as the defendant") (internal quotations omitted); *Medallion Prods.,*

*Inc. v. McAlister*, No. 06 C 2597, 2008 U.S. Dist. LEXIS 95554, at *15-17 (N.D. Ill. Nov. 20,

2008) (Darrah, J.) ("courts require the plaintiff to show that it competes at the same level of

business as the defendant"; companies engaged in the design, manufacture, and marketing of a

pet stain removal product to distributors lacked standing to sue companies engaged in the

marketing and selling of pet stain removal products to consumers, suppliers, and retailers); *Gail*

*Green Licensing & Design, Ltd. v. Accord, Inc.*, No. 05 C 5303, 2006 U.S. Dist. LEXIS 72713,

at *13-16 (N.D. Ill. Oct. 5, 2006) (St. Eve, J.) (companies engaged in developing, acquiring, and

licensing commercial products lacked standing to sue retailers and manufacturers of pet

accessories and clothing).

In addition to the foregoing difficulties, Plaintiffs face a standing problem of Constitutional dimension. As stated in *Lujan*, the constitutional standing requirement, which arises out of the Article III case or controversy limitation, consists of three elements:

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

504 U.S. at 560-61 (internal citations omitted). There is no injury in fact to Plaintiffs because the alleged false advertising concerned the "MillerBaird Pin Grabber Advanced" coupler. Thus, there has been no concrete, particularized, and actual invasion of a legally protected interest of Miller UK or Miller International. Nor is there a causal connection between the conduct complained of—an allegedly false advertisement about the "MillerBaird Pin Grabber Advanced" coupler—and any injury to Plaintiffs. Nor is there any reason to suppose that a favorable decision, which would presumably prohibit further dissemination of the Competitive Bulletin, would redress the injury because, as Plaintiffs allege, MillerBaird "has now ceased operations." (A&S Compl. ¶ 12, at pages 28-29.)

## CONCLUSION

For all of the foregoing reasons, Count V of the Amended and Supplemental Complaint of Miller UK and Miller International should be dismissed.

6

Date:  April 13, 2011                                    Respectfully submitted,

                                                         */s/* Gregory L. Baker
                                                         Robert G. Abrams (admitted *pro hac vice*)
                                                         Gregory L. Baker (NDIL 288357)
                                                         BAKER & HOSTETLER LLP
                                                         1050 Connecticut Ave., N.W., Suite 1100
                                                         Washington, D.C. 20036-5304
                                                         (202) 861-1500 phone
                                                         (202) 861-1783 facsimile
                                                         rabrams@bakerlaw.com
                                                         gbaker@bakerlaw.com


                                                         John M. Touhy
                                                         Edward H. Williams
                                                         BAKER & HOSTETLER LLP
                                                         191 North Wacker Drive, Suite 3100
                                                         Chicago, Il 60606-1901
                                                         (312) 416-6200 phone
                                                         (312) 416-6201 facsimile
                                                         jtouhy@ bakerlaw.com
                                                         ehwilliams@bakerlaw.com

                                                         *Attorneys for Defendant and Counterclaim-
                                                         Plaintiff Caterpillar Inc*.

7

## CERTIFICATE OF SERVICE

I, John Stapleton, hereby certify that on April 13, 2011, the foregoing **MEMORANDUM IN SUPPORT OF MOTION OF CATERPILLAR INC. TO DISMISS PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT** was filed with the Clerk of the Court and served by operation of the electronic filing system of the United States District Court for the Northern District of Illinois upon the following counsel who have consented to receive notice of filings in the above-captioned matter pursuant to Fed. R. Civ. P. 5(b)(2)(D), the General Order on Electronic Case Filing, and Local Rule 5.9.

R. Mark Halligan
Jason S. Kray
Justin Douglas Swindells
Deanna R. Swits
Jodi Rosen Wine
NIXON PEABODY LLP
300 South Riverside Plaza, 16th Floor
Chicago, IL  60606
rhalligan@nixonpeabody.com
jkray@nixonpeabody.com
dswits@nixonpeabody.com
jwine@nixonpeabody.com

Robert A. Weikert
NIXON PEABODY LLP.
One Embarcadero Center, 18th Floor
San Francisco, CA  94111
rweikert@nixonpeabody.com


*/s/* John Stapleton
John Stapleton