**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>　　　　　**Plaintiffs**<br><br>　**v.**<br><br>**CATERPILLAR INC.,**<br><br>　　　　　**Defendant.** | **Civil Action No.  10-cv-3770**<br><br>**Honorable Milton I. Shadur**<br>**Honorable Magistrate Judge Jeffrey Cole** |
| **CATERPILLAR INC.,**<br><br>　　　　　**Counterclaim–Plaintiff,**<br><br>　**v.**<br><br>**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>　　　　　**Counterclaim–Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION OF CATERPILLAR INC.
TO COMPEL THE PRODUCTION OF ELECTRONICALLY STORED DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 37, Defendant Caterpillar Inc. ("Caterpillar") moves to compel Plaintiffs Miller UK Ltd. and Miller International Ltd. (collectively, "Plaintiffs") to expand the search terms they have used to unduly limit their production of Plaintiffs' electronically stored information ("ESI").  The search terms Plaintiffs have chosen are inadequate to retrieve the documents requested by Caterpillar.

## INTRODUCTION

In January 2011, Caterpillar's counsel wrote to Plaintiffs' counsel on two occasions to try to engage in a cooperative process of formulating search terms, as is strongly suggested by the Sedona Conference.[1] (Exhibits 1 & 2, 1/21/2011 & 1/26/2011 Klapow emails to Weikert.) Ignoring Caterpillar's communications, Plaintiffs gathered ESI using search terms they selected unilaterally – providing Caterpillar with notice of their approach only after it was completed. (Exhibit 3, 3/4/2011 Klapow letter to Wine.) For some time thereafter, Plaintiffs rejected Caterpillar's request that they disclose the search terms used in their unilateral exercise (Exhibit 4, 3/18/2011 Wine letter to Baker), but they eventually relented. (Exhibit 5, 4/8/2011 Wine email to Baker.) Given that Plaintiffs' approach did not meet the Sedona Conference requirements of cooperation and transparency, and given that the search terms selected by Plaintiffs were grossly inadequate, Caterpillar proposed a supplemental list of search terms to Plaintiffs on April 15. (Exhibit 6, 4/15/2011 Baker letter to Wine.) It took Plaintiffs a month to respond, but on May 15, Plaintiffs objected to 58 of Caterpillar's 67 proposed search terms. (Exhibit 7, 5/15/2011 Wine email and attachment to Baker.)[2]

Since May 15, the parties have discussed Plaintiffs' objections in writing on numerous occasions. (*See* Exhibits 8-15, 5/20/2011, 5/24/2011, 6/20/2011, 7/29/2011, 8/11/2011, 8/30/2011, 9/8/2011, & 10/3/2011 letters among counsel.) Counsel for Caterpillar also attempted to resolve the outstanding issues during telephonic meet and confer sessions with

---

[1] As Your Honor has recognized, courts often look to the Sedona Conference for guidance when resolving electronic-discovery disputes. *Autotech Techs. Ltd. P'ship v. AutomationDirect.com, Inc.*, 248 F.R.D. 556, 560 (N.D. Ill. 2008) (Cole, Mag. J.).

[2] At an earlier hearing, Plaintiffs decried the length of time involved in trying to arrive at mutually agreeable search terms, but they did not disclose the lengthy periods of time that they consumed in refusing the engage in meaningful discussions on the subject or their lassitude in responding to Caterpillar's proposals.

Plaintiffs' counsel on May 20, September 13, September 15, and September 23. Although, the parties were able to resolve issues surrounding most of Plaintiffs' objections, an agreement was not reached with respect to six proposed search terms. Attached as Exhibit 16 is a chart setting forth the terms at issue, the document request(s) to which each search term was directed, and a summary of Caterpillar's position.[3]

## ARGUMENT

"Both the text of Rule 26(b) and the decisions interpreting it attest to the extraordinary breadth of discovery in the federal courts." *Burkybile v. Mitsubishi Motors Corp.,* No. 04 C 4932, 2006 WL 2325506, at *6 (N.D. Ill. Aug. 2, 2006) (Cole, Mag. J.). It is the objecting party's burden to show why particular discovery is improper. *Gile v. United Airlines, Inc.,* 95 F.3d 492, 495 (7th Cir. 1996). That burden cannot be met by a "reflexive invocation of 'the same baseless, often abused litany' that the requested discovery is … overly broad, unduly burdensome … ." *Burkybile*, 2006 WL 2325506, at *6.

Federal Rule 34 provides that a party may request electronic data that contain matters within the scope of Rule 26(b). Fed. R. Civ. Pro. 34(a); *In re Brand Name Prescription Drugs Antitrust Litig.,* No. 94 C 897, 1995 WL 360526, at *1 (N.D. Ill. June 15, 1995). Although use of culling terms is permitted, a party must develop a reasonably comprehensive search strategy when locating ESI for disclosure. *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 375 (D.N.Y. 2006); Fed. R. Civ. Pro. 26(g) (requiring a "reasonable inquiry" when responding to discovery requests). If a party fails to run search terms that are "reasonably calculated to yield relevant data," then "courts may need to order additional searches … ." (Exhibit 17, The Sedona

---

[3] In their May 15 list of objections, Plaintiffs assigned each of the proposed search terms a number. (*See* Exhibit 7, 5/15/2011 email and attachment.) Those numbers, which are set forth in Exhibit 16, have been used by the parties when negotiating search terms and will be used throughout this memorandum.

Principles, Second Edition (2007), Cmt. 11.a.); *see also In re Amsted Indus., Inc.*, No. 01 C 2963, 2002 WL 31844956, at *2 (N.D. Ill. Dec. 18, 2002) (ordering additional, comprehensive searches after finding word searches already employed to be insufficient). As described below, Plaintiffs should be required to review documents returned by Caterpillar's proposed Search Term Nos. 38, 44, 50, 53, and 63 because Plaintiffs' terms unreasonably limit discovery.

## A. Search Term No. 38

Caterpillar crafted this search term to retrieve documents responsive to Caterpillar's First Set of Document Requests ("First Requests"), No. 46, which seeks "[a]ll documents relating to Caterpillar buckets." (Exhibit 18, First Requests, No. 46.) Caterpillar proposes the following search to retrieve documents responsive to Request No. 46:

> *(Cat or Caterpillar or Cat's or Caterpillar's) w/3 (bucket or buckets)*

(Exhibit 16.) Plaintiffs refuse to run Caterpillar's proposed search and offer the following alternative:

> *(cat's or cat or caterpillar or caterpillar's) w/1 (bucket or buckets)*

(Exhibit 15, 10/3/2011 Wine letter to DeFord, at 12.)

Plaintiffs' proposal, which would require the operative terms to be within a single word of one another, is overly limiting. For example, Plaintiffs' search term would not capture documents that refer to "buckets received from Caterpillar" or "buckets designed by Caterpillar," whereas Caterpillar's proposed search term would capture this information. Plaintiffs' refusal to include alternative phrasing in its searches unreasonably limits Caterpillar's discovery. *See In re Seroquel Prods. Liab. Litig.*, 244 F.R.D. 650, 661 n.7 (M.D. Fla. 2007) (reviewing a party's discovery misconduct and noting that its "search method apparently failed to include … the singular forms of words").

### B.  Search Term No. 44

This search term was designed to capture documents responsive to Caterpillar's First Requests, No. 41, which calls for "[a]ll documents relating to Miller's acquisition, use, or disclosure of information belonging to or furnished by Caterpillar."  (Exhibit 18, First Requests, No. 41.)  In their written discovery response, Plaintiffs agreed to produce responsive documents. (Exhibit 18, First Responses, No. 41.)

Caterpillar asks that Plaintiffs run the following search for the documents responsive to Request No. 41:

> *(cat\* and ((share\* or dislclose\* or use\*) w/10 (volvo or hitachi or terex or kubota or JCB or case or komatsu))).*

 (Exhibit 16.)

Volvo, Hitachi, Terex, Kubota, JCB, Case, and Komatsu are competitors of Caterpillar and customers of Plaintiffs.  (*See* Exhibit 11, 07/29/2011 Wine letter to Baker, at 8.)  Miller's possible harmful disclosure of Caterpillar information to such competitors is squarely within the ambit of Request No. 41 and this search term.   Plaintiffs nevertheless remain strangely recalcitrant to produce ESI regarding the disclosure of Caterpillar's information to these particular customers.  In fact, Rather than reveal the information Caterpillar seeks, Plaintiffs have attempted to recant their agreement to produce responsive documents.  (Exhibit 15, 10/3/2011 Wine letter to DeFord, at 8, 12.)  Plaintiffs' discovery obligations are unaffected by their own *post hoc* determination regarding the relevance of documents pertaining to these customers.  *See Smith v. Logansport Comty. Sch. Corp.*, 139 F.R.D. 637, 648 (N.D. Ind. 1991) ("If plaintiff believed that the request was not reasonably calculated to lead to the discovery of admissible evidence, or was overbroad, she should have objected or sought a protective order. But having asserted no objection, she must produce all materials in her possession called for by the

request.")  Plaintiffs must therefore produce pertinent ESI, and they have failed to explain how they will do so without running this search term.

### C.  Search Term No. 50

Caterpillar crafted this search term to capture documents responsive to Caterpillar's Second Set of Document Requests ("Second Requests"), No. 7, which requests "[a]ll documents showing any payment or gift made by Miller, or any person controlled by Keith Miller, to any current or former Caterpillar employee, or to any company controlled by any current or former Caterpillar employee."  (Exhibit 19, Second Requests, No. 7.)  Plaintiffs recently agreed to produce documents responsive to Request No. 7, but they nevertheless maintain their objection to running the following search term proposed by Caterpillar:

> *(cat\* and (miller\* or keith or gary or jacqui or whelan) and (pay\**
> *or giv\* or gift\* or reimburs\* or present\*))*

(Exhibit 15, 10/03/2011 Wine letter to DeFord, at 13.)  Plaintiffs instead offer the following alternative:

> *(cat or cat's or caterpillar or caterpillar's) and (miller\* or keith or*
> *gary or jacqui or whelan) and (gift\*)*

(*Id.*)

Plaintiffs' proposed search term is unreasonable for at least two reasons.  First, on its face, it would capture only documents referring to gifts.  Request No. 7, however, also seeks information regarding any payment made to Caterpillar employees or companies controlled by those employees.  Second, even if the request were limited to gifts, Plaintiffs' proposed search term does not include common methods of referring to that concept  For example, Plaintiffs' alternative would not capture any documents discussing what Plaintiffs "gave" or "had given" to Caterpillar employees, even though that is how a gift is commonly discussed.

### D. Search Term No. 53

This search term is designed to retrieve documents responsive to Caterpillar's Second Requests, No. 12. (Exhibit 16.) This request seeks "[a]ll documents relating to Miller Baird LLC, JRB Company, Kenco, or Entek." (Exhibit 19, Second Requests, No. 12.)

MillerBaird LLC is a company through which Plaintiffs claim to have marketed their coupler products after Miller UK ceased to be a supplier to Caterpillar. (Exhibit 20, Amended and Supplemental Complaint, ¶ 12, Docket No. 56.) JRB Company is a coupler supplier founded by James and Randy Baird, who partnered with Plaintiffs to form MillerBaird LLC. (Exhibit 21, "Coupler Industry Giants Team Up for North American Venture" *available at* http://www.constructionequipmentguide.com/Coupler-Industry-Giants-Team-Up-for-North-American-Venture/13956/.) Kenco and Entek sell competitive buckets similar to the Miller Scoop Bucket, a product that Plaintiffs claim Caterpillar copied. (*See* Exhibit 22 Kenco product list, *available at* http://www.kenco.com/about.html; Exhibit 23 [CAT-M000389].)

Caterpillar proposes the following search term to retrieve documents regarding these entities:

*(jrb\* or kenco\* or entek\* or millerbaird)*

(Exhibit 16.)

In their written discovery responses, Plaintiffs refused to produce any documents pursuant to this request, (Exhibit 24, Second Responses, No. 12), and the parties have conferred regarding Plaintiffs' objection on multiple occasions. During a September 23 meet and confer telephone conference, Plaintiffs agreed to follow up regarding both this search term and the underlying document request by October 3. Plaintiffs have ignored that agreement, and in their

most recent correspondence do not provide any time within which Caterpillar can expect a substantive response. (*See* Exhibit 15, 10/3/2011 Wine letter to DeFord, at 13.)

Caterpillar has filed a motion to compel regarding Request No. 12 showing why Plaintiffs should be required to produce responsive documents. Because Plaintiffs have not shown how they will fulfill their discovery obligations without use of a search term, Plaintiffs' refusal to run this search is unreasonable.

### E. Search Term No. 63

Caterpillar crafted Search Term No. 63 to retrieve documents responsive to Caterpillar's Third Set of Document Requests ("Third Requests"), Nos. 13 & 14. (Exhibit 16.)

Request No. 13 asks for:

> All documents that refer or relate to the 'cost of locating and performing due diligence on a Chinese manufacturing partner,' as Plaintiffs used that term in their Rule 26 Disclosure.

(Exhibit 25, Third Requests, No. 13.)

Request No. 14 seeks:

> All documents that refer or relate to Miller's execution of a "Joint Venture Agreement to set up a Chinese manufacturing facility" or investments in said venture or facility, as referenced on page 4 of Plaintiffs' Supplemental Rule 26(a)(1)(A)(iii) Disclosure (served November 29, 2010), as well as all documents that refer or relate to Miller's assessment or analysis of Hebei North Casting Industry as an actual or potential partner or joint venturer.

(Exhibit 25, Third Requests, No. 14.)[4]

To retrieve documents responsive to these requests, Caterpillar proposes that Plaintiffs run the following search:

---

[4] Plaintiff Miler UK formed a joint venture with Hebei North Casting Company to manufacture its couplers, and Plaintiffs now claim investments made in that facility as damages.

> *((china or Chinese or hebei) w/15 (manufact* or partner* or locat* or cost* or spend* or (joint w/2 venture) or investment*) and (cast* or coupler*)*

Plaintiffs, on the other hand, suggest the following alternative:

> *(china or Chinese or hebei) w/15 (manufact* or partner* or locat* or cost* or spend* or (joint w/2 venture) or investment*) and (cast* w/3 coupler)*

(Exhibit 16.)  Plaintiffs' proposed search term would unreasonably limit the set of documents produced because it requires that the terms cast and coupler be within three words of one another.  The corresponding document requests are not so narrow.  Indeed, the requests do not mention any particular product and instead encompass all documents relating to the Plaintiffs' decision to expand.  There is no reason to think that a even a majority of those documents would contain the words cast and coupler, much less within three words of one another.[5]

## CONCLUSION

For the foregoing reasons, Caterpillar respectfully requests that the Court compel Plaintiffs to utilize Search Term Nos. 38, 44, 50, 53, and 63 put forward by Caterpillar.

---

[5] In their most recent correspondence, Plaintiffs sought to limit the date range of this search to the one-year period prior to the execution of Plaintiffs' joint venture agreement with Hebei North Casting Company.  (Exhibit 15, 10/3/2011 Wine letter to DeFord, at 13.)  This limitation is not reasonable, however, because Plaintiffs have not limited their claimed damages to those incurred during that same period.

Dated: October 4, 2011                    Respectfully submitted,

                                          */s/* Gregory L. Baker
                                          Robert G. Abrams (admitted *pro hac vice*)
                                          Gregory L. Baker (NDIL 288357)
                                          BAKER & HOSTETLER LLP
                                          1050 Connecticut Ave., N.W., Suite 1100
                                          Washington, D.C.  20036-5304
                                          (202) 861-1500 phone
                                          (202) 861-1783 facsimile
                                          rabrams@bakerlaw.com
                                          gbaker@bakerlaw.com


                                          John M. Touhy (NDIL 3128400)
                                          Edward H. Williams (NDIL 6217053)
                                          BAKER & HOSTETLER LLP
                                          191 North Wacker Drive, Suite 3100
                                          Chicago, IL  60606-1901
                                          (312) 416-6200 phone
                                          (312) 416-6201 facsimile
                                          jtouhy@bakerlaw.com
                                          ehwilliams@bakerlaw.com

                                          *Attorneys for Defendant and Counterclaim-
                                          Plaintiff Caterpillar Inc.*

## CERTIFICATE OF SERVICE

I, John Stapleton, hereby certify that on October 4, 2011, the foregoing **MEMORANDUM IN SUPPORT OF MOTION OF CATERPILLAR, INC. TO COMPEL THE PRODUCTION OF ELECTRONICALLY STORED DOCUMENTS** was filed with the Clerk of the Court and served by operation of the electronic filing system of the United States District Court for the Northern District of Illinois upon the following counsel who have consented to receive notice of filings in the above-captioned matter pursuant to Fed. R. Civ. P. 5(b)(2)(D), the General Order on Electronic Case Filing, and Local Rule 5.9.

R. Mark Halligan
Jason S. Kray
Justin Douglas Swindells
Deanna R. Swits
Jodi Rosen Wine
NIXON PEABODY LLP
300 South Riverside Plaza, 16th Floor
Chicago, IL 60606
rhalligan@nixonpeabody.com
jkray@nixonpeabody.com
dswits@nixonpeabody.com
jwine@nixonpeabody.com

Robert A. Weikert
NIXON PEABODY LLP.
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
rweikert@nixonpeabody.com

_/s/_ John Stapleton
John Stapleton