IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>      **Plaintiffs,**<br>  v.<br><br>**CATERPILLAR INC.,**<br><br>      **Defendant.**<br><br>**CATERPILLAR INC.,**<br><br>      **Counterclaim-Plaintiff,**<br>  v.<br><br>**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>      **Counterclaim-Defendants.** | Civil Action No. 10-cv-3770<br><br>Judge Milton I. Shadur |

**MEMORANDUM IN SUPPORT OF MOTION OF CATERPILLAR INC.
FOR PARTIAL SUMMARY JUDGMENT ON COUNT 3 AND FOR
SUMMARY JUDGMENT ON COUNT 4 OF PLAINTIFFS'
<u>AMENDED AND SUPPLEMENTAL COMPLAINT</u>**

Caterpillar Inc. ("Caterpillar") moves for partial summary judgment on Count 3 and for summary judgment on Count 4 of the Amended and Supplemental Complaint ("A&S Complaint") of Miller UK Ltd. and Miller International Ltd. (collectively, "Plaintiffs") (ECF No. 56). Based on the doctrine of preemption, as set forth in Section 8(a) of the Illinois Trade Secrets Act ("ITSA"), 765 ILL. COMP. STAT. 1065/8(a):

- Count 3 (fraudulent inducement) is preempted with respect to the part of the claim involving buckets.

- Count 4 (unjust enrichment) is preempted in its entirety.

1

ITSA, which stems from the Uniform Trade Secret Act ("UTSA"), displaces numerous non-contractual common law causes of action if they "rest on the conduct that is said to misappropriate trade secrets." *Hecny Trans., Inc. v. Chu*, 430 F.3d 402, 404-05 (7th Cir. 2005) (Easterbrook, J.).[1]  Here, part of Plaintiffs' claim for fraudulent inducement[2] and their entire claim for unjust enrichment are preempted because such claims rest on the same conduct that underlies Plaintiffs' trade secret misappropriation claim (Count 2).

Furthermore, the preemption of Plaintiffs' claims is proper <u>now</u>.  Preemption applies to claims for misappropriation of information, regardless of whether Plaintiffs are able (or unable) to eventually prove that the allegedly confidential information rises to the level of a trade secret. *See Mortgage Specialists, Inc. v. Davey*, 904 A.2d 652, 664 (N.H. 2006).  In other words, a claim for misappropriation of trade secrets or confidential information is actionable either under ITSA, contract law, or not at all.  Thus, Caterpillar is entitled to summary judgment on part of Count 3 and all of Count 4.

## FACTUAL BACKGROUND

Plaintiffs assert four causes of action against Caterpillar:  Count 1, for breach of contract; Count 2, for threatened or actual trade secret misappropriation under ITSA; Count 3, for fraudulent inducement; and Count 4, for unjust enrichment. (SOF ¶ 9.)  The focus of Plaintiffs'

---

[1] Section 8(a) of ITSA provides: "Except as provided in subsection (b), this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of this State providing civil remedies for misappropriation of a trade secret." 765 ILL. COMP. STAT. 1065/8(a).  Section 8(b) states, in pertinent part, that ITSA does not affect: "(1) contractual remedies…" and "(2) other civil remedies that are not based upon misappropriation of a trade secret." *Id.* § 8(b).  For purposes of this motion, Caterpillar accepts Plaintiffs' allegation that Illinois law applies. ("Statement of Material Facts" or "SOF" ¶ 18.)

[2] Plaintiffs' claim for fraudulent inducement includes allegations for both couplers and buckets. Caterpillar moves for partial summary judgment on Plaintiffs' fraudulent inducement claim only with respect to buckets.  *See* FED. R. CIV. P. 56(a) Advisory Committee's Note (2010 amendments "make clear" that summary judgment may apply to "part of a claim or defense").

complaint is Caterpillar's alleged theft of Plaintiffs' purported trade secrets. (SOF ¶ 8.) According to Plaintiffs, their complaint "presents the quintessential theft of trade secrets and breach of a contractual and confidential relationship" between Caterpillar and Plaintiffs. (*Id.*) Plaintiffs allege the same conduct to support their claims for trade secret misappropriation, fraudulent inducement, and unjust enrichment. (SOF ¶¶ 10-12.) Other relevant facts supporting summary judgment for Caterpillar are included in Caterpillar's Statement of Material Facts.

In its Ninth Affirmative Defense, Caterpillar alleges that ITSA preempts Plaintiffs' claims for fraudulent inducement and unjust enrichment, in whole or in part. (SOF ¶ 19.) The Court encouraged Caterpillar to file motions to streamline this case. (SOF ¶ 20 ("If you consider that any of [Caterpillar's] affirmative defenses are really effective to block part or all…of the Miller claims, then all of us are better off by having those fronted by actually bringing them on by way of a motion…. It would really reshape the lawsuit in a constructive way.").)

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper under Rule 56 when the movant establishes there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See, e.g.,* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In evaluating a motion for summary judgment, the court must construe all facts in favor of and draw all justifiable inferences for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). To survive summary judgment, a nonmovant must produce specific material facts establishing a genuine issue for trial. *CMBB LLC. v. Lockwood Mfg., Inc.*, 628 F. Supp. 2d 881, 882-83 (N.D. Ill. 2009). Material facts are those that might impact the outcome of the lawsuit. *Id.* at 883. Issues of preemption are "generally purely legal questions," *see Wisconsin*

*Cent., Ltd. v. Shannon*, 539 F.3d 751, 759-60 (7th Cir. 2008), and are well-suited for disposition on summary judgment, *see Agustin v. Quern*, 611 F.2d 206, 209 (7th Cir. 1979).

## ITSA PREEMPTION ANALYSIS

In the 2005 *Hecny* decision, Judge Easterbrook, speaking for a unanimous panel of the Seventh Circuit, prescribed how to conduct an ITSA preemption analysis. 430 F.3d at 404-05.

*First*, he said that the court should look to pertinent decisions by the state judiciary, not federal district courts. *Id.* at 404 ("Decisions of federal district courts on issues of state law have neither authoritative nor precedential force, so we need not analyze them.") (internal citations omitted).[3]

*Second*, Judge Easterbrook suggested that where a state's highest court had no opinion applying the preemption provision—as he found was true in Illinois—a federal court should examine UTSA preemption decisions from the highest courts of other states. *Id.* at 404-05.

*Third*, the court should examine the Commissioner's comments to UTSA in order to act in a fashion that would effectuate the purpose and intent of the uniform act. *Id.* at 405.

---

[3] Although Judge Easterbrook declined to analyze federal district court opinions regarding ITSA preemption because they "have neither authoritative nor precedential force," Caterpillar notes for the record that several district courts in Illinois have addressed ITSA preemption. *See, e.g.*, *Tradesmen Int'l, Inc. v. Black*, No. 10-2098, 2011 U.S. Dist. LEXIS 128578, at *11-12 n.6 (C.D. Ill. Nov. 7, 2011) ("[C]ommon law claims are preempted [by ITSA] to the extent they are based solely on allegations of misappropriation of trade secrets or other confidential information."); *Stove Builder Int'l, Inc. v. GHP Group, Inc.*, No. 11 C 1098, 2011 WL 2183160, at *1-2 (N.D. Ill. June 3, 2011) (ITSA preemption depends on "whether the count is or is not based upon misappropriation of a trade secret") (internal quotations omitted); *Stafford Trading, Inc. v. Lovely*, No. 05 C 4868, 2007 WL 1512417, at *9, *11 (N.D. Ill. May 21, 2007) (fraudulent inducement and unjust enrichment claims displaced because facts of the tort claims also supported misappropriation claim; court need not determine whether trade secret existed before preemption); *Thomas & Betts Corp. v. Panduit Corp.*, 108 F. Supp. 2d 968, 971, 976 (N.D. Ill. 2000) (common law causes of action preempted because their claims were "covered" by ITSA and ITSA "abolished all common law theories of misuse of secret information") (internal quotations and alterations omitted).

*Therefore*, we must, in the first instance, look to Illinois state court decisions. To date, the Illinois Supreme Court has not addressed preemption under the ITSA. A few intermediate Illinois courts have addressed the issue and (without detailed explanations) have preempted non-contractual common law claims where the claims rest on conduct alleged to involve misappropriation of trade secrets. *See Pope v. Alberto-Culver Co.*, 694 N.E.2d 615, 619 (Ill. App. Ct. 1998) ("Unjust enrichment is essentially a claim for restitution [and t]hus, under [ITSA], plaintiff's claim must fail."); *Fabricare Equip. Credit Corp. v. Bell*, 767 N.E.2d 470, 475 (Ill. App. Ct. 2002) (dictum) (unjust enrichment claim would be preempted under ITSA); *see also Alpha Sch. Bus Co. v. Wagner*, 910 N.E.2d 1134, 1149-50 (Ill. App. Ct. 2009) (breach of fiduciary duty claim not preempted because it was not based on misappropriation).

Because the Illinois Supreme Court has not squarely addressed the scope of ITSA preemption, rulings from other UTSA-state high courts and the intent behind UTSA should dictate the scope of ITSA preemption. *Hecny*, 430 F.3d at 404-05. Those rulings indicate that preemption is appropriate here.

## ARGUMENT

ITSA preempts non-contractual common law claims when they "rest on the conduct that is said to misappropriate trade secrets" or "competitively significant secret information." *Hecny*, 430 F.3d at 404-05 (citing UNIF. TRADE SECRETS ACT § 7 cmt. (amended 1985)). Thus, as the Supreme Court of Hawaii said in interpreting the UTSA-based Hawaii Trade Secret Act, non-contractual common law claims are preempted when they are based on the alleged misappropriation of confidential information, *even if* such information "does not rise to the level of a statutorily-defined trade secret." *See BlueEarth Biofuels, LLC. v. Hawaiian Elec. Co.*, 235 P.3d 310, 325 (Haw. 2010). Other state supreme courts have agreed and ruled that preemption is

appropriate prior to a determination of whether a plaintiff's alleged trade secret information meets the statutory definition of a trade secret. *See Mortgage Specialists*, 904 A.2d at 664 (N.H. 2006); *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 898 (Del. 2002).

Plaintiffs' claims for fraudulent inducement (regarding buckets) and unjust enrichment should be rejected at this juncture for two reasons. First, Plaintiffs' claims are preempted by ITSA because they rest on conduct that is claimed to misappropriate trade secret or competitively significant secret information. Second, preemption of Plaintiffs' claims is proper now without regard to whether Plaintiffs' claimed secret information rises to the level of statutory trade secrets.

## I. PLAINTIFFS' CLAIMS ARE PREEMPTED BECAUSE THEY REST ON CONDUCT CLAIMED TO MISAPPROPRIATE TRADE SECRET INFORMATION

Plaintiffs' claims for (A) fraudulent inducement (regarding buckets) and (B) unjust enrichment are preempted by ITSA because they are non-contractual common law claims based on Caterpillar's alleged misappropriation of Plaintiffs' supposed trade secret information. *Hecny*, 430 F.3d at 404-05. In order to determine whether Plaintiffs' common law claims rest on conduct that supports an ITSA claim, the Court must assess whether the claim is *factually* independent from Plaintiffs' ITSA claim. *See BlueEarth*, 235 P.3d at 317-18; *Mortgage Specialists*, 904 A.2d at 666.

### A. Plaintiffs' Fraudulent Inducement Claim With Respect To Buckets Rests On Conduct That Is Said to Misappropriate Trade Secrets

Count 3 alleges, in pertinent part, that Caterpillar fraudulently induced Plaintiffs to turn over trade secret and confidential information so that Caterpillar could use that information to develop its own bucket:

> 84. On information and belief, CAT also, through various of its employees, affirmatively *began soliciting Miller's trade secrets and*

6

> *confidential information* regarding the Scoop Bucket with the intent *to induce Miller to provide CAT with its trade secrets and confidential information* not so that CAT could purchase the Scoop Bucket, but *so that CAT could complete the development of its own bucket*, from which CAT has derived and continues to derive substantial revenue and other benefits.
>
> 85.     In reliance on either CAT's materially false affirmative statements, Miller made substantial investments in expanding its facilities to meet CAT's future requirements and also *provided it valuable trade secrets and confidential information relating to the Scoop Bucket*.

((SOF ¶ 11.) (emphasis added)). The allegations center on "trade secrets and confidential information." (SOF ¶ 11.)

Moreover, Plaintiffs' "fraudulent inducement" claim relies on the same conduct that underlies Plaintiffs' claim for trade secret misappropriation (SOF ¶ 10):

- Caterpillar allegedly solicited Plaintiffs' trade secrets and confidential information regarding the Scoop Bucket.

- Plaintiffs purportedly turned over their trade secrets and confidential information to Caterpillar.

- Caterpillar supposedly used Plaintiffs' trade secrets and confidential information to develop its own bucket.

*See Learning Curve Toys, Inc. v. Playwood Toys, Inc.*, 342 F.3d 714, 721 (7th Cir. 2003) (ITSA violation proved by showing that a trade secret was misappropriated and used in defendant's business).

Plaintiffs have merely re-pled their ITSA claim under a fraudulent inducement label. UTSA preempts such claims. *BlueEarth*, 235 P.3d at 317 (UTSA preempts claims that merely assert trade secret misappropriation facts under a different label). Thus, Plaintiffs' fraudulent inducement claim (regarding buckets) is preempted. *Hecny*, 430 F.3d at 404-05.

7

### B. Plaintiffs' Unjust Enrichment Claim Is Preempted Because It Rests On Conduct That Is Said To Misappropriate Trade Secrets

Count 4 alleges that Caterpillar was unjustly enriched by using proprietary and confidential information supplied to it by Plaintiffs:

> 89. CAT has been unjustly enriched at the expense of Miller by its *use of the proprietary and confidential information supplied to it by Miller* related to Miller's Scoop Bucket.
>
> 90. CAT also has been unjustly enriched at the expense of Miller by its *use of the proprietary and confidential information, supplied to it by Miller*, outside the terms of the Supply Agreement[,] in developing, manufacturing, and selling the Caterpillar Center-Lock Pin-Grabber Quick Coupler.

((SOF ¶ 12.) (emphasis added)). The "proprietary and confidential information" allegedly constitutes trade secrets. (SOF ¶¶ 12, 17.) These same alleged facts also support Plaintiffs' claim for trade secret misappropriation under ITSA. (SOF ¶ 12.) *See Learning Curve Toys*, 342 F.3d at 721 (ITSA violation proved by showing that a trade secret was misappropriated and used in defendant's business).

It is apparent from Plaintiffs' claims that their ITSA misappropriation and unjust enrichment claims rest on identical facts. Moreover, Plaintiffs have not alleged any basis for their unjust enrichment claim *other than* Caterpillar's use of proprietary and confidential information.

ITSA specifically displaced restitutionary claims based on trade secret or confidential information. *See* footnote 1, *supra*. Accordingly, Plaintiffs' unjust enrichment claim is preempted. *See Mortgage Specialists*, 904 A.2d at 666; *see also Pope*, 694 N.E.2d at 619 (ITSA preempts unjust enrichment claims because they are "essentially" claims for restitution).

## II. PREEMPTION IS PROPER NOW WITHOUT REGARD TO WHETHER PLAINTIFFS' INFORMATION CONSTITUTES A TRADE SECRET

Plaintiffs' claims for fraudulent inducement (with respect to buckets) and unjust enrichment are preempted once the Court determines that they rest on conduct that also is said to constitute a misappropriation of trade secrets. As discussed below, the Court should not concern itself with whether the allegedly misappropriated information meets the ITSA trade secret definition. This approach comports with decisions from the highest courts of other UTSA states, the Commissioners' comment to UTSA, and the purpose of creating a uniform law. A contrary approach would render the preemption provision virtually meaningless.

UTSA preempts common law claims for misappropriation of confidential information even if the confidential information does not constitute a trade secret. In *BlueEarth*, 235 P.3d at 323-24, the Supreme Court of Hawaii recognized that UTSA displaces non-contractual common law claims based on misappropriation of "confidential and/or commercially valuable information that does not rise to the level of a statutorily-defined trade secret." *Id.* at 323. If a plaintiff's information does not qualify as a UTSA trade secret, non-contract law will not protect it. *Id.* at 324 ("It is a *legal non sequitor* to suggest general tort causes may be employed to protect legal rights which otherwise would not exist…."); *Mortgage Specialists*, 904 A.2d at 666 ("[T]he common law no longer protects confidential information from mere misuse unless it is a statutory trade secret."); *Savor*, 812 A.2d at 898 (preemption proper even before information is established to be a trade secret); *see also Composite Marine Propellers, Inc. v. Van Der Woude*, 962 F.2d 1263, 1265 (7th Cir. 1992) ("…Illinois has abolished all common law theories of

9

misuse of [secret] information…. Unless defendants misappropriated a (statutory) trade secret, they did no legal wrong.") (citing ITSA); 765 ILL. COMP. STAT. 1065/8(b).[4]

The preemption of Plaintiffs' claims at this juncture comports with the Commissioners' comment to the UTSA preemption provision, which recognizes that a common law claim will not be preempted when it depends on a legal duty unrelated to confidential information (such as an agent's duty of loyalty), UNIF. TRADE SECRETS ACT § 7 cmt, but will be preempted where, as here, common law claims rest on a purported duty to protect confidential information. *See Hecny*, 430 F.3d at 404-05 (Judge Easterbrook citing Commissioners' comment to UTSA).

States that have adopted UTSA should apply it uniformly. Indeed, the purpose of a uniform statute like UTSA is to provide the benefits of uniform interpretation from state to state. *See*, *e.g.*, *Mortgage Specialists*, 904 A.2d at 662-63 (citing UTSA prefatory note). Thus, in accord with the laws of other UTSA states, preemption should apply here regardless of whether the allegedly trade secret information may eventually qualify as an ITSA trade secret. *See Mortgage Specialists*, 904 A.2d at 664.

A contrary interpretation of UTSA would render its preemption provision virtually meaningless. *BlueEarth*, 235 P.3d at 321-22. If a litigant could pursue simultaneous claims for a UTSA violation and other common-law claims resting on conduct that is said to misappropriate trade secrets, then UTSA would be reduced to "just another basis for recovery," *id.* at 322, and

---

[4] State supreme court cases show that pleading in the alternative does not undermine the preemptive force of Section 7 of UTSA. *See BlueEarth*, 235 P.3d at 324 (Hawaii); *Mortgage Specialists*, 904 A.2d at 664 (New Hampshire); *see also Savor*, 812 A.2d at 898 (Delaware). Moreover, the Rules Enabling Act establishes that state substantive law cannot be displaced or overruled by rules of federal procedure. *See* 28 U.S.C. § 2072(b) (2006) (federal procedural rules "shall not abridge, enlarge or modify any substantive right").

the intent of UTSA preemption—to displace non-contractual common law claims resting on such conduct—would be ignored. *Id.* at 318-19, 321-22.

## CONCLUSION

For all of the foregoing reasons, the Court should grant Caterpillar partial summary judgment on Count 3 (regarding buckets) and summary judgment on Count 4 of Plaintiffs' Amended and Supplemental Complaint. No genuine issue of material fact exists regarding these causes of action, and Caterpillar is entitled to judgment as a matter of law.

Date: January 31, 2012

Respectfully submitted,

*/s/* Gregory L. Baker
Robert G. Abrams (admitted *pro hac vice*)
Gregory L. Baker (NDIL 288357)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500 phone
(202) 861-1783 facsimile
rabrams@bakerlaw.com
gbaker@bakerlaw.com

John M. Touhy (NDIL 3128400)
Edward H. Williams (NDIL 6217053)
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL 60606-1901
(312) 416-6200 phone
(312) 416-6201 facsimile
jtouhy@ bakerlaw.com
ehwilliams@bakerlaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff Caterpillar Inc.*

### **CERTIFICATE OF SERVICE**

       I, John Stapleton, hereby certify that on January 31, 2012, the foregoing **MEMORANDUM IN SUPPORT OF MOTION OF CATERPILLAR INC. FOR PARTIAL SUMMARY JUDGMENT ON COUNT 3 AND FOR SUMMARY JUDGMENT ON COUNT 4 OF PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT** was filed with the Clerk of the Court and served by operation of the electronic filing system of the United States District Court for the Northern District of Illinois upon the following counsel who have consented to receive notice of filings in the above-captioned matter pursuant to Fed. R. Civ. P. 5(b)(2)(D), the General Order on Electronic Case Filing, and Local Rule 5.9:

                                                Reed S. Oslan
                                                roslan@kirkland.com
                                                Justin A. Barker
                                                jbarker@kirkland.com
                                                William E. Arnault
                                                warnault@kirkland.com
                                                KIRKLAND & ELLIS LLP
                                                300 North LaSalle
                                                Chicago, IL  60654


                                                */s/* John Stapleton
                                                John Stapleton