IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILLER UK LTD. AND MILLER INTERNATIONAL LTD., <br><br> Plaintiffs, <br> v. <br><br> CATERPILLAR INC., <br><br> Defendant. <br><br> CATERPILLAR INC., <br><br> Counterclaim-Plaintiff, <br> v. <br><br> MILLER UK LTD. AND MILLER INTERNATIONAL LTD., <br><br> Counterclaim-Defendants. | Civil Action No. 10-cv-3770 <br><br> Judge Milton I. Shadur |

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF
MOTION OF CATERPILLAR INC. FOR PARTIAL SUMMARY JUDGMENT
ON COUNT 3 AND FOR SUMMARY JUDGMENT ON COUNT 4 OF
<u>PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT</u>**

Pursuant to Local Rule 56.1(a)(3), and in support of its Motion for Partial Summary Judgment on Count 3 and for Summary Judgment on Count 4 of Plaintiffs' Amended and Supplemental Complaint filed on this date, Caterpillar Inc. ("Caterpillar"), hereby sets forth its statement of material facts as to which Caterpillar contends there is no genuine issue and that entitle Caterpillar to judgment as a matter of law.

**Parties**

1. Plaintiff Miller UK Ltd. ("Miller UK") and Plaintiff Miller International Ltd. ("Miller International") filed an Amended and Supplemental Complaint in this litigation on March 16, 2011 ("A&S Complaint" or "A&S Compl.") (ECF No. 56).

2. Miller UK is a privately-held British corporation that has its principal place of business at Bassington Lane, Bassington Industrial Estate, Cramlington, Northumberland, NE23 8AD. ("A&S Compl." ¶ 2.)

3. Miller International is a privately-held corporation organized under the laws of Gibraltar that has its principal place of business at 57/63 Line Wall Road, P.O. Box 199, Gibraltar. (*Id.*)

4. Plaintiffs[1] manufacture and sell couplers, buckets, and other attachments used with earthmoving equipment. (*Id.*)

5. Defendant Caterpillar is a publicly-traded Delaware corporation having its principal place of business at 100 N.E. Adams Street, Peoria, Illinois 61629. (*Id.* ¶ 3.) Caterpillar is a manufacturer of equipment used in the earthmoving industry. (*Id.* ¶ 8.)

**Jurisdiction and Venue**

6. The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332(a)(2). The citizenship of the parties is diverse because Caterpillar is a citizen of a State and Plaintiffs are citizens of foreign states. (*Id.* ¶ 4.) Plaintiffs claim the amount in controversy exceeds $75,000.00, exclusive of interests and costs. (*Id.* ¶ 4.)

7. The Court properly exercises personal jurisdiction over the parties. Caterpillar operates its principal place of business in Illinois and has been conducting business in Illinois at

---

[1] Miller UK and Miller International are collectively referred to hereinafter as "Plaintiffs."

all times relevant hereto. (*Id*. ¶ 5.) Plaintiffs do business in Illinois and have submitted to this Court's jurisdiction by filing their original Complaint and their A&S Complaint. Venue is proper in this judicial district pursuant 28 U.S.C. § 1391.

### Facts Entitling Caterpillar to Summary Judgment

8. Plaintiffs' A&S Complaint alleges: "this case presents the quintessential theft of trade secrets and breach of a contractual and confidential relationship" between Caterpillar and Plaintiffs. (*Id*. ¶ 9.) This lawsuit, initiated by Plaintiffs, is predicated on what Plaintiffs allege as Caterpillar's "scheme" to "gain access to Miller jointly-held proprietary information and trade secrets, with the intent of misappropriating that information and those trade secrets." (*Id.*)

9. Plaintiffs' A&S Complaint alleges four causes of action against Caterpillar: Count 1, breach of contract; Count 2, threatened or actual misappropriation of trade secrets; Count 3, fraudulent inducement; and Count 4, unjust enrichment. (*Id*. ¶¶ 66-91.)

10. Count 2, alleging threatened or actual misappropriation of trade secrets, states the following:

### COUNT TWO
### THREATENED OR ACTUAL
### MISAPPROPRIATION OF TRADE SECRETS

> 72. Miller repeats and realleges the averments of paragraphs 1-65 as if fully set forth herein.
>
> 73. Miller's proprietary Miller trade secrets and confidential information, set forth individually and collectively in paragraph 11, *supra*, are statutory "trade secrets" protected by the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*
>
> 74. At all times, Miller has taken reasonable measures to protect its proprietary trade secrets and confidential information and Miller derives economic value and competitive advantage from such information not being generally known to the public or trade.
>
> 75. On information and belief, there exists the threatened or actual misappropriation of trade secrets by CAT to acquire, disclose and/or use,

3

by improper means, Miller's proprietary trade secrets and confidential information for its own benefit and/or the benefit of others without Miller's authorization and consent.

76. CAT knows or had reason to know that it acquired Miller's proprietary trade secrets and confidential information under circumstances giving rise to a duty to maintain the secrecy, or limit the use of, such information, and/or that such information was obtained or derived from others who owe a duty to Miller to maintain the confidentiality of such information.

77. On information and belief, Miller has suffered or will suffer damages, and CAT has or will be unjustly enriched in an amount to be proven at trial, as a direct result of CAT's threatened or actual misappropriation of Miller's proprietary trade secrets and confidential information.

78. CAT's threatened or actual misappropriation of Miller's proprietary trade secrets and confidential information has been willful and malicious and entitles Miller to exemplary damages and an award of attorneys' fees and costs pursuant to the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*

79. Miller also is entitled to injunctive relief to prevent the threatened or actual misappropriation of its proprietary Miller trade secrets and confidential information by CAT pursuant to the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq.*

(*Id.* ¶¶ 72-79.)

11. Count 3, alleging fraudulent inducement, states the following:

### COUNT THREE
### FRAUDULENT INDUCEMENT

80. Miller repeats and realleges the averments of paragraphs 1-10, 15-65 as if fully set forth herein.

81. On or before June 9, 2008, unbeknownst to Miller, CAT began to develop the Caterpillar Center-Lock Pin-Grabber Quick Coupler with, on information and belief, the goal of ending its purchases of the Miller Bug Coupler.

82. CAT, through its employee Bob Meng, affirmatively represented to Miller that CAT (a) was not developing any coupler itself and (b) that CAT required Miller's services in the future.

83. CAT made such affirmative statements to Miller with the intent to

4

induce Miller to continue to provide the Miller Bug Coupler to CAT until CAT could complete the development and establish manufacturing of its own coupler, from which CAT has derived and continues to derive substantial revenue and other benefits.

84. On information and belief, CAT also, through various of its employees, affirmatively began soliciting Miller's trade secrets and confidential information regarding the Scoop Bucket with the intent to induce Miller to provide CAT with its trade secrets and confidential information not so that CAT could purchase the Scoop Bucket, but so that CAT could complete the development of its own bucket, from which CAT has derived and continues to derive substantial revenue and other benefits.

85. In reliance on either CAT's materially false affirmative statements, Miller made substantial investments in expanding its facilities to meet CAT's future requirements and also provided it valuable trade secrets and confidential information relating to the Scoop Bucket.

86. Miller has been damaged by these false, deceptive, and misleading statements. Miller has been damaged in millions of dollars, plus interest, fees and costs, through the investment in the development of the UK and China manufacturing facilities that it otherwise would not have made. Miller also has been damaged in millions of dollars, plus interest, fees and costs, through the provision of its trade secrets and confidential information relating to the Scoop Bucket that it otherwise would not have made.

(*Id*. ¶¶ 80-86.)

12. Count 4, alleging unjust enrichment, states the following:

**COUNT FOUR**
**UNJUST ENRICHMENT**

87. Miller repeats and realleges the averments of paragraphs 1-10, 15-65 as if fully set forth herein.

88. The agreements entered into by the parties do not exclude the right to seek to recover based upon a claim of unjust enrichment.

89. CAT has been unjustly enriched at the expense of Miller by its use of the proprietary and confidential information supplied to it by Miller related to Miller's Scoop Bucket.

90. CAT also has been unjustly enriched at the expense of Miller by its use of the proprietary and confidential information, supplied to it by Miller, outside the terms of the Supply Agreement in developing,

5

> manufacturing, and selling the Caterpillar Center-Lock Pin-Grabber Quick Coupler.
>
> 91. Accordingly, Miller is entitled to damages in the amount by which CAT has been unjustly enriched at the expense of Miller.

(*Id.* ¶¶ 87-91.)

13. In Count 2 (Threatened or Actual Misappropriation of Trade Secrets), Plaintiffs allege that Caterpillar was "unjustly enriched" "as a direct result of C[aterpillar]'s threatened or actual misappropriation of Miller's proprietary trade secrets and confidential information." (*Id.* ¶ 77.)

14. In paragraph 73 of the A&S Complaint, Plaintiffs' allege that "Miller's proprietary Miller trade secrets and confidential information, set forth individually and collectively in paragraph 11, *supra*, are statutory 'trade secrets' protected by the Illinois Trade Secrets Act, 765 ILCS 1065/1 *et seq*." (A&S Compl. ¶ 73.)

15. Paragraph 11 of Plaintiffs' A&S Complaint states the following, identifying what Plaintiffs allege to be their trade secrets protected by the Illinois Trade Secrets Act:

> Plaintiffs' proprietary and confidential technologies include, but are not limited to: proprietary and confidential market research data; proprietary and confidential testing results, protocols, and data and test rigs; proprietary and confidential technical proposals, specifications, and blueprints, including but not limited to proprietary and confidential piece-part drawings, 3D models, prototypes, and FE analyses; proprietary and confidential research, trial and error, industry information, and proofs of concepts; proprietary and confidential tours of factories and facilities; proprietary and confidential manufacturing techniques and processes, including but not limited to equipment selection, equipment organization, technician instruction and training (including instructional and training materials); confidential and proprietary strategic design and manufacturing protocols, including but not limited to multi-jurisdictional safety compliance protocols; confidential and proprietary intellectual property valuations, including but not limited to projected profits and margins; and proprietary, unique, and confidential combinations and compilations of the above information (hereinafter referred to in the aggregate as "Plaintiffs' proprietary trade secrets and confidential information").

(*Id.* ¶ 11.)

6

16. Paragraph 75 of Plaintiffs' A&S Complaint states: "On information and belief, there exists the threatened or actual misappropriation of trade secrets by CAT to acquire, disclose and/or use, by improper means, Miller's proprietary trade secrets and confidential information for its own benefit and/or the benefit of others without Miller's authorization and consent." (*Id*. ¶ 75).

17. Plaintiffs use the phrase "proprietary and confidential" throughout the A&S Complaint to denote their alleged trade secrets. (*Id*. ¶¶ 11, 24, 51, 52, 53, 54, 57, 59, 62, 64, 89, and 90.)

18. Plaintiffs allege that their trade secret misappropriation claim (Count 2) arises under the Illinois Trade Secrets Act and that Illinois state common law governs their claims for breach of contract (Count 1), fraudulent inducement (Count 3), and unjust enrichment (Count 4). (*Id*. ¶ 1.)

19. Caterpillar asserts Preemption as its Ninth Affirmative Defense to Plaintiffs' A&S Complaint, claiming: "Plaintiffs' claims for fraudulent inducement and unjust enrichment are preempted, in whole or in part, by the Illinois Trade Secrets Act, and are thus barred." (ECF No. 73, Caterpillar's Affirm. Defenses & Counterclaim ¶ 49.)

20. During the October 28, 2010 status hearing, the Court stated:

> If you consider that any of these affirmative defenses are really effective to block part or all of the Miller—of the Miller claims, then all of us are better off by having those fronted by actually bringing them on by way of a motion. Because if it is potentially available to cut Miller off at the pass by one or more of these defenses, then what that would tend to do would be either narrow the scope of discovery, for example. It would really reshape the lawsuit in a constructive way.

10/28/10 Hearing Trans. 14:17-25.

Date:  January 31, 2012                    Respectfully submitted,

*/s/* Gregory L. Baker
Robert G. Abrams (admitted *pro hac vice*)
Gregory L. Baker (NDIL 288357)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036-5304
(202) 861-1500 phone
(202) 861-1783 facsimile
rabrams@bakerlaw.com
gbaker@bakerlaw.com

John M. Touhy (NDIL 3128400)
Edward H. Williams (NDIL 6217053)
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL 60606-1901
(312) 416-6200 phone
(312) 416-6201 facsimile
jtouhy@ bakerlaw.com
ehwilliams@bakerlaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff Caterpillar Inc*.

## **CERTIFICATE OF SERVICE**

I, John Stapleton, hereby certify that on January 31, 2012, the foregoing **STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION OF CATERPILLAR INC. FOR PARTIAL SUMMARY JUDGMENT ON COUNT 3 AND FOR SUMMARY JUDGMENT ON COUNT 4 OF PLAINTIFFS' AMENDED AND SUPPLEMENTAL COMPLAINT** was filed with the Clerk of the Court and served by operation of the electronic filing system of the United States District Court for the Northern District of Illinois upon the following counsel who have consented to receive notice of filings in the above-captioned matter pursuant to Fed. R. Civ. P. 5(b)(2)(D), the General Order on Electronic Case Filing, and Local Rule 5.9:

    Reed S. Oslan
    roslan@kirkland.com
    Justin A. Barker
    jbarker@kirkland.com
    William E. Arnault
    warnault@kirkland.com
    KIRKLAND & ELLIS LLP
    300 North LaSalle
    Chicago, IL  60654


    */s/* John Stapleton
    John Stapleton