# EXHIBIT H

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

March 2, 2012

Gregory L. Baker
direct dial: 202.861.1696
gbaker@bakerlaw.com

**VIA ELECTRONIC MAIL**

Justin Barker
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654

Re: <u>Miller UK Ltd. et al. v. Caterpillar, Inc., No. 10-cv-3770 (N.D. Ill.)</u>

Dear Justin:

I write regarding our telephone conference today, held pursuant to the local rules, regarding plaintiffs' answers to Caterpillar's First Set of Interrogatories (October 21, 2010), as supplemented with respect to Interrogatory No. 1 (February 17, 2011). You, Bill Arnault, Josh DeFord, and I participated in the call.

I pointed out that plaintiffs originally served deficient interrogatory answers in 2010, which, as to only Interrogatory No. 1, plaintiffs' supplemented several months later. As I stated several months ago in a conversation with you and Reed Oslan, we do not believe that those answers meet plaintiffs' discovery obligations. You will recall that Reed agreed that the interrogatory answers would be supplemented, but that they would not be supplemented at that point in time. It is now several months later and, at plaintiffs' request, a discovery deadline has been established. As a result, we cannot be as forgiving of plaintiffs' delay as we have been in the past.

I stated that it is time for plaintiffs to describe their trade secret claims in sufficient detail so that my client can know what it is required to defend against. Our view is that plaintiffs have not done this to date. For example, I pointed out our view that nowhere in

Justin Barker
March 2, 2012
Page 2

either the original answer or the supplemental answer is there any identification of any alleged bucket trade secret that Caterpillar supposedly misappropriated. I asked you to confirm my reading of plaintiffs' answers in this regard. You said you would review the answers and respond, but generally took the position that plaintiffs had done a more than adequate job and that further discovery by plaintiffs would be required to do any more.

I also stated that the designation of the supplemental interrogatory answers as "CONFIDENTIAL" under the Protective Order is not justified. Specifically, I asked how it could possibly be "confidential" when plaintiffs state (on page 8) that their trade secret is in changing the coupler hook from "fabricated" to "cast." Likewise, I asked how it could possibly be "confidential" for plaintiffs to merely state (on page 11) that the dimensions (not specified) of the horseshoe shaped recess on the coupler are trade secrets. Caterpillar's position, as I indicated, is that given the level of generality used in the supplemental interrogatory answers, the answers plaintiffs provided could not possibly be "confidential." You said you would consider whether portions of the interrogatory answer could have that designation removed. I encouraged you to take a second look, but emphasized our point that nothing in the answer warrants "confidential" treatment.

Although I forgot to mention this during our call, I also want to draw your attention to the fact that plaintiffs gave incomplete interrogatory answers to Interrogatory Nos. 2-5, and have made no effort to supplement those particular answers. We would like plaintiffs to promptly submit supplemental answers to those interrogatories as well. Please consider this along with the other pending items, and let me know plaintiffs' position.

Sincerely,

Gregory L. Baker