**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. and MILLER INTERNATIONAL LTD.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 10 C 3770** |
| v. ) | |
| ) | |
| **CATERPILLAR, INC.,** ) | |
| ) | **Magistrate Judge Jeffrey Cole** |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

On August 8, 2013, I heard argument on Caterpillar's Motion to Compel Production of Documents related to Plaintiffs' attempts to secure funding from third-party sources who were solicited by Miller to help with financing the litigation. During the hearing, I expressed my view that Caterpillar had waived the argument that the documents sought were relevant to the question of who the real party in interest was – Caterpillar or its funding source. Since there was little more than a passing reference to that question in the briefs, I invoked the familiar principle that skeletal, perfunctory, or unsupported arguments are waived. *See e.g., Williams v. Dieball*, _F.3d_, 2013 WL 3942932, *3 (7th Cir. 2013); *DW Data, Inc. v. C. Coakley Relocation Systems, Inc.*, _F.Supp.2d_, 2013 WL 3196937, *14 (N.D.Ill. 2013)(collecting cases).

By letter of August 12, 2013, Caterpillar contended that while the argument may have been perfunctorily made in the brief, it was nonetheless sufficient since it incorporated by reference the discussion of relevance contained in the Rule 37.2 report required by this court's Order issued on February 7, 2013. That Order was designed to implement Local Rule 37.2, which requires as a precondition to filing certain discovery motions that the parties have a conference to try to resolve their discovery disputes. Letters will not suffice. The purpose of the Rule is "[t]o curtail undue

delay and expense in the administration of justice." If the parties can resolve the issue, the court's time is saved and available to be directed to those cases that present issues that cannot be amicably resolved. Under the Rule, courts are mandated to refuse to hear any motions for discovery and production of documents under Rules 26-37 unless the motion includes the statement prescribed by the Rule. *Autotech Technologies Ltd. Partnership v. Automationdirect.Com, Inc*. 2007 W.L. 2713352, 1 -2 (N.D.Ill.2007)

> The reasons for the issuance of the February 7 Order were set out in the Order:
>
>> While Miller and Caterpillar insist they have complied with Local Rule 37.2, I have concluded that additional requirements to the Rule 37.2 procedure will lead to greater efficiency and hopefully to fewer discovery disputes. That, at least, has been my experience in other cases in which the following procedures have been employed. From this point forward, during the parties' Rule 37.2 conference, they will address and discuss each request separately. If the party raising an objection is confused about a definition that is the time to resolve the conflict. *If the objector is skeptical about relevance, this is the time for the party seeking discovery to explain its theory.* Then, before filing a motion to compel or for protective order, the parties shall prepare a combined report covering each request at issue. The report must include all the information required by Local Rule 37.2. For each request at issue, the report shall include the time spent on it at the meeting, as well as the arguments advanced by both sides. This should take the form of the movant's explanation of relevance, followed by the opponent's explanations of its objections. The report need not be prolix, but it should be sufficiently detailed to allow the court to assess whether the parties have actually conferred in good faith effort. Only then will a discovery motion be entertained. Any failure on the movant's part will result in a denial of their motion. Any failure on the opponent's part will result in a waiver of their objections. [337].

It is Caterpillar's position that it resorted to the incorporation by reference approach to "avoid burdening the court with unnecessary repetition." *See* letter of Baker Hostetler of August 12, 2013. The letter pointed out that Caterpillar's discussion of relevance was to be found in Part II.A of the Rule 37.2 Report, pages 18-25}, and that it had submitted two paragraphs of argument and

2

several case citations (pages 13-14) in support of its arguments regarding the relevance of the requested "deal documents" to the issues of real party in interest under Rule 17(a) and joinder under Rule 19. Caterpillar claimed that "[i]In the interest of brevity, [it had] incorporate[d] by reference its relevancy position as stated in Part II.A of the Report. (Dkt. No. 365, at 7-8). In its reply brief, Caterpillar again adverted to and incorporated by reference the relevance arguments that appeared in the Rule 37 Report. [408, at 5]. Hence, Caterpillar insisted that it had not waived the relevance argument in connection with the real party in interest contention.

The argument does not bear careful scrutiny. Nothing in Local Rule 7.1 or in the February 7th Order, which was designed to implement the Rule, was intended to or could be read to permit incorporating by reference sections of the Report into a brief. First, the Order had absolutely nothing to do with briefs to be submitted in support of motions. Its obvious purpose was to force counsel, who were having frequent discovery disputes, to do more than merely employing the standard, *ex cathedra* approach to argument that pervades Rule 37.2 conferences– and unfortunately all too many briefs, themselves. It was hoped that if the lawyers had to justify their position through supported argument, either they would realize the lack of merit in the argument or persuade, through reason, their opponent to realize that his position was not meritorious. There was absolutely nothing in that Order or its obvious design that remotely suggested that a brief in support of a motion following a failed Rule 37.2 conference could adopt by reference arguments advanced in the Rule 37.2 Report.

Not only does Caterpillar's position find no support in the text or intent of the order, if accepted, it would effectively negate Local Rule 7.1's 15-page limitation for briefs. Indeed, case after case in varying contexts have disapproved stratagems to avoid page limitations. One of the

frequently employed devices to skirt a limit on the size of briefs is adoption by reference to other filings or documents. *See, e.g., THI of New Mexico at Valle Norte, LLC v. Harvey,* 2013 WL 2435349, 6 (10th Cir. 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd*., 2012 WL 2576136, 4 (N.D.Cal. 2012); *Swanson v. U.S. Forest Service,* 87 F.3d 339, 343 (9th Cir.1996); *Frank v. United States,* 78 F.3d 815, 833 (2nd Cir.1996); *Ervin v. Bowersox,* 1996 WL 634204, 15 (W.D.Mo. 1996) Thus, "'[e]nforcing page limits and other restrictions on litigants is rather ordinary practice,'"which is rather strictly, and cheerfully, enforced." *Watts v. Thompson,* 116 F.3d 220, 224 (7th Cir.1997). Page limitations are "designed as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules. But extra pages may not be stronger argument. A limitation induces the advocate to write tight prose, which helps his client's cause." *Morgan v. South Bend Community School Corp*., 797 F.2d 471, 480 -481 (7th Cir.1986)(Easterbrook, J,).

In the instant case, if Caterpillar were allowed to incorporate by reference into its brief the sections of the Rule 37 report on relevance, it would have gained, by its own reckoning, 8 additional pages of briefing. *See* August 12, 2013 letter at 3. That would have then required review of the 7 pages in the Report dealing with Miller's responsive relevancy contentions, for a total of 15 pages beyond the total allowable pages permitted by L.R. 7.1. Beyond the violation of L.R. 7.1 is the difficulty for the court of having to shuffle between the briefs and the Report to try figure out the parties' arguments.

For example, Miller says that of the 8 pages of "relevance" arguments in "Part II.B of the Report" at 18-25, the argument and case citations related to the real party in interest question is to be found at pp.13-14. It is hard to see how having to jump back and forth between two separate

4

documents and searching through 8 pages of the Report to find the two paragraphs relating to the real party in interest question somehow makes the court's job easier. Yet, "[a]n advocate's job is to make it easy for the court to rule in his client's favor," *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613 (7th Cir. 2006), not to make it more difficult. Adopting by reference arguments in documents other than in the brief dealing with the particular point under consideration not only "'provide[s] an effective means of circumventing the page limitations on briefs ... [but] unnecessarily complicate[s] the task of [the]...judge.'" *In re Antrobus,* 563 F.3d 1092, 1097 (10th Cir. 2009).

Treating Caterpillar's letter of October 12, 2013 as a motion for reconsideration of the August 8, 2013 ruling, the motion is denied. Caterpillar's two-page letter of August 12, 2013 and Miller's two-page letter of August 12, 2013 and Caterpillar's letter of August 14, 2013 and Miller's letter of August 15, 2013 – all of which total 7 ½ single-spaced pages – shall be filed immediately with the Clerk of the Court so that they will be included on the docket.

**ENTERED:** _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 8/23/13

5