# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHER DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MILLER UK LTD. and MILLER INTERNATIONAL LTD., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10 C 3770 |
| v. | ) ) | Judge Wood |
| CATERPILLAR, INC., | ) ) | Magistrate Judge Cole |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER IN RESPONSE TO CATERPILLAR'S NOTICE OF PENDING MOTIONS

Caterpillar has filed what is captioned a "Notice of Pending Motions," which contends that there are motions that have been pending for an extended period without ruling. A brief review of the history of the motions reveals that the notice is not quite accurate.

### A.

From the beginning of the case, the chief dispute between the parties has been the specifics of the trade secrets that Miller contends Caterpillar has misappropriated. A number of rulings have dealt with those motions. *See, e.g.,* Docket Nos. 226, 237, 245, 259, 447, 494. Pursuant to numerous discovery requests by Caterpillar, Miller has provided many thousands of pages of discovery and has answered any number of pointed interrogatories. Caterpillar has also taken a number of depositions of a highly technical nature of Miller's employees, and conversely, Miller has done the same with Caterpillar's employees. Among the mass of documents produced have been thousands of pages of "models" of the products that are involved in this case.[1] Caterpillar has never been satisfied and has

---

[1] The term "model" inaccurately connotes to a non-engineer a relatively simple physical embodiment of an idea. Nothing could be more accurate in this case. There are some 200 or more of the "models," which are voluminous and highly technical and detailed engineering drawings of Caterpillar's Center-Lock Pin

(continued...)

filed repeated motions attempting to have Miller divulge precisely what the trade secret is. Miller has contended that it has sufficiently done so and has continually said that expert discovery – which is the next step in the case – is the time for the kind of meticulous refinement that Caterpillar has, according to Miller, unreasonably demanded.

The last of Caterpillar's motions seeking to ascertain the identity of the trade secrets involved in this case continues to insist that Miller had not properly answered interrogatories seeking to have Miller explain the trade secret or secrets involved in this case. [Dkt. 519]. The Memorandum in support of the Motion seeks to have Miller answer an interrogatory regarding its trade secrets claims. After all, says Caterpillar, Miller must have the information in light of its claim that it has "confirmed through discovery that Caterpillar has, in fact, used Miller's engineering models to design the Center-Lock coupler." (Miller Memorandum in Support of Motion to Compel, Dkt. 504 at 1).

Miller's past objections have focused in part on the claimed burdensomeness of responding to Caterpillar's specific requests and its insistence that Caterpillar should await expert discovery for the kind of specific disclosure to Caterpillar of the evidence of their trade secrets claims. The claim of undue burden has a hollow ring. It has never been properly supported and general allegations of undue burden are unavailing. *Forest Products Northwest, Inc. v. United States,* 62 Fed.Cl. 109, 114 (Fed.Cl. 2004); *Autotech Technologies Ltd. Partnership v. Automationdirect.com, Inc.,* 235 F.R.D. 435, 440 (N.D.Ill. 2006); *In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. 351, 356 (N.D.Ill.

---

[1](...continued)
Grabber Coupler. These models contain hundreds of incredibly detailed subassembly files, part files, design steps and references, textual and otherwise. Each model frequently amounts to many hundreds of pages of information despite being marked by a single Bates number. (Caterpillar Memorandum at 8)[Dkt. 520].

2005). Indeed boilerplate objections may border on a frivolous response to discovery requests. *Steed v. EverHome Mortg. Co.* 308 Fed.Appx. 364, 371 (11th Cir. 2009).

During the litigation, I had expressed the view that it was inappropriate to require that Caterpillar await expert discovery to learn about Miller's claimed trade secrets and that having brought the suit, claims of undue burden had a hollow ring. After all, Rule 11, Federal Rules of Civil Procedure, requires that there be an appropriate pre-filing factual inquiry, and Miller had its own engineers who were presumably as skilled as Caterpillar's and could make appropriate assessments about Caterpillar's alleged purloining. In any event, while I think that Miller has provided substantial amounts of information regarding the trade secrets claim, Caterpillar is entitled to know the factual underpinning for Miller's claim that discovery has at long last proved that Caterpillar is guilty of trade secret misappropriation.

It will not do for Miller, at this late date, having represented that discovery has shown its claims to be true, to now object on grounds of undue burden to providing this information to Caterpillar. And, given the lateness of the discovery process, Miller should provide this information within the next 14 days. After all, Miller says it has now "confirmed" that Caterpillar is the culprit it has always contended it was. It is troubling that, at least according to Caterpillar, there has not been any supplementation of Miller's prior answers to interrogatories designed to discover what Miller contends are its trade secrets alleged in this case.

Caterpillar's Motion to Compel Answers to its Third Set of Interrogatories [Dkt. 519] is granted but only to the extent consistent with this opinion.

**B.**

The second motion pointed out in Caterpillar's Notice to the Court involves a motion for

sanctions against Miller for discovery misconduct, [Dkt. 418], which, according to the Notice has been pending for two years. That motion was denied on September 23, 2013, more than a year ago. [Dkt. 448].

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 11/6/14