**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,** | |
| **Plaintiffs,** | **Civil Action No. 10-cv-3770** |
| **v.** | **Honorable Andrea R. Wood** |
| **CATERPILLAR INC.,** | |
| **Defendant.** | **FILED UNDER SEAL** |
| **CATERPILLAR INC.,** | |
| **Counterclaim-Plaintiff,** | |
| **v.** | |
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,** | |
| **Counterclaim-Defendants.** | |

**MEMORANDUM IN SUPPORT OF MOTION OF CATERPILLAR INC. FOR
SUMMARY JUDGMENT ON COUNT TWO (MISAPPROPRIATION OF TRADE
SECRETS) OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

I.      LEGAL STANDARD.....................................................................................1

II.     BACKGROUND ..........................................................................................1

III.    PLAINTIFFS' TRADE SECRET CLAIM SHOULD BE DISMISSED ...........................4

       A.      Plaintiffs Cannot Prove the Existence of the Alleged Trade Secrets.....................5

       B.      Plaintiffs Cannot Show They Are The Sole Owners of the Alleged Secrets.........12

       C.      Plaintiffs Fail to Show Evidence of Misappropriation ..........................................13

       D.      Plaintiffs Fail to Show Causation For Any Alleged Damages .............................14

IV.    CONCLUSION...........................................................................................16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)........................................................................................................1

*Andrea Dumon, Inc. v. Pittway Corp.*,
442 N.E.2d 574 (Ill. App. Ct. 1982) ...............................................................................9

*B.F. Gladding & Co., Inc. v. Scientific Anglers, Inc.*,
245 F.2d 722 (6th Cir. 1957) ...........................................................................................12

*BI3, Inc. v. Hamor*,
No. 08 CV 2384, 2011 WL 1231156 (N.D. Ill. Mar. 30, 2011) ...........................................12

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).........................................................................................................1

*Colony Corp. of America v. Crown Glass Corp.*,
430 N.E.2d 225 (Ill. App. Ct. 1981) ...............................................................................10

*Composite Marine Propellers, Inc. v. Van Der Woude*,
962 F.2d 1263 (7th Cir. 1992) .........................................................................................10

*Dow Chemical Canada Inc. v. HRD Corp.*,
2012 WL 6625381 (D. Del. Dec. 18, 2012)......................................................................12

*DTM Research LLC v. AT&T Corp.*,
245 F.3d 327 (4th Cir. 2001) ...........................................................................................12

*Fire 'Em Up, Inc. v. Technocarb Equip. (2004) Ltd.*,
799 F. Supp. 2d 846 (N.D. Ill. 2011) (Norgle, J.)...........................................................5

*GlobalTap LLC v. Elkay Mfg. Co.*,
2015 U.S. Dist. LEXIS 704 (N.D. Ill. Jan. 5, 2015) (Pallmeyer, J.)................................11, 13

*IDX Systems Corp. v. Epic Systems Corp.*,
285 F.3d 581 (7th Cir. 2002) ...........................................................................................11

*Johnson v. Simonton Building Prods., Inc.*,
2011 WL 251435 (D. Kan. Jan 26, 2011)........................................................................12

*KW Plastics v. United States Can Co.*,
131 F. Supp. 2d 1289 (M.D. Ala. 2001) ..........................................................................15

*Liebert Corp. v. Mazur*,
827 N.E.2d 909 (Ill. App. Ct. 2005) ...............................................................................5

*Loparex, LLC v. MPI Release Techs., LLC*,
  No. 1:09-cv-01411-JMS-TAB, 2011 WL 1135906 (S.D. Ind. Mar. 25, 2011) ......................11

*Magellan Int'l Corp. v. Salzgitter Handel GmbH*,
  76 F. Supp. 2d 919 (N.D. Ill. 1999) (Shadur, J.) ........................................................................7

*Miller UK Ltd. et al. v. Caterpillar Inc.*,
  859 F. Supp. 2d 941 (N.D. Ill. 2012) (Shadur, J.) .....................................................................5

*Morris Silverman Mgmt. Corp. v. W. Union Fin. Servs., Inc.*,
  284 F. Supp. 2d 964 (N.D. Ill. 2003) .........................................................................................9

*National Presto Industries, Inc. v. Hamilton Beach, Inc.*,
  1990 WL 208594 (N.D. Ill. Dec. 12, 1990) (Plunkett, J.) ....................................................8, 10

*Nilssen v. Motorola, Inc.*,
  963 F. Supp. 664 (N.D. Ill. 1997) (Shadur, J.) ......................................................................6, 9

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*,
  399 F. Supp. 2d 1064 (N.D. Cal. 2005) ...................................................................................15

*Pope v. Alberto-Culver Co.*,
  694 N.E.2d 615 (1st Dist. 1998) ................................................................................................8

*Rockwell Graphic Systems, Inc. v. DEV Industries, Inc.*,
  925 F.2d 174 (7th Cir. 1991) .....................................................................................................6

*Rototron Corp. v. Lake Shore Burial Vault Co.*,
  712 F.2d 1214 (7th Cir. 1983) ...................................................................................................6

*Schiller & Schmidt, Inc. v. Nordisco Corp.*,
  969 F.2d 410 (7th Cir. 1992) ...................................................................................................15

*SKF USA Inc. v. Bjerkness*,
  2010 U.S. Dist. LEXIS 80776 (N.D. Ill. Aug. 9, 2010) (Pallmeyer, J.) .................................15

*Spitz v. Proven Winners North America, LLC*,
  969 F. Supp. 2d 994 (N.D. Ill. 2013) (Hart, J.) .......................................................................14

*Stenstrom Petroleum Servs. Grp., Inc. v. Mesch*,
  874 N.E.2d 959 (Ill. App. Ct. 2007) ..........................................................................................5

*XpertUniverse Inc. v. Cisco Sys., Inc.*,
  No. 2014-1281, at 18 (Fed. Cir. Jan. 21, 2015) ......................................................................12

**Statutes**

765 ILCS 1065/2(d) ..............................................................................................................5

California Trade Secret Act ................................................................................15

Uniform Trade Secrets Act ........................................................................4, 5, 15

**Rules**

Fed. R. Civ. P. 56 ............................................................................................1

Local Rule 56.1 ................................................................................................2

**Other Authorities**

Restatement (Third) Of Unfair Competition § 39(f) (1995) ...............................5, 6, 8, 11, 14

Plaintiffs Miller UK Ltd. ("Miller UK") and Miller International Ltd. (collectively "Plaintiffs") assert a trade secret misappropriation claim (Count Two) regarding (1) pin grabber couplers for hydraulic excavators Caterpillar purchased from Plaintiffs under a 1999 contract ("Supply Agreement"), and (2) recessed-pin buckets, which Caterpillar never purchased from Plaintiffs for commercial resale. As shown herein, there is no genuine issue of material fact regarding this claim, and Caterpillar is entitled to judgment as a matter of law.[1]

## I. LEGAL STANDARD

Summary judgment must be entered against a party who fails to establish an element essential to its claim on which the party bears the burden of proof. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-movant must set out facts showing there remains a genuine issue of material fact. *Celotex*, 477 U.S. at 324. A dispute is genuine only if a reasonable jury, drawing justifiable inferences in favor of the non-movant, could return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

## II. BACKGROUND

To minimize duplication, this background section incorporates by reference Section II of the Memorandum in Support of Motion of Caterpillar Inc. for Summary Judgment on Count One (Breach of Contract). However, for the Court's convenience, excerpts from that background section which summarize the alleged trade secrets/confidential information are replicated below.

===============

Plaintiffs have disclosed *some* of their alleged trade secrets, at least to some degree. While the sheer volume of information types referenced by Plaintiffs necessitates addressing them collectively, they may be organized into three groups for purposes of assessment (*see*

---

[1] On May 18, 2015, Caterpillar filed a companion motion for summary judgment on Plaintiffs' Count One (Breach of Contract). With only two exceptions (*see* footnote 6, *infra*), Plaintiffs refer interchangeably to information as being allegedly subject to contractual protection and also constituting alleged trade secrets.

SOUF-TS 18, 20-45 for full description and citation).[2] *First,* Plaintiffs identified twenty-one (21) supposed trade secrets with some modicum of specificity (identified as Item Nos. 1-21 in the chart below, annotated in more detail in SOUF-TS 21-41, and discussed in more detail in Section III, *infra*). However, these items are not trade secrets for the five reasons stated below:

- Many Items are revealed in ***patents*** that existed before Caterpillar began development of its Center-Lock Coupler in 2005 (*see* SOUF-TS 20-33, 35, 37, 39-41, discussing Item Nos. 1-13, 15, 17, 19-21);

- Many Items are readily ascertainable from products existing ***on the market*** before Caterpillar began development of its Center-Lock Coupler (*see* SOUF-TS 21-25, 27-33, 35-37, 39-41, discussing Item Nos. 1-5, 7-13, 15-17, 19-21);

- Many Items were ***widely known*** in the trade and/or ***publicized*** by Plaintiffs before Caterpillar began development of its Center-Lock Coupler (*see* SOUF-TS 21, 28-29, 32-41, discussing Item Nos. 1, 8-9, 12-21);



*Second,* as seen in the chart below, Plaintiffs never identified five items (Item Nos. 24-28) with enough specificity to allow Caterpillar to rebut them. (SOUF-TS 43.) And, *third,* as also seen in the chart below, Plaintiffs are no longer pursuing four items (Item Nos. 29-32). (SOUF-

---

[2] A Local Rule 56.1 Statement of Undisputed Facts with citations to supporting materials is filed herewith. Citations to paragraph numbers in the Statement will be referenced herein as "SOUF-TS __".



For Item Nos. 1-18 and 20-21, Plaintiffs have no evidence of use or misappropriation by Caterpillar. (*See* SOUF-TS 21-38, 40-41, discussing Item Nos. 1-18 and 20-21.) Specifically, Plaintiffs have no evidence that Caterpillar used in its Center-Lock Coupler the individual design

features or other information related to the Miller-supplied Pin Grabber Plus ("PGP") Coupler identified in Item Nos. 1-18, or that Caterpillar used in its recessed pin bucket the individual design features or other information related to Item Nos. 20-21. Plaintiffs' insistence that Caterpillar's Center-Lock Coupler "looks similar" to the Miller-supplied PGP Coupler (*i.e.,* it has a generally similar profile, *see* SOUF-TS 42) does not provide proof of "use."



### III.     PLAINTIFFS' TRADE SECRET CLAIM SHOULD BE DISMISSED

Plaintiffs' trade secret contentions have changed over time, but even now the alleged secrets cannot support a misappropriation claim because Plaintiffs cannot prove essential elements on which they bear the burden, namely (1) existence of each of their trade secrets, (2) ownership, (3) misappropriation of each trade secret by Caterpillar, and (4) causation.

The Uniform Trade Secrets Act defines "trade secret" as "information…that derives independent economic value, actual or potential, from not being generally known to, and not readily ascertainable by proper means by, other persons who can obtain economic value from its

disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."[4] UTSA §1 at 4(i), (ii); *see also* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39(f) (1995). Thus, each claimed trade secret must be sufficiently secret to give Plaintiffs a competitive advantage. *See Stenstrom Petroleum Servs. Grp., Inc. v. Mesch*, 874 N.E.2d 959, 971 (Ill. App. Ct. 2007) (citing 765 ILCS 1065/2(d)); *Liebert Corp. v. Mazur*, 827 N.E.2d 909, 920 (Ill. App. Ct. 2005).[5]

### A. Plaintiffs Cannot Prove the Existence of the Alleged Trade Secrets

Plaintiffs' alleged secrets in Nos. 1-21 and 24-32 do not qualify as trade secrets because they are not secret (Group 1), are not identified with enough particularity to determine their qualification as a trade secret (Group 2), or have been withdrawn by Plaintiffs (Group 3). *See* Section II, *supra*, identifying alleged trade secret Nos. 1-21, 24-32.[6]

***Group (1).*** Trade secret claims based on information in Item Nos. 1-21 should be dismissed because the information is not secret. *See, e.g., Miller UK Ltd. et al. v. Caterpillar Inc.*, 859 F. Supp. 2d 941, 944 (N.D. Ill. 2012) (Shadur, J.) (public information, even if economically valuable, cannot be a trade secret); *see also* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39, cmt. f (1995) ("protection under the law of trade secrets terminates when the

---

[4] Many states, including Illinois, have adopted the Uniform Trade Secrets Act ("UTSA"). Plaintiffs assume that Illinois law applies to their trade secret misappropriation claim. (SAC, Dkt. No. 564, at ¶ 1.) Under Illinois law, Plaintiff must show that (1) a trade secret existed, (2) the trade secret was misappropriated, and (3) the owner of the trade secret was damaged by the misappropriation. *Fire 'Em Up, Inc. v. Technocarb Equip. (2004) Ltd.*, 799 F. Supp. 2d 846, 850 (N.D. Ill. 2011) (Norgle, J.).

[5] To identify trade secrets, Illinois courts consider: (1) the extent to which the information is known outside the plaintiff's business; (2) the extent to which it is known by employees and others involved in the plaintiff's business; (3) measures taken to guard the information's secrecy; (4) the value to the plaintiff and its competitors; (5) the effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Stenstrom*, 874 N.E.2d at 972.

[6] Item Nos. 22 and 23 are alleged to be confidential information, rather than trade secrets, and so are not addressed herein. *See* Section II (chart), *supra*. They are addressed in Caterpillar's motion for summary judgment on Count One (Breach of Contract).

information becomes generally known or readily ascertainable by proper means" (citing *Rockwell Graphic Systems, Inc. v. DEV Industries, Inc.*, 925 F.2d 174 (7th Cir. 1991)). As discussed below, Plaintiffs' "secrets" are revealed in patents and in products on the market, are widely known and/or publicized in the industry, or were provided or known to Caterpillar under conditions precluding claims of secrecy.

*Patents*.  Plaintiffs' alleged trade secrets in Item Nos. 1-13, 15, 17, 19-21 are revealed in ***patents*** and, therefore, are most decidedly not secret. (SOUF-TS 21-33, 35, 37, 39-41, discussing Item Nos. 1-13, 15, 17, 19-21; *see also* SOUF-TS 13-16 (Miller employees testifying that patents and products are in the public domain.)[7] ███████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████

---

[7] Trade secret protection is lost by a patent, as "'the grant of a patent automatically constitutes full disclosure of the patented process' (*Rototron Corp. v. Lake Shore Burial Vault Co.*, 712 F.2d 1214, 1215 (7th Cir. 1983))." *Nilssen v. Motorola, Inc.*, 963 F. Supp. 664, 676 n.14 (N.D. Ill. 1997) (Shadur, J.); *see also* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39(c), cmt. f (1995) ("for matter disclosed in the patent, issuance terminates the secrecy required for continued protection as a trade secret"); *id.* § 39(f) ("information that is disclosed in a patent…does not qualify for protection").

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████



Information readily accessible in a commercially available product (either from visual inspection or from reverse-engineering) cannot be a secret. *See Magellan Int'l Corp. v. Salzgitter Handel GmbH*, 76 F. Supp. 2d 919, 927 (N.D. Ill. 1999) (Shadur, J.) ("[I]f the information that it really seeks to keep secret (the specifications) were to be apparent or readily derivable from the



product said to embody the secret (the steel itself), it would not be a 'secret' at all."); *National Presto Industries, Inc. v. Hamilton Beach, Inc.*, 1990 WL 208594, *8 (N.D. Ill. Dec. 12, 1990) (Plunkett, J.) (granting summary judgment because "[p]utting a product on the market [is] just the sort of disclosure that results in abandonment of a trade secret"); *Pope v. Alberto-Culver Co.*, 694 N.E.2d 615, 618 (Ill. App. Ct. 1998) ("A design or process that can be easily ascertained from an examination of the product itself cannot be a trade secret."); RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39(f) (1995) ("information readily ascertainable from an examination of a product on public sale or display is not a trade secret").

**Information Widely Known.** Plaintiffs' alleged trade secrets in Item Nos. 1, 8-9, 12-21 were **widely known** engineering concepts, publicized by Plaintiffs, or known to Caterpillar through its own engineering work. (SOUF-TS 21, 28-29, 32-41.)[10]

---

[10] "Information that is generally known…by others to whom it has potential economic value is not protectable as a trade secret." RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39(f) (1995); *see also* § 39(f) ("information that is…contained in published materials reasonably accessible to competitors does not qualify for protection").



See *Nilssen v. Motorola, Inc.*, 963 F. Supp. 664, 674 (N.D. Ill. 1997) (Shadur, J.) ("it cannot be true that Nilssen's legwork in identifying basic characteristics of the lighting or electronic ballast industries—for example, the size and structure of the electronic ballast market and the industry's main corporate participants—may serve as the foundation for a claim under [ITSA]").

*See Nilssen,* 963 F. Supp. at 680 (ITSA "does not purport to limit or override an express contractual arrangement governing the confidential exchange of proprietary information.… Instead, because a confidentiality agreement is a valid contract enforceable according to its terms, Illinois law precludes the finding of 'any implied duty of nondisclosure' that 'would directly contradict the express agreement of the parties.'") (*quoting Andrea Dumon, Inc. v. Pittway Corp.,* 442 N.E.2d 574, 579 (Ill. App. Ct. 1982)); *see also Morris Silverman Mgmt. Corp. v. W. Union Fin. Servs., Inc.,* 284 F. Supp. 2d 964, 992 (N.D. Ill. 2003) (trade secret

9

defendant did not violate contract by creating a customer list or disclosing the plaintiff's forms to third parties).



Plaintiffs cannot reclaim the "secrecy" of information that has been lost by disclosure to or from a third party. *See, e.g., Composite Marine Propellers, Inc. v. Van Der Woude,* 962 F.2d 1263, 1266 (7th Cir. 1992) (trade secret protection lost once plaintiff failed to protect against disclosure by third-party).

Plaintiffs' failure to offer affirmative evidence to satisfy their burden to prove the alleged trade secrets were secret (*i.e.*, not revealed in public information), or even specify evidence to rebut the testimony of Caterpillar's experts, is fatal to their trade secret claims. *See, e.g., Colony Corp. of America v. Crown Glass Corp.*, 430 N.E.2d 225, 227 (Ill. App. Ct. 1981) (holding there was no trade secret where manufacturer of glass candle jars could not prove blueprints and molds used to make the jars were trade secrets because the jars were on the market, were readily disclosed by the product itself, and it was "incumbent upon plaintiff to show that the prints and molds could not be duplicated [simply] from examination of the glasses"); *Nat'l Presto*, 1990 WL 208594, *9 (granting summary judgment where trade secret Plaintiff failed to dispute record

evidence it abandoned its alleged trade secrets by showing the product to about 100 customers, and selling several units).

*__Group (2)__.* Claims based on Item Nos. 24-28 should be dismissed because the alleged secrets are not identified, even after years of discovery and multiple court orders. (SOUF-TS 43.) Trade secrets, and the basis of the alleged misappropriation, must be identified with particularity. *See, e.g.*, *GlobalTap LLC v. Elkay Mfg. Co.*, 2015 U.S. Dist. LEXIS 704, at *22-23 (N.D. Ill. Jan. 5, 2015) (Pallmeyer, J.) (in granting summary judgment, court said plaintiff "must identify its trade secrets with sufficient specificity before the court will analyze the secrecy of that information"); *see also* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39(d), cmt. f (1995) (plaintiff bears burden of defining information for which protection is sought "with sufficient definiteness to permit a court to apply the criteria for protection…and to determine the fact of an appropriation").

Alleging, for example, Caterpillar misappropriated "marketing information" (No. 27) or "testing protocols" (No. 28) from Plaintiffs is insufficiently particular, as a matter of law. Summary judgment is especially appropriate when trade secrets are not sufficiently identified. *See IDX Systems Corp. v. Epic Systems Corp.*, 285 F.3d 581, 583-84 (7th Cir. 2002) (affirming summary judgment under Wisconsin version of UTSA because "IDX's tender of the complete documentation for the software leaves mysterious exactly which pieces of information are the trade secrets….[A] plaintiff must do more than just identify a kind of technology and then invite the court to hunt through the details in search of items meeting the statutory definition.") (citation omitted); *Loparex, LLC v. MPI Release Techs., LLC*, 2011 WL 1135906, at *6 (S.D. Ind. Mar. 25, 2011) (granting summary judgment under ITSA where supporting declarations as to trade secrets such as "capacity and methods to coat specific products for customers" were

"impermissibly conclusory" and lacking in specificity); *BI3, Inc. v. Hamor*, No. 08 CV 2384, 2011 WL 1231156, at *15 (N.D. Ill. Mar. 30, 2011) (Kim, M.J.) (granting summary judgment under ITSA for claims based on general categories, such as "URL tracking technology" or "elements" of a system, because they were not precise enough to show secrets were "secret rather than general knowledge in the industry").

    *Group (3).* Claims based on Category Nos. 29-32, which Plaintiffs have withdrawn as asserted trade secrets (SOUF-TS 44), should be dismissed. *See XpertUniverse Inc. v. Cisco Sys., Inc.,* No. 2014-1281, at 18 (Fed. Cir. Jan. 21, 2015) (dismissal of 44 of 46 alleged trade secrets).

### B. Plaintiffs Cannot Show They Are The Sole Owners of the Alleged Secrets

    Plaintiffs cannot show they have exclusive ownership of the alleged trade secrets for three reasons. *First*, Caterpillar collaborated in the development of the PGP coupler (SOUF-TS 6-12), which provided Caterpillar joint ownership of any supposed trade secret disclosed during the collaboration. *See DTM Research LLC v. AT&T Corp.*, 245 F.3d 327, 332 (4th Cir. 2001) ("While the information forming the basis of a trade secret can be transferred, as with personal property, its continuing secrecy provides the value, and any general disclosure destroys the value. As a consequence, one 'owns' a trade secret when one knows of it, as long as it remains a secret."); *see also B.F. Gladding & Co., Inc. v. Scientific Anglers, Inc.*, 245 F.2d 722, 728-29 (6th Cir. 1957) (trade secrets that are "jointly owned and/or developed" by both parties to an engineering consulting agreement were intended to be enjoyed by both parties; neither party had exclusive control); *Dow Chemical Canada Inc. v. HRD Corp.*, 2012 WL 6625381, at *7 (D. Del. Dec. 18, 2012) (research and development activities constituting the trade secret was conducted by trade secret *defendant*, not trade secret claimant, during collaborative product development); *Johnson v. Simonton Building Prods., Inc.*, 2011 WL 251435, at *10-11, *13 (D. Kan. Jan 26,

12

2011) (summary judgment required where plaintiffs failed to prove information "developed by plaintiffs and defendants jointly" was secret).

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████. Plaintiffs have no standing to pursue trade secret claims. *See* 4-15 Milgrim on Trade Secrets § 15.01 (2015) ("claimant must establish that it is the owner (or at least the exclusive licensee) of matter that qualifies as a trade secret").

*Third,* Miller UK assigned its trade secrets to Miller International. (SOUF-TS 19.) Miller UK lacks standing.

### C. Plaintiffs Fail to Show Evidence of Misappropriation

There is no evidence Caterpillar used any of the alleged trade secrets in Category Nos. 1-18, and 20-21. (SOUF-TS 44.) Plaintiffs have the burden to show Caterpillar used each of the alleged trade secrets. *See GlobalTap LLC,* 2015 U.S. Dist. LEXIS at *26. Making broad, unsupported assertions about Caterpillar's alleged use is not sufficient to avoid summary judgment. *Id.,* at *26-27 (once Defendant pointed to the absence of evidence of "use," Plaintiff failed to satisfy its burden by making "only scattered and general assertions that relate to Elkay's use of the information contained within the Business Plan and its list of partners"). And, pointing to the general similarities in the physical appearance of the products, where Plaintiffs' product has been on the market for years, is insufficient as a matter of law. *Id.* at *27-29 (assertion that defendant Elkay used a general design "does not create a dispute of material fact" where the "only information [identified] is a description of the height, look, and profile of GlobalTap's design, including the position of the spout and drain" which "became public knowledge…before Elkay launched its own line, and therefore was no longer a trade secret"); *Spitz v. Proven*

13

*Winners North America, LLC,* 969 F. Supp. 2d 994, 1007 (N.D. Ill. 2013) (Hart, J.) (summary judgment where evidence of use was based on information that was publicly available).



### D. Plaintiffs Fail to Show Causation For Any Alleged Damages

Plaintiffs' obvious struggle to first identify, then substantiate, their alleged trade secrets portends trouble for another key element of their trade secret claim – proof of causation. *See* RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 45(b) (1995) ("plaintiff bears the burden of proving the fact and ***cause*** of any loss") (emphasis added). Here, Plaintiffs simply claim a lump sum of damages based on an assumption that 100% of Caterpillar's profits from the allegedly infringing product is attributable to the alleged misappropriation of ***all*** of Plaintiffs' so-called trade secrets. (SOUF-TS 46.) Plaintiffs do not identify damages that should be discounted if they fail to prove misappropriation of some of their alleged secrets. (*Id.*)

14

Judge Posner criticized the "simplistic extrapolation and childish arithmetic" inherent in a trade secret claim when the expert made no attempt to "separate the damages that resulted from the lawful entry of a powerful competitor…from the damages that resulted from particular forms of misconduct allegedly committed by that competitor." *Schiller & Schmidt, Inc. v. Nordisco Corp.*, 969 F.2d 410, 415-16 (7th Cir. 1992). Following *Schiller*, courts in this district have taken care not to award misappropriation damages unless the plaintiff provided proof of a causal link. *SKF USA Inc. v. Bjerkness*, 2010 U.S. Dist. LEXIS 80776, at *24 (N.D. Ill. Aug. 9, 2010) (Pallmeyer, J.) (finding Plaintiff failed to prove a "causal link between the misappropriation of its trade secrets and its loss of business").

This principle is recognized in other jurisdictions applying ITSA or their version of UTSA. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 399 F. Supp. 2d 1064, 1077 (N.D. Cal. 2005) (judgment as a matter of law under California UTSA, where jury concluded less than all of the trade secrets were used, but did not have a reasonable basis to determine the amount of unjust enrichment based upon misappropriation of "Trade Secret 1" because expert only provided damages based on a set of secrets); *KW Plastics v. United States Can Co.*, 131 F. Supp. 2d 1289, 1295 (M.D. Ala. 2001) (rejecting under ITSA an expert's calculation that each penny defendant gained constituted unjust enrichment because the expert failed to determine the value of the specific trade secrets used). Here, Plaintiffs assert a single amount of damages for all of their alleged trade secrets, regardless of whether they prove the existence of, or misappropriation by, Caterpillar of something less than all of the alleged trade secrets. (SOUF-TS 46.) Accordingly, Plaintiffs' claim fails for lack of proof of causation.

## IV.     CONCLUSION

For all of the foregoing reasons, Caterpillar respectfully requests the Court to grant its motion for summary judgment on Count Two (Misappropriation of Trade Secrets) of Plaintiffs' Second Amended Complaint.

Date:  May 18, 2015                                        Respectfully submitted,

                                                           */s/* Gregory L. Baker
John M. Touhy (NDIL 3128400)                               Gregory L. Baker (NDIL 288357)
Edward H. Williams (NDIL 6217053)                          Terry L. Sullivan (admitted *pro hac vice*)
BAKER & HOSTETLER LLP                                      Carey S. Busen (admitted *pro hac vice*)
191 North Wacker Drive, Suite 3100                         BAKER & HOSTETLER LLP
Chicago, IL 60606-1901                                     1050 Connecticut Ave., N.W., Suite 1100
(312) 416-6200 phone                                       Washington, D.C. 20036-5304
(312) 416-6201 facsimile                                   (202) 861-1500 phone
jtouhy@ bakerlaw.com                                       (202) 861-1783 facsimile
ehwilliams@bakerlaw.com                                    gbaker@bakerlaw.com
                                                           tsullivan@bakerlaw.com

                                                           *Attorneys for Defendant and Counterclaim-*
                                                           *Plaintiff Caterpillar Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I, Tim Petre, hereby certify that on May 18, 2015, a true and correct, unredacted copy of the foregoing ***Memorandum in Support of Motion of Caterpillar Inc. for Summary Judgment on Count Two (Trade Secret Misappropriation) of Plaintiffs' Second Amended Complaint*** was filed under seal with the Clerk of the Court and served via electronic mail upon the following counsel of record:

> Reed S. Oslan
> roslan@kirkland.com
> Justin A. Barker
> jbarker@kirkland.com
> Inbal Hasbani
> ihasbani@kirkland.com
> KIRKLAND & ELLIS LLP
> 300 North LaSalle
> Chicago, IL 60654
> Tel: 312-862-2000
> Fax: 312-862-2200

/s/ Timothy P. Petre
Timothy P. Petre