**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>**Plaintiffs,**<br>**v.**<br><br>**CATERPILLAR INC.,**<br><br>**Defendant.** | **Civil Action No. 10-cv-3770**<br><br>**Honorable Andrea Wood** |
| **CATERPILLAR INC.,**<br><br>**Counterclaim-Plaintiff,**<br>**v.**<br><br>**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>**Counterclaim-Defendants.** | **FILED UNDER SEAL** |

# STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION OF CATERPILLAR INC. FOR SUMMARY JUDGMENT ON COUNT TWO (MISAPPROPRIATION OF TRADE SECRETS) OF PLAINTIFFS' SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I. THE PARTIES/VENUE/JURISDICTION ..... 1

II. EARLY RELATIONSHIP BETWEEN CATERPILLAR AND PLAINTIFFS ..... 1

III. MILLER'S CLAIMED TRADE SECRETS AND CONFIDENTIAL INFORMATION ..... 6

IV. CAUSATION AND DAMAGES ..... 27

Caterpillar Inc. ("Caterpillar") hereby submits this statement of undisputed material facts in support of Motion of Caterpillar Inc. for Summary Judgment on Count Two (Trade Secret Misappropriation) of Plaintiffs' Second Amended Complaint.[1]

## I. THE PARTIES/VENUE/JURISDICTION

**SOUF-TS 1:** Caterpillar is an original equipment manufacturer of equipment used, *inter alia*, in the earthmoving industry. (Answer to Second Amended Complaint, ¶ 8, Docket No. 569.) Plaintiff Miller UK Ltd. ("Miller UK") is a privately-held corporation in the United Kingdom that manufactures buckets and quick couplers used with earthmoving equipment. (*Id.*, ¶ 2.) Plaintiff Miller International Ltd. ("Miller International") is a privately held corporation in Gibraltar. (*Id.*, ¶ 2.)[2] Caterpillar stated that venue is proper in this judicial district, there is diversity of citizenship between the parties, and the Court has personal jurisdiction over Caterpillar. (*Id.*, ¶¶ 4-6.)

## II. EARLY RELATIONSHIP BETWEEN CATERPILLAR AND PLAINTIFFS

[1] All referenced exhibits cited herein refer to the exhibits attached to the Declaration of Carey S. Busen in Support of Motion of Caterpillar Inc. for Summary Judgment on Count Two (Trade Secret Misappropriation) of Plaintiffs' Second Amended Complaint, filed concurrently herewith.

[2] Miller UK and Miller International will be collectively referred to as "Plaintiffs" herein.

**SOUF-TS 3:** Miller Welding was a previous name used by Miller UK. (Ex. 2, 4/23/13 Miller's First Amended Responses to Third Set of Requests to Admit No. 1.)



[3] Caterpillar notes for the Court that documents written by Plaintiffs are often dated in the British style: MM-DD-YYYY. In this instance, the project start date of 1.9.98 is September 1, 1998.













As shown in the report of Dr. Fronczak, there are four reasons why the alleged information in Item No. 1 is not confidential/secret. (Ex. 9, Fronczak Report at 42-43 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 59, Miller's Responses to Fifth Set of Requests to Admit No. 96; Ex. 13, 5/7/14 G. Miller Depo. at 22:2-8, 52:9-53:12, 77:16-21; Ex. 6, 5/14/14 Ferguson Depo. at 111:11-112:7; Ex. 61, US Patent No. 6,922,926.



As shown in the report of Dr. Fronczak, there are four reasons why the alleged information in Item No. 2 is not confidential/secret. (Ex. 9, Fronczak Report at 43-44 (reasons include revealed in ***patents***, and readily discernible in a product ***on the market***); *see* SOUF-TS 21, *supra*.) In addition, Plaintiffs' employee Howard Reay testified that it is possible to see and measure the distance between the upper and lower pins with the naked eye. (Ex. 52, 4/25/14 Reay Depo. at 41:13-20.) The distance between the pins is also disclosed in Pro-E models Caterpillar received from ***RCID*** and Pro-E models Caterpillar received from Miller ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12.)





As shown in the report of Dr. Fronczak, there are four reasons why the alleged information in Item No. 3 is not confidential/secret. (Ex. 9, Fronczak Report at 44-47 (reasons include revealed in ***patents***, and readily discernible in a product ***on the market***).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 63, 5/17/13 Miller's Second Amended Responses to Fourth Set of Requests to Admit Nos. 96-97, 100; Ex. 6, 5/14/14 Ferguson Depo. at 236:15-237:13, 319-321; Ex. 64, DX 284; Ex. 13, 5/7/14 G. Miller 47:8-20; Ex. 62, US Patent No. D440,983; Ex. 61, US Patent No. 6,922,926; Ex. 65, GB Patent No. 2433245 A; Ex. 31, 10/29/12 Moody 30(b)(6) Depo. at 88:10-89:4, 92:21-93:8, 96:17-97:8, 201:2-203:10; Ex. 66, DX 354 at -660; Ex. 67, DX 368 at -617, -621. The horseshoe shaped recess is also disclosed in Pro-E models Caterpillar received from ***RCID***, and Pro-E models Caterpillar received from Miller ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12.)



[redacted] As shown in the report of Dr. Fronczak, there are three reasons why the alleged information in Item No. 4 is not confidential/secret. (Ex. 9, Fronczak Report at 47-48 (reasons include revealed in ***patents***, and readily discernible in a product ***on the market***).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 68, 11/19/13 Robl 30(b)(6) Depo. at 73:22-77:21; and in SOUF-TS 23, *supra*. The horseshoe shaped recess is also disclosed in Pro-E models Caterpillar received from ***RCID***, and Pro-E models Caterpillar received from Miller ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12.)

[redacted]

[redacted] As shown in the report of Dr. Fronczak, there are three reasons why the alleged information in Item No. 5 is not confidential/secret. (Ex. 9, Fronczak Report at 48-49 (reasons include revealed in ***patents***, and readily discernible in a product ***on the market***).) The record material Dr. Fronczak relies on

can be found in the following exhibits: Ex. 69, MILLER008671-673; Ex. 13, 5/7/14 G. Miller Depo. at 50:4-51:15; Ex. 62, US Patent No. D440,983. Plaintiffs' employee Howard Reay testified that the radius of the curved neckline would be revealed by visual inspection. (Ex. 52, 4/25/14 Reay Depo. at 43:6-10.) The curved neckline is also disclosed in Pro-E models Caterpillar received from ***RCID***, and Pro-E models Caterpillar received from Plaintiffs ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12.)

As shown in the report of Dr. Fronczak, there are two reasons why the alleged information in Item No. 6 is not confidential/secret. (Ex. 9, Fronczak Report at 49-50 (reasons include revealed in ***patents***).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 70, US Patent No. 6,481,124; Ex. 6, 5/14/14 Ferguson Depo. at 127:2-18; Ex. 71, MILLER2111997-999; Ex. 72, MILLER0975935-936.

***Response*** As shown in the report of Dr. Fronczak, there are two reasons why the alleged information in Item No. 7 is not confidential/secret. (Ex. 9, Fronczak Report at 50-51 (reasons include revealed in ***patents***, and readily discernible in a product ***on the market***).) The record

material Dr. Fronczak relies on can be found in the following exhibits: Ex. 70, US Patent No. 6,481,124.

As shown in the report of Dr. Fronczak, there are four reasons why the alleged information in Item No. 8 is not confidential/secret. (Ex. 9, Fronczak Report at 51-54 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 73, US Patent No. 2,168,053; Ex. 74, US Patent No. 4,116,347; Ex. 75, US Patent No. 6,074,120; Ex. 70, US Patent No. 6,481,124; Ex. 59, 5/20/13 Miller's Responses to Fifth Set of Requests to Admit Nos. 85-86; Ex. 76, US Patent No. 7,914,226; Ex. 77, GB Patent No. 2446138A; Ex. 31, 10/29/12 Moody 30(b)(6) Depo. at 88:10-89:4, 92:21-93:8, 96:17-97:8. The boss system is also disclosed in Pro-E models Caterpillar received from ***RCID***, and Pro-E models Caterpillar received from Miller ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12.)

As shown in the report of Dr. Fronczak, there are five reasons why the alleged information in Item No. 9 is not confidential/secret. (Ex. 9, Fronczak Report at 54-56 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 78, US Patent No. 6,881,002 B2; Ex. 79, CAT-M319365-388, at -366; Ex. 63, 5/17/13 Miller's Second Amended Responses to Fourth Set of Requests to Admit Nos. 55, 60; Ex. 80, US Patent No. 6,042,295; Ex. 81, US Patent No. 6,857,842; Ex. 82, US Patent No. 4,955,779;

Ex. 97, US Patent No. 5,494,396; Ex. 83, US Patent No. 6,312,212; Ex. 75, US Patent No. 6,074,120; Ex. 84, US Patent No. 6,691,438; Ex. 85, US Patent No. 5,546,683.



***Response***  As shown in the report of Dr. Fronczak, there are four reasons why the alleged information in Item No. 10 is not confidential/secret.  (Ex. 9, Fronczak Report at 57-59 (reasons include revealed in ***patents***, and readily discernible in a product ***on the market***).)  The record material Dr. Fronczak relies on can be found in the following exhibits:  Ex. 52, 4/25/14 Reay

Depo. at 212:8-213:13, 218:15-20; Ex. 63, 5/17/13 Miller's Second Amended Responses to Fourth Set of Requests to Admit Nos. 66-69, 71; Ex. 6, 5/14/14 Ferguson Depo. at 226:11-227:13; Ex. 86, DX 277; Ex. 87, DX 279; Ex. 88, DX 280; Ex. 89, DX 278; Ex. 13, 5/7/14 G. Miller Depo. at 29:5-30:10, 41:4-42:5; Ex. 5, 4/22/14 K. Miller Depo. at 200:8-21; Ex. 31, 10/29/12 K. Moody 30(b)(6) Depo. at 45:1-11; Ex. 90, DX 359; Ex. 91, US Patent No. D458,942; Ex. 92, US Patent No. 4,214,840; Ex. 93, US Patent No. 5,634,735. Mag 7 Coupler Pro-E models embodying this feature were shared with Caterpillar ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12.)

As shown in the report of Dr. Fronczak, there are three reasons why the alleged information in Item No. 11

is not confidential/secret. (Ex. 9, Fronczak Report at 59-61 (reasons include revealed in ***patents***, and readily discernible in a product ***on the market***).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 94, DX 328; Ex. 70, US Patent No. 6,481,124; Ex. 95, CAT-M318421-428; Ex. 89, DX 278; Ex. 13, 5/7/14 G. Miller Depo. at 68:3-69:8. Neither the PGP Coupler nor the Center-Lock Coupler embodies a cover plate. (Ex. 9, Fronczak Report at 59.)

***Response*** As shown in the report of Dr. Fronczak, there are four reasons why the alleged information in Item No. 12 is not confidential/secret. (Ex. 9, Fronczak Report at 61-63 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 6, 5/14/14 Ferguson Depo. at 232:13-233:3; Ex. 98, DX 334; Ex. 99, US Patent No. 3,782,571; Ex. 100, US Patent No. 4,167,274; Ex. 76, US Patent No. 7,914, 226; Ex. 2, Miller's Responses to Third Set of Requests to Admit Nos. 88-91.

***Response*** As shown in the report of Dr. Fronczak, there are four reasons why the alleged information in Item No. 13 is not confidential/secret. (Ex. 9, Fronczak Report at 63-64 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in

the following exhibits: Ex. 63, 5/17/13 Miller's Second Amended Responses to Fourth Set of Requests to Admit Nos. 79-81, 94-95, 102; Ex. 101, US Patent No. 5,525,167; Ex. 102, US Patent No. 5,110,244.

***Response*** As shown in the report of Dr. Fronczak, there are two reasons why the alleged information in Item No. 14 is not confidential/secret. (Ex. 9, Fronczak at 64-65 (reasons include ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 103, available at http://www.millergroundbreaking.com/wpcontent/uploads/2011/05/MillerPowerLatchBrochureA4.pdf; Ex. 104, DX 428, at -592; Ex. 14, 5/28/14 K. Miller 30(b)(6) Depo. at 160:17-161:21; Ex. 52, 4/25/14 Reay Depo. at 60:2-61:3.) There is no evidence that Caterpillar built its own test fatigue rig using Miller's test rig as an exemplar because Caterpillar's J hook test rig is completely different than Plaintiffs' rig. (Ex. 105, 4/23/15 Fronczak Depo. at 286:16-287:12.)

***Response*** As shown in the report of Dr. Fronczak, there are five reasons why the alleged information in Item No. 15 is not confidential/secret. (Ex. 9, Fronczak Report at 65-70 (reasons

include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 106, US Patent No. 6,422,805; Ex. 107, US Patent No. 8,256,148; Ex. 61, US Patent No. 6,922,926; Ex. 76, US Patent No. 7,914,226; Ex. 108, Patent No. WO 2008/029112 A2 (PCT/GB2007/003324); Ex. 13, 5/7/14 G. Miller Depo. at 34:8-22; Ex. 109, 5/16/14 Moody Depo. at 198:6-201:15; Ex. 67, DX 368, at -597-602; Ex. 110, DX 367 at -419-425; Ex. 6, 5/14/14 Ferguson Depo. at 204:20-209:7; Ex. 111, US Patent No. 5,147,173. Publicly-available Miller product manuals also disclose how to install the hydraulic lines. (Ex. 67, DX 368 at -597-600, -602.) The hydraulic lines and hoses for the PGP are also disclosed in Pro-E models Caterpillar received from ***RCID*,** and in Pro-E models Caterpillar received from Miller ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12.)

[redacted].

***Response*** As shown in the report of Dr. Fronczak, there are two reasons why the alleged information in Item No. 16 is not confidential/secret. (Ex. 9, Fronczak Report at 70-71 (reasons include readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 112, MILLER2466686-92, at -688-689 (Case); Ex. 113, MILLER2072083-130, at -110 (CNH); Ex. 114, MILLER2131568-69 (Volvo); Ex. 115, 4/14/14 Flannery Depo. at 209:2-17 (Paladin); Ex. 116, 6/19/14 Jones Depo. at 101:2-102:1 (ESCO); Ex. 117, 9/16/14 Walker Depo. at 606:14-607:3; Ex. 118, Caterpillar website at http://www.cat.com/en_US/products/new/attachments/couplers-excavator/center-lock-pingrabber-quick-couplers/18271228.html; Ex. 31, 10/29/12 Moody 30(b)(6) Depo. at 174:13-175:17; Ex. 13, 5/7/14 G. Miller Depo. at 81:9-20.

[redacted]

[redacted]

***Response*** As shown in the report of Dr. Fronczak, there are three reasons why the alleged information in Item No. 17 is not confidential/secret. (Ex. 9, Fronczak Report at 71-74 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry); *see* Ex. 119, US Patent No. 6,132,131; Ex. 120, US Patent No. 5,487,230; Ex. 121, US Patent No. 6,513,268; Ex. 84, US Patent No. 6,691,438; Ex. 122, US Patent No. 5,890,871; Ex. 111, US Patent No. 5,147,173; Ex. 70, US Patent No. 6,481,124.)

[redacted]

***Response*** As shown in the report of Dr. Fronczak, the alleged information in Item No. 18 is not confidential/secret. (Ex. 9, Fronczak Report at 74-75 (reasons include ***widely known*** and/or publicized in the industry).) To the extent Plaintiffs claim that parametric design was not useful for the PGP Coupler, that information would be discernible in the Pro-E models shared with Caterpillar by Miller ***prior to April 1999,*** or in Pro-E models shared with Caterpillar by ***RCID***. (*See* SOUF-TS 2-6, 8-12.)

[redacted]

[redacted] As shown in the report of Dr. Glew, there are several reasons why the alleged information in Item No. 19 is not confidential/secret. (Ex. 15, Glew Report at 50, 58, 60-62 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) As to at least the coupler for the 320/322 and 330 HEX, the information contained in these engineering models and drawings was disclosed to Caterpillar by ***RCID,*** or in models and drawings Caterpillar received from Miller ***prior to April 1999***. (*See* SOUF-TS 2-6, 8-12; *see also* SOUF-TS 42.)

[redacted]

***Response*** As shown in the report of Dr. Fronczak, there are five reasons why the alleged information in Item No. 20 is not confidential/secret. (Ex. 9, Fronczak Report at 75-79 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry).) The record material Dr. Fronczak relies on can be found in the following exhibits: Ex. 127, MILLER2823671-694, at -671; Ex. 128, US Patent No. 3,369,680; Ex. 129, US Patent No. 3,913,768; Ex. 130, US Patent No. 4,134,506; Ex. 93, US Patent No. 5,634,735; Ex. 131, 4/23/14 K. Miller at 377:17-379:22, 397-99, 444-45; Ex. 132, DX 299; Ex. 13, 5/7/14 G. Miller at 110:18-111:13, 181:9-184:4, 202:1-203:6, 207:2-20; Ex. 133, 3/25/14 Koch Depo. at 104:14-23, 112:22-114:14, 123:22-125:21, 135:16-20, 137:6-11, 181:10-20, 207:4-208:2; Ex. 134, DX 282; Ex. 135, DX 300; Ex. 31, 10/29/12 Moody 30(b)(6) Depo. at

146:13-148:22. At the time Plaintiffs tried to license their bucket to Caterpillar, recessed-pin buckets were common in the industry, and Caterpillar already employed that feature in some of its products. (Ex. 133, 3/25/14 Koch Depo. at 49:6-50:11, 65:2-67:19, 105:9-107:8.)

***Response*** As shown in the report of Dr. Fronczak, there are five reasons why the alleged information in Item No. 21 is not confidential/secret. (Ex. 9, Fronczak Report at 75-79 (reasons include revealed in ***patents***, readily discernible in a product ***on the market***, and ***widely known*** and/or publicized in the industry); *see* SOUF-TS 40 *supra*.)

ler



**SOUF-TS 44:** With respect to Group Three, Plaintiffs no longer assert the following are trade secrets/confidential information (Ex. 57, 1/7/15 Barker letter to Baker; Ex. 58, 3/20/14 Barker

email to Baker.  Plaintiffs' proffered experts have not contested that these were withdrawn:



[redacted]

## IV. CAUSATION AND DAMAGES

**SOUF-TS 46:** Mr. Dudney does not establish causation or damages on a trade-secret-by-trade-secret basis. Mr. Dudney calculates a total number of damages for trade secret misappropriation,

[9] [redacted]

without attempting to apportion damages for each trade secret. (Ex. 136, 4/9/15 Dudney Depo. at 91:8-92:1, 163:4-166:14.)

Date: May 18, 2015

Respectfully submitted,

*/s/* Gregory L. Baker

Gregory L. Baker (NDIL 288357)
Terry L. Sullivan (*admitted pro hac vice*)
Carey S. Busen (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 236-5304
(202) 861-1500 phone
(202) 861-1783 facsimile
rabrams@bakerlaw.com
gbaker@bakerlaw.com

John M. Touhy (NDIL 3128400)
Edward H. Williams (NDIL 6217053)
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL 60606-1901
(312) 416-6200 phone
(312) 416-6201 facsimile
jtouhy@ bakerlaw.com
ehwilliams@bakerlaw.com

*Attorneys for Defendant and Counterclaim-Plaintiff Caterpillar Inc.*

**CERTIFICATE OF SERVICE**

I, Tim Petre, hereby certify that on May 18, 2015, a true and correct, unredacted copy of the foregoing ***Statement of Undisputed Facts in Support of Motion of Caterpillar Inc. for Summary Judgment on Count Two (Trade Secret Misappropriation) of Plaintiffs' Second Amended Complaint*** was filed under seal with the Clerk of the Court and served via electronic mail upon the following counsel of record:

Reed S. Oslan
roslan@kirkland.com
Justin A. Barker
jbarker@kirkland.com
Inbal Hasbani
ihasbani@kirkland.com
Eric White
ewhite@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Tel: 312-862-2000
Fax: 312-862-2200

/s/ Timothy P. Petre
Timothy P. Petre