# BakerHostetler

Baker&Hostetler LLP

Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304

T 202.861.1500
F 202.861.1783
www.bakerlaw.com

Gregory L. Baker
direct dial: 202.861.1696
gbaker@bakerlaw.com

October 15, 2015

**VIA ECF AND HAND DELIVERY**

The Honorable Andrea R. Wood
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 1764
Chicago, IL 60604

Re: _Miller UK et al. v. Caterpillar Inc., No. 10-cv-3770 (N.D. Ill.)_

Dear Judge Wood:

The Court is in receipt of a letter from Reed Oslan, counsel for Plaintiffs, to which, unfortunately, Caterpillar must respond.

In a transparent attempt to influence the Court's decision on fully-briefed motions regarding Miller UK's non-performance under the Supply Agreement, Mr. Oslan uses the Court's comments at the October 13 hearing about trial time budgets to make representations about Caterpillar's Top 200 exhibits. He points out that Caterpillar intends to use documents showing Miller UK failed to perform its obligations under the contract Plaintiffs have sued on. He claims that such evidence is "entirely irrelevant," and insinuates that much time could be saved at trial by accepting Plaintiffs' position.

Mr. Oslan's letter is inappropriate for at least two reasons. _First_, it is a thinly-disguised attempt to make additional argument on fully-briefed motions. For the reasons already stated in Caterpillar's briefs, it would be reversible error to preclude Caterpillar from presenting evidence to the jury that Miller UK failed to perform its obligations under the Supply Agreement. Performance of the Supply Agreement is a central element of Plaintiffs' breach of contract claim. Eliminating Caterpillar's presentation of contrary evidence to "save time" would violate Caterpillar's right to due process. Such evidence also clearly goes to Plaintiffs' demand for exemplary damages on their trade secret claim, which is based upon the notion that Caterpillar had no legitimate business reason to develop its own coupler product and end the Supply Agreement.

_Second,_ Mr. Oslan does not explain how "the Court's _allocation_ of time" (emphasis added) would be impacted. Therefore, his letter appears designed only to encourage the Court to shorten the trial by precluding Caterpillar from establishing Miller UK's non-performance.

Atlanta    Chicago    Cincinnati    Cleveland    Columbus    Costa Mesa    Denver
Houston    Los Angeles    New York    Orlando    Philadelphia    Seattle    Washington, DC

The Honorable Andrea R. Wood
October 15, 2015
Page 2

Caterpillar requests that the Court disregard Mr. Oslan's letter.

Sincerely,

/s/ Gregory L. Baker

Gregory L. Baker