# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>        Plaintiffs,<br><br>    v.<br><br>**CATERPILLAR INC.,**<br><br>        Defendant.<br><br>**CATERPILLAR INC.,**<br><br>        Counterclaim–Plaintiff,<br><br>    v.<br><br>**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>        Counterclaim–Defendants. | **Civil Action No. 10-cv-3770**<br><br>**Honorable Andrea R. Wood** |

**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.'s
MEMORANDUM IN RESPONSE TO SUBMISSION OF CATERPILLAR INC.
REGARDING LIVE TESTIMONY OF CERTAIN CATERPILLAR "WILL CALL"
WITNESSES IN PLAINTIFFS' CASE**

Caterpillar has now conceded that this Court has the authority to require Caterpillar to make available to Miller witnesses that it will bring to trial to testify live in its case. *Eolas Techs., Inc. v. Microsoft Corp.*, 270 F. Supp. 2d 997 (N.D. Ill. 2003) (granting plaintiff's motion *in limine* requiring defendant to make "available to testify during Plaintiffs' case-in-chief" any employee that defendant was bringing to trial to testify); Dkt. 875 (Submission of Caterpillar Inc. Regarding Live Testimony of Certain Caterpillar "Will Call" Witnesses In Plaintiffs' Case) at 3–4. Consistent with this concession, Miller will call Mr. Oswald and Mr. Robl live during its case.[1] Miller will not call Mr. Stefek live during its case but reserves the right to utilize admissions by Mr. Stefek pursuant to Fed. R. Evid. 801(d)(2)(D). Regarding Mr. Meng, Miller is undecided on whether it will call him during its case and will provide reasonable notice to Caterpillar and the Court when a decision has been made.

But Caterpillar now attempts to use its concession as a means of dictating to Miller how it presents its case, attempting to prevent Miller from utilizing excerpts from the depositions of these witnesses at trial. Caterpillar cites no support for this position, and the position is contrary to law. Consistent with the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Miller plans to offer certain deposition designations of these witnesses at trial during its case-in-chief. Specifically, Miller intends to offer portions of 30(b)(6) depositions given by these witnesses and portions of depositions that qualify as non-hearsay admissions. Fed. R. Evid. 801(d)(2)(D). Miller has no intention of burdening the Court with substantial amounts of repetitive testimony. The deposition excerpts will be limited to significant admissions from

---

[1] Miller will provide Caterpillar with reasonable notice of when these witnesses will be called. At this time, Miller anticipates calling Mr. Oswald and Mr. Robl no earlier than late in the week of November 2nd, or early the week of November 9th.

30(b)(6) and individual depositions of these witnesses. As discussed below, Miller is entitled to offer such admissions from depositions at trial under Federal Rules.

*First*, Mr. Oswald and Mr. Robl were both deposed as 30(b)(6) designees of Caterpillar. Statements in these depositions are both non-hearsay admissions by Caterpillar and are expressly allowed to be used "for any purpose" regardless of the availability of the witness. Fed. R. Evid. 801(d)(2); Fed. R. Civ. P. 32(a)(3) ("An adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's . . . designee under Rule 30(b)(6) or 31(a)(4)."). The Rules thus allow Miller to present statements from these depositions to the jury notwithstanding that Mr. Oswald and Mr. Robl are available to testify live.

*Second*, Miller plans to play portions of the individual deposition of Mr. Stefek. Each of these excerpts qualifies as a non-hearsay admission because they concern matters within the scope of Mr. Stefek's employment with Caterpillar and were made while Mr. Stefek was employed by Caterpillar. Fed. R. Evid. 801(d)(2)(D). Courts overwhelmingly recognize that non-hearsay statements within a deposition may be introduced at trial regardless of the availability of the declarant. In *Aircraft Gear Corp. v. Kaman Aerospace Corp.*, No. 93 C 1220, 1996 WL 65990 (N.D. Ill. Feb. 12, 1996), the defendant made an argument identical to the one Caterpillar advances, asserting that the plaintiff could not present deposition testimony that qualified as admissions under 801(d)(2) because the witnesses "will be available to testify at trial." *Id*. at *1. The court rejected this argument, dismissing it as "plainly wrong" because "once an item of evidence qualifies as nonhearsay under Evidence Rule 801(d) its admissibility is governed by the broad-brush statement in Evidence Rule 402 that, subject to specified exceptions: All relevant evidence is admissible." *Id*. at *1. Other courts have similarly ruled that portions of depositions that are not hearsay may be played at trial, regardless of whether the

deponent is available to testify live at trial. *In re Hayes Lemmerz Int'l, Inc.*, 340 B.R. 461, 468-69 (Bankr. D. Del. 2006) ("The Court concludes that Rule 32 is not the exclusive means by which depositions can be admitted and that Rule 801(d)(2)(D) is an independent basis for admissibility."); *Stanphill v. Health Care Serv. Corp.*, No. CIV-06-985-BA, 2008 WL 3927468, at *3 (W.D. Okla. Aug. 20, 2008) ("Thus if [the deponents] were 'servants' of the Defendant when deposed and were addressing matters within the scope of their employment, the depositions testimony would not be considered 'hearsay.' And, under Fed. R. Civ. P. 32(a)(2), the deposition testimony would be admissible regardless of whether the deponents were available.").

Contrary to Caterpillar's position, the Rules allow Miller to use admissions from the depositions of these witnesses, even though Caterpillar now concedes to make them available to Miller. Caterpillar's improper manipulation of its employees' availability in an effort to hamstring Miller's presentation of its case should, accordingly, be disregarded by this Court.

Submitted: October 23, 2015

*/s/* Reed S. Oslan
Reed S. Oslan (IL 6203342)
roslan@kirkland.com
Michael P. Foradas (IL 6180229)
mforadas@kirkland.com
Justin A. Barker (IL 6274518)
jbarker@kirkland.com
Inbal Hasbani (IL 6303480)
inbal.hasbani@kirkland.com
Stacy Pepper (IL 6306726)
stacy.pepper@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Tel: 312-862-2000
Fax: 312-862-2200

*Attorneys for Plaintiffs Miller UK Ltd. and Miller International Ltd.*

## CERTIFICATE OF SERVICE

This is to certify that, on October 23, 2015, a true and correct copy of **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.'s MEMORANDUM IN RESPONSE TO SUBMISSION OF CATERPILLAR INC. REGARDING LIVE TESTIMONY OF CERTAIN CATERPILLAR "WILL CALL" WITNESSES IN PLAINTIFFS' CASE** was served on all parties having made appearances in this matter via the Court's ECF Notification System.

/s/ Reed S. Oslan
*An attorney for Plaintiffs Miller UK Ltd. and Miller International Ltd.*