**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>Plaintiffs,<br><br>v.<br><br>**CATERPILLAR INC.,**<br><br>Defendant. | **Case No. 10-cv-03770**<br><br>**Judge Andrea R. Wood** |
| **CATERPILLAR INC.,**<br><br>Counter–Plaintiff,<br><br>v.<br><br>**MILLER UK LTD. AND MILLER INTERNATIONAL LTD.,**<br><br>Counter–Defendants. | |

**FILED**

DEC 18 2015

JUDGE ANDREA WOOD
U.S. DISTRICT COURT

<u>**JURY INSTRUCTIONS**</u>

## FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all of the evidence and soon will hear the closing arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case all of the parties are corporations. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

## EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations. A stipulation is an agreement between both sides that certain facts are true.

## STIPULATIONS OF FACT

The parties have stipulated, or agreed, as follows:

Caterpillar visited Miller's manufacturing facility in New Castle, UK on February 19, 2014, to film certain aspects of Miller's coupler manufacturing process. The video that Caterpillar played for demonstrative purposes (CTX 203.1) includes portions of the fabrication process as chosen by Caterpillar. CTX 203.2 and 203.3 are still shots selected by Caterpillar, taken from the video, and entered into evidence.

You must now treat these facts as having been proved for the purpose of this case.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of deposition transcripts and the playing of videos. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

## NOTE TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

## PRIOR INCONSISTENT STATEMENTS

You may consider statements given by one of the parties or a witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## EXPERT WITNESSES

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## SUMMARY

The summary titled "Certain Miller Claimed Trade Secrets" is in evidence. It is up to you to decide if the summary is accurate.

## DEMONSTRATIVE EXHIBITS

You will recall that certain exhibits, including models, diagrams, devices, videos, and sketches, have been shown to you "for demonstrative purposes only." Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any fact.

## REDACTIONS

You have seen exhibits during trial and will receive exhibits for your deliberations that contain redactions or in which portions of the documents have been blacked out. You should not speculate as to the reasons for the redactions or how the exhibit would appear without the redactions. Information that has been redacted from exhibits is not evidence in this case and therefore cannot be considered.

## DISMISSED/WITHDRAWN PARTY

Miller International is no longer a party in this case. Do not speculate on the reasons. You should decide this case as to the remaining parties, Miller UK and Caterpillar.

## CLAIMS OF EACH PARTY—GENERAL

Miller UK (Miller) has asserted two claims against Caterpillar. Miller claims that Caterpillar breached the 1999 Supply Agreement and that Caterpillar misappropriated Miller's trade secrets.

Caterpillar denies Miller's claims and asserts affirmative defenses about which I will instruct you in a few moments.

Caterpillar has asserted five counterclaims against Miller. Caterpillar claims that Miller engaged in false advertising in violation of the Lanham Act, that Miller violated the Illinois Deceptive Trade Practices Act, that Miller violated the Illinois Consumer Fraud Act, that Miller defamed Caterpillar, and that Miller engaged in commercial disparagement.

Miller denies Caterpillar's claims and asserts an affirmative defense about which I will instruct you shortly.

You will be instructed as to each element of each of the claims, counterclaims, and defenses. You must consider each claim and defense separately.

## NO LIABILITY—NO DAMAGES

If you decide for Caterpillar on the question of liability for either of Miller's claims, then you should not consider the question of damages for that claim.

Likewise, if you decide for Miller on the question of liability for any of Caterpillar's counterclaims, you should not consider the question of damages for that claim.

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

## MILLER'S CLAIMS—BREACH OF CONTRACT—ELEMENTS

Miller claims that it is entitled to recover contract damages from Caterpillar for breach of contract. Miller has the burden of proving:

(1)     The existence of a contract between Miller and Caterpillar;

(2)     Performance by Miller;

(3)     Caterpillar's failure to perform its obligations under the contract; and

(4)     Resulting damage to Miller.

The existence of the contract at issue, i.e., the 1999 Supply Agreement, is not in dispute.

In addition, because Miller is seeking to enforce a confidentiality agreement, Miller must prove that:

(5)     The information at issue is actually confidential; and

(6)     Miller made reasonable efforts to keep it confidential.

If you find from your consideration of all the evidence that one of more of these elements has not been proven, you must find in favor of Caterpillar on this claim.

If you find that Miller has proved each of the above elements, then you must consider Caterpillar's affirmative defenses. Caterpillar claims and has the burden of proving the following affirmative defenses: license, waiver, estoppel, and failure to mitigate.

If you find from your consideration of all the evidence that Miller has proven all the elements of its case and Caterpillar has not proven any of its affirmative defenses, you must find in favor of Miller, and consider the amount of damages to be awarded. If Caterpillar proves one of its affirmative defenses, then it is relieved of its obligations under the contract and you must find in favor of Caterpillar.

**MILLER'S CLAIMS—BREACH OF CONTRACT—FORMATION AND VALIDITY OF ORAL CONTRACTS**

Miller has asserted the existence of one or more oral contracts. An oral contract is as valid and enforceable as a written contract. To prove the existence of an oral contract between Miller and Caterpillar, Miller has the burden of proving each of the following propositions.

First, Miller made an offer to Caterpillar. An "offer" is a communication of a willingness to enter into a contract. The communication must satisfy four conditions:

1. The communication must have included a definite promise by the person making the communication, showing a willingness to make an agreement;

2. The important and necessary terms must be definite;

3. The terms must be communicated by words or conduct to the other party; and

4. The communication must give the other party the power to agree to its terms.

Second, Caterpillar accepted the offer made by Miller. "Acceptance" of an offer is a communication of agreement to the terms of the offer. For the acceptance to be valid:

1. Caterpillar must agree to all of the material terms in the offer; and

2. Caterpillar must have communicated agreement to Miller by writing, spoken words, actions, or any other conduct that would indicate agreement to a reasonable person.

Third, the agreement included an exchange of promises or value, which is known as consideration. There is sufficient consideration if Miller proves that something of value was bargained for by the parties and given by one party in exchange for the other's promise. "Something of value" may consist of a promise, an act, a promise to act or not act, or any payment that was of benefit to one party or a disadvantage to the other.

## MILLER'S CLAIMS—BREACH OF CONTRACT—OTHER AGREEMENTS BETWEEN THE PARTIES

You have seen evidence and heard testimony regarding several agreements between Caterpillar and Miller over the course of their relationship. The most recent agreement was the 1999 Supply Agreement, which was effective on March 31, 1999. That agreement governed the parties' relationship from March 31, 1999 forward. Among other things, the confidentiality provisions of the March 1999 Supply Agreement governed the parties' obligations with respect to any Proprietary Information that the parties shared after March 31, 1999.

You have heard evidence of certain contracts into which the parties entered prior to entering into the March 1999 Supply Agreement. There has been no claim in this case that either party breached those contracts or any confidentiality agreements in those contracts. You may consider contracts from before 1999 for the purposes of determining whether Miller shared the information at issue in this case either without expecting or without being assured that Caterpillar would treat that information as confidential and to assess the parties' state of mind at the time.

## MILLER'S CLAIMS—BREACH OF CONTRACT—
## CERTAIN AGREEMENTS WITH THIRD PARTIES

You have heard testimony in this case from Miller regarding: (1) a written settlement agreement with an entity named JB Sales; and (2) a written contract with RCID.

It is up to you to decide whether either of these written agreements existed and, if so, what you believe the evidence supports their terms to be.

## MILLER'S CLAIMS-- BREACH OF CONTRACT—
## RECOVERY OF DAMAGES

You must decide whether Miller sustained damages as a result of Caterpillar's breach of the contract. To recover on its breach of contract claim, Miller must prove that because of Caterpillar's failure to perform the contract, it has been damaged.

## MILLER'S CLAIMS—BREACH OF CONTRACT — AMOUNT OF DAMAGES

If you find in favor of Miller on its claim for breach of contract, you must then decide how much money, if any, would fairly compensate Miller for Caterpillar's breach of contract. Miller has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Caterpillar's breach.

In calculating Miller's damages for breach of contract, you should determine that sum of money that will put Miller in as good a position as it would have been in if Miller and Caterpillar had performed all of their promises under the contract. Miller seeks an award of direct damages for its lost profits. "Direct damages" are the amount of gain Miller would have received if both parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits Miller did not receive because of Caterpillar's breach and then subtracting from that value whatever expenses Miller saved because of the breach.

## MILLER'S CLAIMS—MISAPPROPRIATION OF TRADE SECRETS

Now I will instruct you on Miller's claim for trade secret misappropriation.

Miller claims that Caterpillar misappropriated its trade secrets in violation of the Illinois Trade Secrets Act. Miller has the burden of proving:

    (1)    That it owned the information at issue;

    (2)    That the information at issue was a trade secret;

    (3)    That the information at issue was misappropriated by Caterpillar; and

    (4)    That the information was used by Caterpillar in its business.

If you find that Miller has proved each of the above elements, then you must consider Caterpillar's affirmative defenses. Caterpillar claims and has the burden of proving the following affirmative defenses: license, waiver, estoppel, and failure to mitigate.

## MILLER'S CLAIMS—MISAPPROPRIATION OF TRADE SECRETS—"TRADE SECRET" DEFINED

A trade secret is information, including but not limited to, technical or non-technical data, a formula, pattern, compilation, program, device, method, technique, drawing, process, financial data, or list of actual or potential customers or suppliers that (1) is sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy or confidentiality.

## MILLER'S CLAIMS—MISAPPROPRIATION OF TRADE SECRETS— COMBINATION

A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process, design and operation of which, in unique combination, affords a competitive advantage and is a protectable secret.

## MILLER'S CLAIMS—MISAPPROPRIATION OF TRADE SECRETS—
### "MISAPPROPRIATION" DEFINED

If you find that Miller possesses valid trade secrets, you must determine whether Caterpillar misappropriated any of them.

"Misappropriation" means disclosure or use of a trade secret of a person without express or implied consent by another person who at the time of disclosure or use, knew or had reason to know that knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

## MILLER'S CLAIMS—MISAPPROPRIATION OF TRADE SECRETS—DAMAGES

If you find that Caterpillar misappropriated Miller's trade secrets, then you must decide whether Miller is entitled to damages on its claim for misappropriation of trade secrets.

Miller has the burden of proving whether Caterpillar caused the damage that Miller is claiming.

Miller's damages can include both the actual loss caused by Caterpillar's misappropriation and the unjust enrichment to Caterpillar caused by its misappropriation to the extent it is not taken into account in calculating Miller's actual loss.

If you find that Caterpillar misappropriated Miller's trade secrets and you find that Miller proves neither actual-loss damages nor unjust enrichment by a preponderance of the evidence, you may award damages caused by misappropriation measured in terms of a reasonable royalty.

## MILLER'S CLAIMS—MISAPPROPRIATION OF TRADE SECRETS—EXEMPLARY DAMAGES

You may award Miller exemplary damages only if Miller demonstrates that Caterpillar's acts giving rise to liability for misappropriation of trade secrets were willful and malicious.

Caterpillar's acts were willful and malicious if Caterpillar either intentionally misappropriated Miller's trade secrets or if Caterpillar's misappropriation resulted from Caterpillar's conscious disregard of Miller's rights.

The purpose of exemplary damages is to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future.

You may award Miller an amount of exemplary damages up to two times the amount of the compensatory damages you award Miller.

## MILLER'S CLAIMS—MISAPPROPRIATION OF TRADE SECRETS—CORPORATE LIABILITY

Caterpillar is a corporation and can act only through its officers and employees. As to Miller's claim for compensatory damages against Caterpillar, any act or omission of an officer or employee within the scope of his employment is the act or omission of the defendant corporation. A different rule applies to Miller's claim against Caterpillar for exemplary damages.

Exemplary damages may be awarded against Caterpillar only (1) if you find in favor of Miller and against Caterpillar on Miller's claim for misappropriation of trade secrets, and (2) if you find that, as to the act(s) or omission(s) giving rise to liability on Miller's claim for misappropriation of trade secrets, one or more of the following conditions are proved:

(a)     Caterpillar, through its management, authorized the doing and the manner of the act or omission; or

(b)     The employee responsible for the act or omission was unfit, and Caterpillar was reckless in employing him; or

(c)      The act or omission was that of a managerial employee who was acting in the scope of his employment; or

(d)     Caterpillar, through its management or a managerial employee, ratified or approved the act or omission.

## CATERPILLAR'S AFFIRMATIVE DEFENSES

Caterpillar has raised certain affirmative defenses to Miller's claims. Caterpillar has the burden to prove its affirmative defenses.

With respect to Miller's claims for breach of contract and misappropriation of trade secrets, Caterpillar has raised the affirmative defenses of license, waiver, estoppel, and failure to mitigate damages.

Caterpillar has the burden of proving each of its affirmative defenses by a preponderance of the evidence, with the exception of estoppel. Caterpillar must prove estoppel by clear and convincing evidence.

## CATERPILLAR'S AFFIRMATIVE DEFENSES—LICENSE

A license is permission to use material in a particular manner. Caterpillar asserts that it had a license for the use of Miller's confidential, proprietary, or trade secret information.

In order to prove license, Caterpillar must prove:

> (1) that Miller gave Caterpillar permission to use Miller's confidential, proprietary, or trade secret information; and

> (2) that this license was in effect at the time of Caterpillar's use.

**CATERPILLAR'S AFFIRMATIVE DEFENSES—WAIVER**

Waiver is either an express or implied intentional relinquishment of a known and existing right.

To prove that Miller expressly waived its right to enforce the breach of contract or misappropriation of trade secrets, Caterpillar must show an affirmative statement by Miller waiving those rights.

In order to prove that Miller impliedly waived its right to enforce the breach of contract or the misappropriation of trade secrets, Caterpillar must show Miller's implied waiver was clear, decisive, and unequivocal. An implied waiver may arise when conduct of the person against whom waiver is asserted is inconsistent with any other intention than to waive it. Implied waiver can arise where (1) an unexpressed intention to waive can be clearly inferred from the circumstances or (2) the conduct of the waiving party has misled the other party into a reasonable belief that a waiver has occurred.

## CATERPILLAR'S AFFIRMATIVE DEFENSES—ESTOPPEL

Estoppel is the general rule that where a person, by his or her statements or conduct, leads a party to do something that the party would not have done but for such statements or conduct, that person will not be allowed to deny his or her statements or conduct to the damage of the other party.

To succeed on this affirmative defense, Caterpillar must prove that:

(1)     Miller misrepresented and/or concealed material facts;

(2)     Miller knew at the time that its representations were untrue;

(3)     Caterpillar did not know the material facts concealed by Miller and/or did not know Miller's representations were untrue;

(4)     Miller intended or reasonably expected that Caterpillar would act upon the representation and/or omissions;

(5)     Caterpillar reasonably relied upon Miller's misrepresentations and/or omissions in good faith to its detriment; and

(6)     Caterpillar was prejudiced by its reliance.

Caterpillar has the burden of proving estoppel, unlike its other affirmative defenses, by clear and convincing evidence.

## CATERPILLAR'S AFFIRMATIVE DEFENSES—ESTOPPEL—"CLEAR AND CONVINCING EVIDENCE" DEFINED

When I say that Caterpillar must prove estoppel by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you are convinced that it is highly probable that it is true.

### CATERPILLAR'S AFFIRMATIVE DEFENSES—FAILURE TO MITIGATE

Caterpillar asserts the affirmative defense of failure to mitigate.

The law provides a party cannot recover damages it could have prevented by exercising reasonable care and diligence when it learned or should have learned of the breach or the misappropriation.

In this case, Caterpillar claims that, with reasonable efforts and ordinary care, Miller could have avoided some losses in whole or in part, even though Miller's losses originally resulted from Caterpillar's failure to keep its promise. If Caterpillar proves that Miller could have avoided its damages in whole or in part with reasonable efforts and ordinary care, you may not require Caterpillar to pay the amount Miller could reasonably have avoided and you must subtract any such amount from the amount of damages you have found.

## CATERPILLAR'S COUNTERCLAIMS

Caterpillar has filed five counterclaims against Miller. As to the issues raised by the counterclaims, the parties stand in the same relation to one another as do a plaintiff and a defendant. Therefore, the instructions given to you that apply to the plaintiff Miller and the defendant Caterpillar apply with the same effect to the counter-plaintiff Caterpillar and counter-defendant Miller, respectively.

## CATERPILLAR'S COUNTERCLAIMS—FALSE ADVERTISING—ELEMENTS

Caterpillar claims that Miller engaged in false advertising in violation of the Lanham Act.

To succeed on its claim, Caterpillar must prove five things:

(1) Miller made a false or misleading statement of fact in a commercial advertisement about the nature, quality, or characteristics of Caterpillar's products, services, or commercial activities. A statement is misleading if it conveys a false impression and actually misleads a consumer. A statement can be misleading even if it is literally true or ambiguous.

(2) The statement actually deceived or had the tendency to deceive a substantial segment of Miller's audience.

(3) The deception was likely to influence the purchasing decisions of consumers.

(4) Miller caused the false statement to enter interstate commerce. A false statement enters interstate commerce if Miller's products are transferred, advertised, or sold across state lines or if Caterpillar's products, services, or commercial activities are transferred, advertised, or sold across state lines and Miller's activities have a substantial effect on Caterpillar's business.

(5) Caterpillar has been or is likely to be injured as a result of the false statement. Injury includes a direct diversion of sales from Caterpillar to Miller or a loss of goodwill associated with its products.

If you find that Caterpillar has proved these things, then you must find for Caterpillar on this claim. If you find that Caterpillar has failed to prove these things, then you must find for Miller on this claim.

## CATERPILLAR'S COUNTERCLAIM—FALSE ADVERTISING—FALSE ADVERTISING STATEMENTS

The false advertising statements necessary to establish a violation of the Lanham Act can fall into one of two categories: (1) commercial claims that are literally false, or (2) claims that may be literally true or ambiguous, but which implicitly convey a false impression, are misleading in context, or are likely to deceive consumers.

## CATERPILLAR'S COUNTERCLAIM—FALSE ADVERTISING—ACTUAL DAMAGES

To recover damages for either type of statement, Caterpillar must prove two things:

(1)     Miller's false advertising caused actual confusion among consumers; and

(2)     As a result, Caterpillar sustained injury.

If you find that Caterpillar has proved these things, then you must consider what amount of money to award to Caterpillar as damages if any.

Among the types of damages you may consider are:

• Caterpillar's lost profits on lost sales, which consists of the revenue Caterpillar would have earned but for Miller's false advertising, less the expenses Caterpillar would have sustained in earning those revenues.

• Loss of goodwill. In determining loss of goodwill, you should compare the value of Caterpillar's goodwill before the false advertising with the value of Caterpillar's goodwill after the false advertising.

## CATERPILLAR'S COUNTERCLAIM—FALSE ADVERTISING—REMEDIES

If you decide for Caterpillar on the question of liability, then you should consider the amount of money to award to Caterpillar if any. This should include damages that Caterpillar sustained because of Miller's false advertising, and profits that Miller made because of its false advertising.

If you decide for Miller on the question of liability, then you should not consider this issue.

## CATERPILLAR'S COUNTERCLAIMS—FALSE ADVERTISING—MILLER'S PROFITS

In addition to Caterpillar's damages, Caterpillar may recover the profits Miller gained from the false advertising. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Miller received due to its false advertising.

Caterpillar is required only to prove Miller's gross revenue. Miller is required to prove any expenses that it argues should be deducted in determining its profits.

Caterpillar is entitled to recover Miller's total profits from its false advertising, unless Miller proves that a portion of the profit is due to factors other than false advertising.

## CATERPILLAR'S COUNTERCLAIMS—FALSE ADVERTISING—WILLFULNESS

If you find that Miller engaged in false advertising, you must also determine whether Caterpillar has proven that, at the time Miller engaged in the false advertising, Miller acted willfully. Miller acted willfully if it knew that its advertising was false or misleading or if it acted with indifference to whether its advertising was false or misleading.

## CATERPILLAR'S COUNTERCLAIMS—ILLINOIS DECEPTIVE TRADE PRACTICES ACT—ELEMENTS

Caterpillar claims that Miller violated an Illinois statute called the Illinois Uniform Deceptive Trade Practices Act ("Deceptive Trade Practices Act"). To succeed on its claim, Caterpillar must prove that Miller:

(1)     disparaged the goods, services, or business of Caterpillar by false or misleading representation of fact; or

(2)     engaged in any other conduct that similarly creates a likelihood of confusion or misunderstanding.

Caterpillar need not prove competition between the parties or actual confusion or misunderstanding.

Whether or not you find that Caterpillar has proven its claim for violation of the Deceptive Trade Practices Act, you should not consider the question of damages for this claim.

## CATERPILLAR'S COUNTERCLAIMS—ILLINOIS CONSUMER FRAUD ACT— ELEMENTS

Caterpillar alleges that Miller violated an Illinois statute called the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). The Consumer Fraud Act prohibits deceptive practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission.

To succeed on its claim, Caterpillar must prove that:

(1)     Miller engaged in an unfair or deceptive act or practice;

(2)     Miller intended that consumers of Caterpillar products rely on the unfair or deceptive act;

(3)     the unfair or deceptive act occurred in a course of conduct involving trade or commerce;

(4)     actual damage to Caterpillar; and

(5)     that such damages were proximately caused by Miller's deception.

An omission or concealment of a material fact in the conduct of trade or commerce constitutes consumer fraud if it meets the foregoing test. A material fact exists where a buyer would have acted differently knowing the information, or if it concerned the type of information upon which a buyer would be expected to rely in making a decision whether to purchase.

"Actual damages" are calculable and measured by Caterpillar's pecuniary loss.

If you find that Caterpillar has proved these things, then you must find for Caterpillar on this claim. If you find that Caterpillar has failed to prove these things, then you must find for Miller on this claim.

## CATERPILLAR'S COUNTERCLAIM—ILLINOIS CONSUMER FRAUD ACT—
## "CONSUMER" DEFINED

The Consumer Fraud Act defines the term "consumer" as any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household.

**CATERPILLAR'S COUNTERCLAIMS—ILLINOIS CONSUMER FRAUD ACT—
DAMAGES**

If you decide for Miller on the question of liability, then you should consider the amount of money to award to Caterpillar if any. This should include actual damages that Caterpillar sustained because of Miller's conduct, and may include lost profits, harm to brand or reputation, and costs of remedial measures.

## CATERPILLAR'S COUNTERCLAIMS —ILLINOIS CONSUMER FRAUD ACT— PUNITIVE DAMAGES

If you find for Caterpillar on its claim under the Consumer Fraud Act and if you find that Miller's conduct was willful and wanton and caused damage to Caterpillar, and if you believe that justice and the public good require it, you may, in addition to any other damages to which you find Caterpillar entitled, award an amount which will serve to punish Miller and to deter Miller and others from similar conduct.

## CATERPILLAR'S COUNTERCLAIMS—ILLINOIS CONSUMER FRAUD ACT—
### "WILLFUL AND WANTON" DEFINED

When I use the expression "willful and wanton conduct," I mean a course of action which shows an utter indifference to or conscious disregard for the rights of another.

## CATERPILLAR'S COUNTERCLAIMS—DEFAMATION—ELEMENTS

Caterpillar claims that Miller made defamatory statements about Caterpillar in the January 2011 package. To prevail on its claim, Caterpillar must prove that:

> (1) Miller's statements referred to Caterpillar;

> (2) Miller's statements represent that Caterpillar lacks ability in its business;

> (3) Miller's statements were false; and

> (4) Miller knew that its statements were false; or recklessly disregarded whether its statements were false; or intended to injure Caterpillar; or recklessly disregarded Caterpillar's rights and of the consequences that may result to it.

By "recklessly disregarded" I mean that Miller failed to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties. "Reckless disregard" includes making a statement despite a high degree of awareness of probable falsity or entertaining serious doubts as to its truth.

58

## CATERPILLAR'S COUNTERCLAIMS—DEFAMATION—PRESUMED DAMAGES

If you find that Caterpillar has established its defamation claim, the law presumes that Miller's statements about Caterpillar caused injury to its reputation and allows Caterpillar to recover general damages for these statements without showing any particular evidence of harm to its reputation or any specific economic injury. This is called the doctrine of presumed damages.

Presumed damages should be a reasonable estimate, however rough, of the probable extent of actual damage Caterpillar's reputation has suffered and may suffer in the future as a proximate result of the defamatory statements, even though this damage may not be quantifiable from a monetary standpoint in terms of any sales or advantageous relationships lost.

## CATERPILLAR'S COUNTERCLAIMS—DEFAMATION—PUNITIVE DAMAGES

If you find that Caterpillar has established its defamation claim, then you may also award Caterpillar punitive damages in addition to presumed damages. Punitive damages are designed to punish Miller and serve as an example to others. Whether or not to award such damages and the amount of such damages are entirely within your discretion.

## CATERPILLAR'S COUNTERCLAIMS—COMMERCIAL DISPARAGEMENT—ELEMENTS

Caterpillar claims that Miller engaged in commercial disparagement by making false and demeaning statements about the quality of Caterpillar's goods or services in its January 2011 package.

To prevail on its claim, Caterpillar must prove that:

(1)     Miller made false and demeaning statements regarding the quality of Caterpillar's goods or services; and

(2)     Miller knew that its statements were false; or recklessly disregarded whether its statements were false; or intended to injure Caterpillar; or recklessly disregarded Caterpillar's rights and of the consequences that may result to it.

By "recklessly disregarded" I mean that Miller failed to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties. "Reckless disregard" includes making a statement despite a high degree of awareness of probable falsity or entertaining serious doubts as to its truth.

## CATERPILLAR'S COUNTERCLAIMS—COMMERCIAL DISPARAGEMENT— PRESUMED DAMAGES

If you find that Caterpillar has established its claim for commercial disparagement, the law presumes that Miller's statements about Caterpillar caused injury to its reputation and allows Caterpillar to recover general damages for these statements without showing any particular evidence of harm to its reputation or any specific economic injury. This is called the doctrine of presumed damages.

Presumed damages should be a reasonable estimate, however rough, of the probable extent of actual damage Caterpillar's reputation has suffered and may suffer in the future as a proximate result of the defamatory statements, even though this damage may not be quantifiable from a monetary standpoint in terms of any sales or advantageous relationships lost.

## CATERPILLAR'S COUNTERCLAIMS—COMMERCIAL DISPARAGEMENT—
## PUNITIVE DAMAGES

If you find that Caterpillar has established its claim for commercial disparagement, then you may also award Caterpillar punitive damages in addition to presumed damages. Punitive damages are designed to punish Miller and serve as an example to others. Whether or not to award such damages and the amount of such damages are entirely within your discretion.

## MILLER'S AFFIRMATIVE DEFENSE

Miller has raised an affirmative defense of substantial truth to Caterpillar's counterclaims of defamation and commercial disparagement. Miller has the burden to prove its affirmative defense.

## MILLER'S AFFIRMATIVE DEFENSE—SUBSTANTIAL TRUTH—ELEMENTS

To prevail on its counterclaims for (1) commercial disparagement under common law; and (2) defamation, Caterpillar must prove that Miller's statements in its January 2011 package were false.

Miller, in response to these counterclaims, has raised an affirmative defense of substantial truth, which means that the 'gist' or the 'sting' of the content at issue is true, even if, for example, Caterpillar has demonstrated that an inoffensive detail of Miller's statements in its January 2011 package either were technically false in some way or were not literally true. Whether Miller has established that the 'gist' or the 'sting' of its statements in its January 2011 package were true is a question of fact for you to determine. If you find that Miller has established that the 'gist' or the 'sting' of its statements in its January 2011 package were true, then you may not find Miller liable for (1) commercial disparagement under common law; and (2) defamation.

## SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror, also known as a foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take the form to the jury room, and when you have reached unanimous agreement on the verdict, you will fill in, date, and sign the appropriate form.

## VERDICT FORM – DAMAGES

You must give full and separate consideration to each of the claims and counterclaims in this case, including the damages to be awarded for each claim or counterclaim.

For each claim or counterclaim for which you determine damages are warranted, you should award the full amount of damages necessary to compensate or, in the case of exemplary and punitive damages, to punish for that particular claim. For claims or counterclaims that you conclude are based on the same injury or conduct, you may enter the same number for damages.

You heard evidence regarding prejudgment interest during the trial. When considering damages, you should not include prejudgment interest. That is a matter for the Court to decide at a later time.

## COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the fact.